IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Stephanie L. Ford / PRO-SE

                PLAINTIFFS,

      V.

Unum LIFE INSURANCE
Company of AMERICA

           DEFENDANT,

CIVIL ACTION NO.
05-118

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2005 MAR -4 PM 1:06

# NOTICE OF FILING OF EXHIBITS

*Stephanie L. Ford*
3/4/05

Form 191
(Rev. 3/99)

# The Court of Common PLEAS of the State of Delaware

In and For ☑ New Castle ☐ Kent ☐ Sussex County

MOTION FOR _TRANSFER TO U.S. DISTRICT COURT_

| Petitioner | Respondent | |
|---|---|---|
| Name Stephanie L. Ford | Name UNUM LIFE INSURANCE of AMERICA | File No. |
| Address 19 Albany Ave | Address 1209 ORANGE STREET | |
| City New Castle State De Zip 19720 | City WILMINGTON, DE State Zip 19801 | CPI No. |
| Social Security # 222-56-593 DOB 2/16/62 | Social Security # DOB | |
| Attorney | Attorney | |

A PROCEEDING involving _ERISA_ having been filed heretofore in this Court, Movant hereby moves the Court for _TRANFER TO U.S. DISTRICT COURT_ and, in support thereof, alleges the following facts:

_CASE FILED IN WRONG COURT._

SWORN TO AND SUBSCRIBED
before me this date,

_March 4, 2005_

_Alice M. Slaughter_
Notary Public

_Stephanie L. Ford_

X _Stephanie L. Ford_
Movant/Attorney

_____
Address (if not stated above)

I, the movant, affirm that a true and correct copy of this Motion was placed in the U. S. Mail on this date, _____, and sent to the other party or attorney at the address listed on the petition, being _____, first class postage pre-paid.

SWORN TO AND SUBSCRIBED
before me this date,

Notary Public                          Movant/Attorney

Form 193
(Rev. 3/99)

The *Court of Common* PLEAS of the State of Delaware

In and For ☐ New Castle ☐ Kent ☐ Sussex County

STEPHANIE L. FORD,                )       File No.:      2004-12-201
_____           )
         Petitioner               )
           v.                     )       Petition No.:  _____
                                  )
UNUM LIFE INSURANCE               )
OF AMERICA  Respondent            )
                                  )
                                  )

## O R D E R

Having considered the request of the movant, _____ _____ _____,

**IT IS SO ORDERED**, this date: _____,

That

_____
Judge/Commissioner

cc:

Form 192
(Rev. 3/99)

# The Court of Common Pleas of the State of Delaware

In and For ☐ New Castle ☐ Kent ☐ Sussex County

Stephanie L. Ford
_____ )
Petitioner )

v. )
UNUM LIFE INSURANCE )
OF AMERICA )
_____ )
Respondent )
)
)

File No.: 2004-12-201

Petition No.: _____

## NOTICE OF MOTION

TO:

UNUM LIFE INSURANCE
OF AMERICA
1209 ORANGE STREET
WILMINGTON, DELAWARE 19801

PLEASE TAKE NOTICE that the attached Motion to transfer from CCP to United States District Court is herewith presented to the Court for consideration. If you are opposed to this motion, you must file a written response with the Court within ten (10) days of the service of this motion. If no response is timely filed, the motion may be decided without further opportunity for you to be heard on the matter. Family Court Rules, Rule 7(b)(2).

Dated: 3/4/05

X Stephanie L. Ford
_____
Petitioner/Attorney

Name and Address of Petitioner/Attorney

Name
Stephanie L. Ford
Address
19 Albany Ave
City             State        Zip
New Castle  De      19720
SS#                    DOB
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    2/16/62

| REPORTABLE PROPERTY DAMAGE ☑ | NON-REPORTABLE ☐ | | | | |
|---|---|---|---|---|---|
| PERSONAL INJURY ☐ | LATE REPORT ☐ | **STATE OF DELAWARE** | | | |
| FATALITY ☐ | HAZ/MAT. ☐ | **UNIFORM TRAFFIC** | DSP/06 | | |
| | COMM. VEH. ☐ | **COLLISION REPORT** | TROOP/DEPARTMENT | | |

| 3. MON.-DATE-YEAR | 4. DAY | 5. TIME OCCURRED | 6. NOTIFIED | 7. ARRIVED | 8. GRID NO. | 9. SECTOR | 12. LIGHT CONDITION |
|---|---|---|---|---|---|---|---|
| 10 / 27 / 03 | MO | 1748 | 1800 | 1806 | 088 / 552 | C02 | 20 |

10. NUMBER & NAME OF STREET OR HIGHWAY - CTY. RTE. NO. - INTERSECTING WITH STREET OR ROAD - CTY. RTE. NO.
W/B DE 4, WEST NEWPORT PK, CR 336-1

| 13. WEATHER CONDITION | 73 |
|---|---|

NON. INTSECT. 70 FEET☐ MILES☒ N E☐ S☒ W☐ OF: GLEN BERNE DR, #1323-113140

| 14. SURFACE CONDITION | 27 |
|---|---|

| 15. PRIM. CONTRIB. CIRCUM. | 16. | | 17. | 15. TRAFFIC CONTROL | FUNCT. PROPER |
|---|---|---|---|---|---|
| 3 | | | | 35 | 1 |

6. SPEED TOO FAST · 11. DISREGARD TRAFFIC SIGNAL · 14. FOLLOWING TOO CLOSE · 17. MECH. DEFECT
10. FAIL TO YIELD ROW · 12. DROVE LEFT OF CENTER · 15. MADE IMPROPER TURN
10. PASSED STOP SIGN · 13. IMPROPER PASSING · 16. DRIVING UNDER INFLUENCE

| 17. COLLISION INVOLVED | 18. ON RDWY. | 19. EMERG. RESPON. | 20. | | IN: | 21. CTY. | 22. CODE | 23. MILE POINT |
|---|---|---|---|---|---|---|---|---|
| 37 | 1 | 2 | 4 MILES | N☐ S☐ W☒ E☐ X | OF: STANTON | N | | |

| 24. NAME LAST | FIRST | M.I. | | 24. NAME LAST | FIRST | M.I. |
|---|---|---|---|---|---|---|
| NO. 1 FORD | STEPHANIE | L | NO. 2 UNK | | | |

| 25. STREET ADDRESS | 25. STREET ADDRESS |
|---|---|
| 19 ALBANY AVE | UNK |

| 26. CITY | 27. STATE | 28. ZIP | 29. PHONE | 26. CITY | 27. STATE | 28. ZIP | 29. PHONE |
|---|---|---|---|---|---|---|---|
| NEW CASTLE | DE | 19720 | UNK | UNK | UNK | UNK | UNK |

| 30. DRIVERS LICENSE NO. | 31. STATE | 32. DOB | 33. AGE | 34. SEX | 30. DRIVERS LICENSE NO. | 31. STATE | 32. DOB | 33. AGE | 34. SEX |
|---|---|---|---|---|---|---|---|---|---|
| 870514 | DE | 03/14/62 | 41 | M☐ F☒ | UNK | UNK | UNK | UNK | M☐ F☐ |

| 35. SOBRIETY | 36. TESTED | 37. TYPE | RESULT 0. | TEST NUMBER | 35. SOBRIETY | 36. TESTED | 37. TYPE | RESULT 0. | TEST NUMBER |
|---|---|---|---|---|---|---|---|---|---|
| 48 | 2 | 4 | N/A | N/A | 3 | 2 | 4 | N/A | N/A |

| 38. VEHICLE YR. | 39. VEHICLE MAKE | 40. MODEL | 41. BODY STYLE | 38. VEHICLE YR. | 39. VEHICLE MAKE | 40. MODEL | 41. BODY STYLE |
|---|---|---|---|---|---|---|---|
| 2002 | TOYOTA | TUNDRA | 57 | 1994 | SUBARU | LEGACY | 50 |

| 42. REGISTRATION NO. | 43. STATE | 44. COLOR | 45. DAMAGE | 46. TRAILERS | 42. REGISTRATION NO. | 43. STATE | 44. COLOR | 45. DAMAGE | 46. TRAILERS |
|---|---|---|---|---|---|---|---|---|---|
| CL49247 | DE | SILVER | $1700.00 | (0) 1 2 3 | FJF3518 | PA | RED | UNK | 0 1 2 3 |

| 47. VEHICLE/TRACTOR OWNER: LAST | FIRST | M.I. | 47. VEHICLE/TRACTOR OWNER: LAST | FIRST | M.I. |
|---|---|---|---|---|---|
| SAME AS ABOVE | | | SANCHEZ-OLMOS, ISIDORO | | |

| 48. STREET | CITY | STATE | 48. STREET | CITY | STATE |
|---|---|---|---|---|---|
| SAME AS ABOVE | | | STATE ST PO BOX 134 | KENNETT SQUARE | |

| 49. INSURANCE COMPANY | NUMBER | 49. INSURANCE COMPANY | NUMBER |
|---|---|---|---|
| NATIONWIDE MUTUAL | 5207A958636 | UNK | |

| 50. CHARGE/SECTION NO. | 51. ARREST NO. | 50. CHARGE/SECTION NO. | 51. ARREST NO. |
|---|---|---|---|
| NONE | N/A | NONE | N/A |

| 52. NO. 1 TOWED BY: DRIVEN AWAY | | 52. NO. 2 TOWED BY: DRIVEN AWAY |
|---|---|---|
| TO: DESTINATION | | TO: DESTINATION |

| CODE | 55. WITNESS INFORMATION: (NAME, ADDRESS, PHONE NO., LOCATION) |
|---|---|
| W1 | AMY B. HINTON, WF 30, 189 WILLIAMETTE DR |
| | BEAR DE 19701  832-7802, TRAVELING BEHIND |
| | V2 |

VI WAS IN THE LEFT LANE OF W/B DE 4 ATTEMPTING TO TURN
LEFT INTO THE 1ST STATE PLAZA SHOPPING CENTER.
V2 WAS TRAVELING E/B ON DE 4 IN THE RIGHT
THRU LANE APPROACHING 1ST STATE PLAZA, VI TURNED
LEFT IN FRONT OF V2. V2'S FRONT BUMPER STRUCK VI'S
RIGHT REAR SIDE FOR POI APPROX 10' W/O GLENBERNE
DR. FFP FOR VI WAS POI.
AFTER THE COLLISION V2 CONTINUED E/B ON DE 4
FLEEING TOWARDS MARYLAND AVE.
(SEE CONTINUATION PAGE)

| 56. INVESTIGATING OFFICER | RANK | I.D. NUMBER | 57. SUPERVISOR'S APPROVAL DATE | 58. REVIEWER | 59. |
|---|---|---|---|---|---|
| E. THOMPSON | CPL. | 317 | PS 11/6 | Q | PAGE 1 OF 2 |

FORM 438 REV. 1/88

| 24. NAME | LAST | FIRST | M.I. | 24. NAME | LAST | FIRST | M.I. |
|---|---|---|---|---|---|---|---|
| NO. 3 | | | | NO. 4 | | | |

| 25. STREET ADDRESS | 25. STREET ADDRESS |
|---|---|

| 26. CITY | 27. STATE | 28. ZIP | 29. PHONE | 26. CITY | 27. STATE | 28. ZIP | 29. PHONE |
|---|---|---|---|---|---|---|---|

| 30. DRIVERS LICENSE NO. | 31. STATE | 32. CODE | 33. AGE | 34. SEX M F | 30. DRIVERS LICENSE NO. | 31. STATE | 32. DOB | 33. AGE | 34. SEX M F |
|---|---|---|---|---|---|---|---|---|---|

| 35. SOBRIETY | 36. TESTED | 37. TYPE | RESULT 0. ____% | TEST NUMBER | 35. SOBRIETY | 36. TESTED | 37. TYPE | RESULT 0. ____% | TEST NUMBER |
|---|---|---|---|---|---|---|---|---|---|

| 38. VEHICLE YR. | 39. VEHICLE MAKE | 40. MODEL | 41. BODY STYLE | 38. VEHICLE YR. | 39. VEHICLE MAKE | 40. MODEL | 41. BODY STYLE |
|---|---|---|---|---|---|---|---|

| 42. REGISTRATION NO. | 43. STATE | 44. COLOR | 45. DAMAGE $ | 46. TRAILERS 0 1 2 3 | 42. REGISTRATION NO. | 43. STATE | 44. COLOR | 45. DAMAGE $ | 46. TRAILERS 0 1 2 3 |
|---|---|---|---|---|---|---|---|---|---|

| 47. VEHICLE/TRACTOR OWNER: LAST | FIRST | M.I. | 47. VEHICLE/TRACTOR OWNER: LAST | FIRST | M.I. |
|---|---|---|---|---|---|

| 48. STREET | CITY | STATE | 48. STREET | CITY | STATE |
|---|---|---|---|---|---|

| 49. INSURANCE COMPANY | NUMBER | 49. INSURANCE COMPANY | NUMBER |
|---|---|---|---|

| 50. CHARGE/SECTION NO. | 51. ARREST NO. | 50. CHARGE/SECTION NO. | 51. ARREST NO. |
|---|---|---|---|

| 52. NO. 3 TOWED BY: | USE THIS SPACE FOR SKETCHING DAMAGE TO TRAILERS, MOTORCYCLES, ETC. | 52. NO. 4 TOWED BY: |
|---|---|---|
| TO: | | TO: |

53.

N

DIAGRAM OF COLLISION

PAGE _____ OF _____

| ☒ 60. CONTINUATION | STATE OF DELAWARE | | 1. COMPLAINT NUMBER | 2. DSP HQ. NO. (LEAVE BLANK) |
|---|---|---|---|---|
| ☐ 80. SUPPLEMENT | UNIFORM TRAFFIC | DSP/06 | 0 6 - 0 3 - 1 2 4 5 5 | |
| INITIAL REPORT DATE | COLLISION REPORT | TROOP/DEPARTMENT | | |
| OPERATOR #1 | CONTINUATION/SUPPLEMENT | | | |
| OPERATOR #2 | | | | |

CODE 55. -

OP-1 ADVISED THAT SHE WAS ATTEMPTING TO TURN INTO THE SHOPPING CENTER WHEN V2 STRUCK HEAR VEHICLE OP1 ADVISED THAT SHE PULLED INTO THE SHOPPING CENTER EXPECTING V2 TO PULL IN AS WELL, HOWEVER V2 NEVER CAME INTO THE SHOPPING CENTER.

W1 ADVISED THAT SHE WAS TRAVELING BEHIND V2 IN THE RIGHT LANE OF E/B 4. W1 ADVISED THAT AS V1 TURNED INTO THE INTERSECTION V2 STRUCK V1'S RIGHT REAR. V2 THEN CONTINUED TO TRAVEL E/B IN 4, SO SHE FOLLOWED THE VEHICLE AND OBTAINED THE LICENSE PLATE

W1 FURTHER ADVISED THAT THE OPERATOR WAS A LATINO MALE W/ DARK HAIR ("POSSIBLY MEXICAN"), 30-35 YRS OLD. THE VEHICLE WAS A SUBARU LEGACY, BURGANDY IN COLOR W/ A PA TAG # FJG5518 AFTER SPEAKING WITH W1. I DID A DMV COMPUTER INQUIRY ON PA TAG # FJG3518. THE VEHICLE CAME BACK TO A ISIDORO SANCHEZ-OLMOS OUT OF STATE ST P.O. BOX 134 KENNET SQUARE PA.

THERE WAS NO PUBLIC LISTING FOR MR. SANCHEZ-OLMOS IN PA. THUS I SENT A LETTER (SEE ATTACHEMENT) TO THE ADDRESS LISTED ABOVE REGARDING THIS INCIDENT.

SUPPLEMENT TO FOLLOW UPON CONTACTING MR. SANCHEZ-OLMOS.

| 56. INVESTIGATING OFFICER | RANK | I.D. NUMBER | 57. SUPERVISOR'S APPROVAL DATE | 58. REVIEWER | 59. |
|---|---|---|---|---|---|
| E. THOMPSON | CPL. | 317 | PS 11/6 | | PAGE 2 OF 2 |

FORM 439 A, REV. 10/87

| ☐ 60. CONTINUATION | STATE OF DELAWARE | 1. COMPLAINT NUMBER | 2. DSP HQ. NO.(LEAVE BLANK) |
|---|---|---|---|
| ☐ 80. SUPPLEMENT | UNIFORM TRAFFIC | | |
| INITIAL REPORT DATE | COLLISION REPORT | | |
| OPERATOR #1 | INJURY INFORMATION | TROOP/DEPARTMENT | |
| OPERATOR #2 | | | |

| | 61. NAME: LAST    FIRST    M.I. | 69. SEX | 70. AGE | 71. VEH # | 72. NO. IN VEH. | 73. SEAT NO. | 74. STATUS | 75. FIRST AID | 76. INJURY CLASS | 77. EJECT | 78-1. RE-STRNT. | 78-2. RESTR. PROPR. | 78-3. PASS. RESTR. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1-1 | 62. ADDRESS | M  F | | | | | | | | | | | |
| | 63. PHONE    64. INJURIES | | | | | | | | | | | | 68. T & R |
| | 65. EXAMINED BY DR.    66. REMOVED BY    67. REMOVED TO | | | | | | | | | | | | T & A |
| 1-2 | 61. NAME: LAST    FIRST    M.I. | 69. SEX | 70. AGE | 71. VEH # | 72. NO. IN VEH. | 73. SEAT NO. | 74. STATUS | 75. FIRST AID | 76. INJURY CLASS | 77. EJECT | 78-1. RE-STRNT. | 78-2. RESTR. PROPR. | 78-3. PASS RESTR. |
| | 62. ADDRESS | M  F | | | | | | | | | | | |
| | 63. PHONE    64. INJURIES | | | | | | | | | | | | 68. T & R |
| | 65. EXAMINED BY DR.    66. REMOVED BY    67. REMOVED TO | | | | | | | | | | | | T & A |
| 1-3 | 61. NAME: LAST    FIRST    M.I. | 69. SEX | 70. AGE | 71. VEH # | 72. NO. IN VEH. | 73. SEAT NO. | 74. STATUS | 75. FIRST AID | 76. INJURY CLASS | 77. EJECT | 78-1. RE-STRNT. | 78-2. RESTR. PROPR. | 78-3. PASS RESTR. |
| | 62. ADDRESS | M  F | | | | | | | | | | | |
| | 63. PHONE    64. INJURIES | | | | | | | | | | | | 68. T & R |
| | 65. EXAMINED BY DR.    66. REMOVED BY    67. REMOVED TO | | | | | | | | | | | | T & A |
| 1-4 | 61. NAME: LAST    FIRST    M.I. | 69. SEX | 70. AGE | 71. VEH # | 72. NO. IN VEH. | 73. SEAT NO. | 74. STATUS | 75. FIRST AID | 76. INJURY CLASS | 77. EJECT | 78-1. RE-STRNT. | 78-2. RESTR. PROPR. | 78-3. PASS RESTR. |
| | 62. ADDRESS | M  F | | | | | | | | | | | |
| | 63. PHONE    64. INJURIES | | | | | | | | | | | | 68. T & R |
| | 65. EXAMINED BY DR.    66. REMOVED BY    67. REMOVED TO | | | | | | | | | | | | T & A |
| 1-5 | 61. NAME: LAST    FIRST    M.I. | 69. SEX | 70. AGE | 71. VEH # | 72. NO. IN VEH. | 73. SEAT NO. | 74. STATUS | 75. FIRST AID | 76. INJURY CLASS | 77. EJECT | 78-1. RE-STRNT. | 78-2. RESTR. PROPR. | 78-3. PASS RESTR. |
| | 62. ADDRESS | M  F | | | | | | | | | | | |
| | 63. PHONE    64. INJURIES | | | | | | | | | | | | 68. T & R |
| | 65. EXAMINED BY DR.    66. REMOVED BY    67. REMOVED TO | | | | | | | | | | | | T & A |

73.

SEAT NO.

CAR 1 2 3
4 5 6
9 SW 7 8 9

M/C 1 2

10=EXT. OF VEHICLE

79.

POSTED SPEED LIMIT

VEHICLE #1 _____
VEHICLE #2 _____
VEHICLE #3 _____
VEHICLE #4 _____

**GENERAL**
1. YES
2. NO
3. UNKNOWN
4. N/A
5. PENDING
6. NONE

**74. STATUS**
66. DRIVER
67. PASSENGER
68. PEDESTRIAN
69. PEDALCYCLIST

**75. FIRST AID**
70. POLICE
71. FIREMAN
72. AMBULANCE
73. REFUSED

**76. INJURY CLASS**
74. POSSIBLE INJURY
75. NON - INCAPACITATING
76. INCAPACITATING INJURY
77. FATAL INJURY

**77. EJECTION**
78. PARTIALLY EJECTED
79. TOTAL EJECTION
80. NO EJECTION

**78. RESTRAINT**

**LAP BELT ONLY**
82. FASTENED
83. NOT FASTENED

**LAP & SHOULDER**
84. LAP ONLY USED
85. NEITHER USED
86. SHOULDER ONLY
87. BOTH USED

**78. RESTRAINT (CONT.)**

**CHILD RESTRAINTS**
88. CHILD RESTR. USED
89. OTHER RESTR. USED
90. NONE USED

**MC HELMET**
91. NONE USED
92. USED

**PASSIVE RESTRAINTS**
93. AIR BAG DEPLOYED
94. AIR BAG INOPERABLE
95. AUTO RESTR. USED
96. AUTO RESTR. INOPER.

**66. REMOVED**
97. AMBULANCE
98. PARAMEDIC
99. HELICOPTER
100. PRIV. OWNED VEH.

**81. IF PEDESTRIAN INVOLVED PLACE CODE IN BLOCK**

PED. #1    PED. #2

101. CROSSING AT INTERS.
102. CROSSING NOT AT INTERS.
103. WALKING WITH TRAFFIC
104. WALKING AGAINST TRAFFIC
105. STANDING
106. PUSH OR WORK ON VEH.
107. OTHER WORKING
108. PLAYING
109. OTHER (DESCRIBE)

_____

110. NOT IN RDW. ANY ACTION

| 56-INVESTIGATING OFFICER | RANK | I.D. NUMBER | 57. SUPERVISOR'S APPROVAL DATE | 58. REVIEWER | 59. |
|---|---|---|---|---|---|
| | | | | | PAGE _____ OF _____ |

FORM 439. REV. 10/87



**Lincoln**
**Financial Group®**

*Lincoln Alliance® Program* Processing Agent
3800 N. Wilke Road, Suite 250
Arlington Heights, IL  60004-9915

February 04, 2005

Ms. Stephanie Ford
19 Albany Avenue
New Castle, DE 19720

Re:  Christiana Care Health Services, Inc.
Tax Deferred Annuity/ Matching Contribution Plan

Dear Ms. Ford,

Our records indicate that a loan repayment for your outstanding loan with the Christiana Care Health Services, Inc. Tax Deferred Annuity/ Matching Contribution Plan has not been received in over ninety (90) days.  In accordance with the terms of the loan agreement, failure to make the required repayment within ninety (90) days following the repayment due date constitutes a default of the total outstanding balance of your loan.

Enclosed is a postage paid envelope in which to submit a payment of $257.91 for your October 30, 2004 loan repayment.  If you do not wish to continue payments on your outstanding loan and would like for it to be defaulted, please contact the number below.  If we do not receive a response or payment within thirty (30) days, your total outstanding loan balance will be defaulted and a tax form will be issued.

Please call the "Benny" helpline at 1-800-234-3500 if you have any questions.

Sincerely,

*Lincoln Alliance® Program* Processing Agent

Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.

TO: Mrs. Susan Jeanette
841 Silverlake Blvd.
Rodney Building
Dover, DE. 19904
November 12,2004

FROM: Stephanie L. Ford
19 Albany Ave.
NewCastle, DE.19720
(302)658-6740

RE: Consideration of Denial of My Disability Benefits from UnumProvident Insurance
    Related to Injuries and Employment Status.

Dear Mrs. Susan Jeanette

Thank you for taking the time to resolving this matter with UnumProvident. Per telephone conversation
I was in a automobile accident on October 27,2003 in NewPort De. W/B DE. 4 West Newport Pike
Approaching ShopRite shopping center1 I made a complete stop at the intersection turning right. The other
driver Mr. Isidoro Sanchez-Olmos, was traveling east on DE. 4 Newport Pike turning far right approaching
the ShopRite shopping center. Mr. Olmos abruptly decided to proceed onto the highway as I was turning
into the shopping center. Hitting my 2002 Toyota Pickup truck right side back panel,and leaving the scene
of the accident. I sustained rib pain, head and neck injuries. As a result of this accident I am constantly in
a great deal of pain. Please see Hospital and Doctors notes. At the time of this accident I was employed at
the Christiana Care Health Systems and The ST. Francis Hospital parttime casual. On November 13, 2003,
I requested for leave of absence with Christiana Care Health Services. On February 24, 2004 Unum
Provident received the Disability request. On April 20 2004, Unum Provident denied my request for
benefits, because their "specialists "felt my symptoms were not consistent with the time needed to recover.
Along with the Incomplete police report. I did appeal the decision on April 26,2004 ( see enclosed appeal
letter). On June 28,2004 I received another letter that denied my request for disability. My physician , Dr.
Ross M. Ufberg was outrage by decision to my claim ; Enclosed you will find the letter Dr. Ufberg wrote
to Jefferey Mack , a Unum Provident representative that depicts the injuries I sustained. I am in a lot of
pain constantly and probably will be in pain for the rest of my life. This past year has been extremely
stressful And has put a huge strain on me and my family. I have been working at Christiana Care Health
Services For past 17 years , I have lost my job due to injuries I could not control. Please re-evaluate all the
material and letters I have enclosed.

Sincerely,
Stephanie L. Ford
#268231

To: Mrs. Donna Lee Williams
841 Silverlake Blvd.
Rodney Building
Dover, De. 19904
October 19,2004

From: Stephanie L. Ford
19 Albany Ave.
Newcastle, De. 19720

RE:  Consideration of Denial of My Disability Benefits from Unum Provident Insurance
     Related to Injuries and Employment Status.

Dear Mrs.  Williams
I am writing this letter to request a special hearing be held with me and my
Representatives; to discuss the action of the Administrative staff of the hospital
In consultation with the insurance company of UnumProvident, has taken regarding
Me and my employment at the hospital.
I request that this meeting be held as soon as possible.

Sincerely yours,

*Stephanie L. Ford*

CC: PF

To: Dr. Robert Laskowski
Christiana Care Health Services
Board of Directors
P.O.Box 6001
Newark, Delaware 19718
October 17, 2004


From: Stephanie Ford
19 Albany Ave
NewCastle,De. 19720
(302)658-6740


RE:  Consideration of Denial of My Disability Benefits from Unum Provident Insurance
     Related to Injuries and Employment Status.


Dear Dr. Laskowski
I am writing this letter to request a special hearing be held with me and my
Representatives; to discuss the action of the Administrative staff of the hospital
In consultation with the insurance company of UmunProvident, has taken regarding
Me and my employment at the hospital.
I request that this meeting be held as soon as possible.


                          Sincerely yours,

                          Stephanie L. Ford

CC: PF



June 28, 2004

STEPHANIE FORD
19 ALBANY AVE
NEW CASTLE, DE 19720

RE:     Ford, Stephanie          DOB: February 16, 1962
        Claim Number:            1179384
        Policy Number:           530503

Dear Ms. Ford:

We are writing to let you know that we have completed the appeal review of the denial of benefits on your Long Term Disability claim.  We regret that we have determined that the original decision to deny your claim was appropriate.

Your Long Term Disability policy provides:

### "HOW DOES UNUM DEFINE DISABILITY?

You are disabled when Unum determines that:

- you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and
- you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.

After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience."

"Material and substantial duties means duties that:

- are normally required for the performance of your regular occupation; and
- cannot be reasonably omitted or modified."

Unum Life Insurance Company of America
Quality Performance Support
PO Box 9548
Portland, ME 04122-5058
Phone: 1-800-413-7670
Fax: 207-575-2354
www.unumprovident.com

1242-03

"Regular occupation means the occupation you are routinely performing when your disability begins. Unum will look at your occupation as it is normally performed in the national economy, instead of how the work tasks are performed for a specific employer or at a specific location."

Your claim was denied because the medical information in your file did not substantiate a condition severe enough to cause you to be disabled from your regular occupation. We have concluded that the denial of your claim for Long Term Disability benefits was appropriate.

In reaching our conclusion, we completed a new, independent medical review of your entire file. The available records include the records from Dr. Ufberg. We note that on October 27, 2003 you were in an automobile accident. You were making left-hand turn and were struck by a vehicle coming from the opposite direction. You report that you subsequently drove yourself to the Emergency Room due to neck, back and rib pain. However, notes from your visit to the ER have not been provided.

Medical records from Dr. Ufberg are from October 30, 2003 through April 5, 2004. You were seen monthly and attended physical therapy and did home exercises with some reported relief. You were also prescribed anti-inflammatories and muscle relaxants. Specifically, you were taking Motrin during the day and Flexeril at night. Dr. Ufberg noted decreased range of motion and some tenderness in the cervical and lumbar spine. You were also noted to have some spasms in trapezius, lumbar, cervical and thoracic paraspinal muscles. Your neurological examinations were consistently normal.

Dr. Ufberg has asserted that you were totally incapacitated through March 29, 2004. On that date you were released to work on a part time basis with lifting restriction of 15 lbs. followed by a release to full time with lifting restriction as of April 13, 2004. We disagree with Dr. Ufberg's assessment.

In consultation with our medical department, we have concluded that the available records support the diagnosis of sprain/strain of cervical, lumbar and shoulder area. We note that you had some decreased range of motion, tenderness and spasm on exam but no neurological deficits have been noted. The usual recovery for this type of injury would not exceed 4-6 weeks. At that point in time the available records do not support impairment. With ongoing complaints of pain, we would have expected further diagnostic testing including x-ray, magnetic resonance imaging and/or EMG/NCE. In addition, a referral to pain management would have been appropriate. We also note that you were taking a minimal amount of medication which is not consistent with pain that would rise to the level of impairment.

As noted in the letter denying your claim, your policy provides for a 90-day elimination period. An elimination period is a period of time you must be totally disabled before receiving benefits. As the available medical records do not support impairment beyond six weeks at most, you did not meet your policy's elimination period and no benefits are payable.

Based on the above reasons, we have determined that the decision to deny you claim was appropriate.

You are entitled to receive, upon request and without charge, reasonable access to or copies of all documents, records or other information that are relevant to your benefit determination.

Claimant Name: Ford, Stephanie
Claim Number: 1179384

June 28, 2004
Page 3 of 3

If you dispute this determination, you have a right to bring a civil suit under section 502 (a) of the Employee Retirement Income Security Act of 1974.

In addition, you or your plan may have other voluntary alternative dispute resolution options, such as mediation. You can learn what options are available to you by contacting your local U.S. Department of Labor office and your state insurance regulatory agency.

Ms. Ford, if you have any questions, please feel free to contact me at 1-800-413-7670.

Sincerely,

*Nick McKelvy ALHC*

Nick McKelvy ALHC
Lead Appeals Specialist
Unum Life Insurance Company of America

1242-03



June 11, 2004


STEPHANIE FORD
19 ALBANY AVE
NEW CASTLE, DE 19720




RE:    Ford, Stephanie              DOB: February 16, 1962
       Claim Number:                1179384
       Policy Number:               530503


Dear Ms. Ford:

We are writing to let you know that we will need an extension of up to 45 days to make a
decision on your claim appeal.

We require this extension because we are continuing our new, independent medical review of
your entire file.

We now expect to make a decision on your appeal within 45 days.

Ms. Ford, if you have any questions, please feel free to contact me at 1-800-413-7670.

Sincerely,

*Nick McKelvy ALHC*

Nick McKelvy ALHC
Lead Appeals Specialist
Unum Life Insurance Company of America


CC:            Debra Lewis/Christiana Care Health Services




Unum Life Insurance Company of America
Quality Performance Support
PO Box 9548
Portland, ME 04122-5058
Phone: 1-800-413-7670
Fax: 207-575-2354
www.unumprovident.com

1242-03

**RAMUNNO, RAMUNNO & SCERBA, P.A.**
ATTORNEYS-AT-LAW
903 N. FRENCH STREET
WILMINGTON, DELAWARE 19801-3371

(302) 656-9400
FAX (302) 656-9444

L. VINCENT RAMUNNO
LAWRENCE A. RAMUNNO
DAVID R. SCERBA
GLENN C. WARD *
VINCENT RAMUNNO, JR.
LOUIS JOSEPH RAMUNNO
* Also Admitted in PA

MIDDLETOWN OFFICE
702 ASH BOULEVARD
MIDDLETOWN VILLAGE SHOPPING CENTER
MIDDLETOWN, DE 19709
(302) 376-9100

June 11, 2004

Corporal E. Thompson
Delaware State Police
Troop 6
3301 Kirkwood Highway
Wilmington, DE 19808

>    **Re: My client: Stephanie Ford**
>    **Date of automobile accident: October 27, 2003**
>    **Driver:   Stephanie Ford / Other driver: unknown**
>    **Location of accident: w/b De. 4, West Newport Pike**
>    **Complaint number:   06-03-124554**

Dear Corporal Thompson,

Please be advised that I represent Ms. Stephanie Ford for the personal injuries she sustained in an automobile accident on October 27, 2003.

I am enclosing a copy of the accident report in which you were the investigating officer.

In reviewing the report, you list witness #1 as Amy B. Hinton, WF 30, 189 Williamette Drive, Bear, Delaware 19701, 832-7802. Traveling behind V2. However, the information we have as to the witness in this accident is Amy F. Slawski-1011 Kendall Road, Wilmington, Delaware 19805, 994-8339.   I have also spoken with Ms. Slawski and she is indeed a witness to this accident.

Please advise if Amy B. Hinton is an additional witness to this accident or if the witness information is incorrect.   If it is incorrect would you please send me a supplemental report indicating same.

Very truly yours,

**LAWRENCE A. RAMUNNO**

LAR/sah
enclosures
cc: Ms. Stephanie Ford

**EMPLOYEE HEALTH SERVICE REFERRAL**

COMPLETED FOR ALL REFERRALS BY DEPARTMENT HEAD OR SUPERVISOR (INSTRUCTIONS ON BACK)

| (FIRST) | (M.I.) | DATE | (TO BE COMPLETED BY THE TREATING FACILITY) |
| --- | --- | --- | --- |
| Stephanie | L | 4/12/04 | TIME IN / TIME OUT 0940 |

| | DEPT/UNIT | SOCIAL SECURITY NUMBER | JOB TITLE | DATE OF BIRTH | HOME PHONE: |
| --- | --- | --- | --- | --- | --- |
| RVC | | 30/ 032 30 1 | Nurse | 2/16/62 | 302 836 140 |

**MEDICAL AUTHORIZATION:**
I understand that Christiana Care maintains information in paper and electronic form.
I authorize EHS to access Christiana Care's information pertinent to my care

| SYMPTOM OR PROBLEM: | EMPLOYEE SIGNATURE |
| --- | --- |
| 1.☐ OCCUPATIONAL INJURY/ILLNESS - COMPLETE BELOW | AUTHORIZE SIGNATURE/SUPERVISOR OR MANAGER: |
| 2.☐ NON OCCUPATIONAL INJURY ILLNESS | |

| A. ACCIDENT OCCURRED | HOSPITAL/SITE | DEPT / UNIT | DATE OF INJURY | | HOUR OF DAY | MACHINE, TOOL OR OBJECT CAUSING INJURY / ILLNESS |
| --- | --- | --- | --- | --- | --- | --- |
| THIS SECTION IS REQUIRED FOR OCCUPATIONAL INJURIES. | LOCATION WHERE INJURY OCCURRED | | DATE SUPERVISOR NOTIFIED | SUPERVISOR'S NAME | | PHONE: |

B. FULL DESCRIPTION OF INJURY (DESCRIBE EXACTLY WHAT HAPPENED IN ORDER OF EVENTS AND WHY IT HAPPENED. INDICATE APPARENT INJURY AND CONDITION OF EQUIPMENT OR APPAREL WHERE SIGNIFICANT) | WITNESS:

**SECTION II - TO BE COMPLETED BY PHYSICIAN AND/OR NURSE**

| 1. DISPOSITION: | | 2. STATUS |
| --- | --- | --- |
| ☒ CLEARED FOR WORK  ☒ RESTRICTIONS: 15 lbs lifting restriction | | ☒ OCCUPATIONAL INJURY/ ILLNESS  ☒ NON-OCCUPATIC INJURY/ILLNESS |
| ☐ SEND HOME | | |
| ☐ REMAIN ON DUTY | | ☐ REVIEW: (Reason) |

| REFERRED TO: | APPT: | PROVIDER | RETURN VISIT DATE | RTW DATE |
| --- | --- | --- | --- | --- |
| | | | | 4 13 0 |

15001 S(87680)(0501)

SUPERVISOR'S COPY

**Ross M. Ufberg, M.D.**
Medical Director

Wilmington
Pain & Rehabilitation
Center

Physical Medicine & Rehabilitation
Electromyography
Sports Medicine

5 April 2004

Jeffrey Mack
UNUM Life Insurance Company of America
The Benefits Center
P.O. Box 9500
Portland, ME 04104-5058

RE:   Ford, Stephanie
CL#117934
Policy #530503

Dear Mr. Mack:

I am appalled that your "medical consultants", without even examining Ms. Ford can look at my office notes and determine disability. What is more incredible is that no matter what the circumstances it seems that you believe a two to four weeks recovery period is that which should be typically allowed for an acute sprain/strain injury. My patient, Ms. Ford, was involved in a significant motor vehicle accident on 10/27/03 sustaining over $1400 damage to her vehicle. When I first her on 10/30/03 she demonstrated significant spasm over her cervical musculature and on 11/10/03 still had marked limitation over her cervical and lumbosacral spine range of motion which did not permit her to do her job duties. It is interesting that in the eight pages of your letter, no where do you detail a description of the physical requirements of Ms. Ford's job or even what it is. Ms. Ford's job duties at Christiana Care as an x-ray clerk in the mammography department requires frequent bending and lifting with occasional lifting of heavy x-ray films.

Based on my history and physical examinations, Ms. Ford has been incapable of returning to that work and appropriate disability slips were given. On her most recent visit of 3/29/04, Ms. Ford had significant spasms over her left lumbar paraspinal muscles.

Ms. Ford has been cleared for a trial of return to work with 15 pound lifting restrictions effective 4/13/04. Her period of disability from 10/27/03 through 4/12/04 has

Ford, Stephanie
5 April 2004
page 2


been reasonable, medically, and causally related to her injuries in the motor vehicle
accident of 10/27/03.

I hope that this information has been helpful.

Very truly yours,

Ross M. Ufberg, M.D.

RMU:dlb
CC: Medical Records Chart
        Stephanie Ford



April 28, 2004


STEPHANIE FORD
19 ALBANY AVE
NEW CASTLE, DE 19720




RE:    Ford, Stephanie              DOB: February 16, 1962
       Claim Number:                1179384
       Policy Number:               530503


Dear Ms. Ford:

We are writing to let you know that we received your recent letter requesting a review of your Long Term Disability claim.

We hope to make a determination on your claim within 45 days of receiving your appeal, unless special circumstances extend the time needed to make the determination.  If there are special circumstances, we are committed to making a determination no later than 90 days after receiving the appeal.

Once our review begins, we will contact you if we need additional information.  As soon as our review is complete, we will send you our determination in writing.

Ms. Ford, if you have any questions, please feel free to contact me at 1-800-413-7670.

Sincerely,

*Nick McKelvy ALHC*

Nick McKelvy ALHC
Lead Appeals Specialist
Unum Life Insurance Company of America


CC:          Debra Lewis/Christiana Care Health Services



Unum Life Insurance Company of America
Quality Performance Support
PO Box 9548
Portland, ME 04122-5058
Phone: 1-800-413-7670
Fax: 207-575-2354
www.unumprovident.com

1242-03

APRIL 26, 2004

JEFFREY MACK & DENISE HOUSER
UNUM LIFE INSURANCE COMPANY OF AMERICA
THE BENEFITS CENTER
P. O. BOX 9500
PORTLAND, ME   04104-5058

RE: CL # 117984 - 1179384
POLICY # 530503

DEAR MR. MACK & MRS. HOUSER,

PLEASE LET THIS LETTER SERVE AS A REQUEST
TO APPEAL THE DESION OF THE DISABILITY
COMPENSATION CLAIM THAT I WAS DENIE
OF.

IF THERE ARE ANY FORMS NECESSARY
TO COMPLETE THE APPEAL PROCESS, PLEASE
SEND THEM TO ME AS SOON AS POSSIBLE

SINCERELY,

Stephanie L. Ford

CC: PF



April 20, 2004


STEPHANIE FORD
19 ALBANY AVE
NEW CASTLE, DE 19720


RE:    Ford, Stephanie                    DOB: February 16, 1962
       Claim Number:                      1179384
       Policy Number:                     530503


Dear Ms. Ford:

After reviewing the additional information you recently sent us about your disability claim, we regret that this information is not sufficient to reverse our previous decision.

We have received and reviewed a letter dated April 5, 2004 from Dr. Ufberg. We note that it is Dr. Ufberg's opinion that "the period of disability from October 27, 2003 through April 12, 2004 has been reasonable, medically and causally related to her injuries in the motor vehicle accident of October 27, 2003." We note that no new medical evaluations or tests were submitted with this letter. A mention is made of a March 29, 2004 office visit which no examination notes were provided for review.

In light of the lack of new information, our medical consultant has reviewed the prior medical records used in our initial review and referenced in Dr. Ufberg's letter. We do not find medical evidence to substantiate a need for the total disability certificates given by Dr. Ufberg past 4-6 weeks following the accident of October 27, 2003. It is noted that there are no diagnosis or treatment for any other injuries than strain/sprains. Even with a severe cervical strain/sprain, without neurological findings, as in this case, we would expect a return to work with in 6 weeks of the accident.

Based on these finds, our decision stands and you claim will remain closed. We note that our above review provides 6 weeks of medical support from the October 27, 2003 date of your accident. You would still not be medically supported through your 90 day elimination period and would not be eligible for long term disability benefits as defined in your policy.

When you submitted this information, you did not specifically request an appeal of your non-compensable claim. If you want to appeal the decision, we would be happy to review it. Please

Unum Life Insurance Company of America
The Benefits Center
PO Box 9500
Portland, ME 04104-5058
Phone: 1-800-858-6843
Fax: 1-800-447-2498
www.unumprovident.com

1242-03

Claimant Name: Ford, Stephanie
Claim Number: 1179384

April 20, 2004
Page 2 of 2

send us your request in writing within five (5) days, and we will forward your file to our Appeal Unit.

You may recall that in our letter of March 29, 2004 (copy attached), we indicated that you must submit your written appeal within 180 days. This means that unless we receive your written appeal within 180 days of March 29, 2004, our claim decision will be final.

Ms. Ford, if you have any questions, please feel free to contact me at 1-800-858-6843 extension 51461.

Sincerely,

*Jeffrey Mack*

Jeffrey Mack
Disability Benefits Specialist
Unum Life Insurance Company of America


Enclosures:    -Claimant: Non-Compensable

1242-03



March 29, 2004


STEPHANIE FORD
19 ALBANY AVE
NEW CASTLE, DE 19720


RE:    Ford, Stephanie            DOB: February 16, 1962
       Claim Number:              1179384
       Policy Number:             530503


Dear Ms. Ford:

After completing our review of your disability claim, we regret that we are unable to approve your request for benefits.

As you may know, your employer's policy states:

"*HOW DOES UNUM DEFINE DISABILITY?*

You are disabled when Unum determines that:

– you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and
– you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.

After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience."

"Material and substantial duties means duties that:

– are normally required for the performance of your regular occupation; and
– cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week, Unum will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week."