-- cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week, Unum will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week."

"Regular occupation means the occupation you are routinely performing when your disability begins. Unum will look at your occupation as it is normally performed in the national economy, instead of how the work tasks are performed for a specific employer or at a specific location."

Additionally, the policy in which you are enrolled has an elimination period of 90 days. An elimination period is defined as:

"Elimination Period means a period of continuous disability which must be satisfied before you are eligible to receive benefits from Unum."

Based on the information in our file, we have determined that your claim for disability is not medically supported.

CONFIDENTIAL MEDICAL RECORDS OMITTED

Based on the above conclusion, your reported disability would be supported November 24, 2003 and you would not satisfy the 90 day elimination period set forth by your policy. We are therefore unable to extend you long term disability benefits and your claim has been closed.

If you have additional information to support your request for disability benefits, it must be sent to my attention for further review at the address noted on this letterhead, within 180 days of the date you receive this letter.

However, if you disagree with our determination and want to appeal this claim decision, you must submit a written appeal. This appeal must be received by us within 180 days of the date you receive this letter. You should submit your written appeal to the following address:

UnumProvident
The Benefits Center
Quality Performance Support -- Appeals Unit
PO Box 9548
Portland, ME  04122-5058

A decision on appeal will be made not later than 45 days after we receive your written request for review of the initial determination. If we determine that special circumstances require an extension of time for a decision on appeal, the review period may be extended by an additional 45 days (90 days in total). We will notify you in writing if an additional 45 day extension is needed.

If an extension is necessary due to your failure to submit the information necessary to decide the appeal, the notice of extension will specifically describe the required information, and you will be afforded at least 45 days from receipt of the notice to provide the specified information. If you deliver the requested information within the time specified, the 45 day extension of the review period will begin after you have provided that information. If you fail to deliver the requested information within the time specified, we may decide your appeal without that information.

Claimant Name: Ford, Stephanie                                                                    March 29, 2004
Claim Number: 1179384                                                                                    Page 3 of 4

You will have the opportunity to submit written comments, documents, or other information in support of your appeal. You will have access to all relevant documents as defined by applicable U.S. Department of Labor regulations. The review will take into account all new information, whether or not presented or available at the initial determination. No deference will be afforded to the initial determination.

The review will be conducted by us and will be made by a person different from the person who made the initial determination and such person will not be the original decision maker's subordinate. In the case of a claim denied on the grounds of a medical judgment, we will consult with a health professional with appropriate training and experience. The health care professional who is consulted on appeal will not be the individual who was consulted during the initial determination or a subordinate. If the advice of a medical or vocational expert was obtained by the Plan in connection with the denial of your claim, we will provide you with the names of each such expert, regardless of whether the advice was relied upon.

If your request on appeal is denied, the notice of our decision will contain the following information:

a.  the specific reason(s) for the appeal determination;
b.  a reference to the specific Plan provision(s) on which the determination is based;
c.  a statement disclosing any internal rule, guidelines, protocol or similar criterion relied on in making the adverse determination (or a statement that such information will be provided free of charge upon request);
d.  a statement describing your right to bring a civil suit under federal law;
e.  a statement that you are entitled to receive upon request, and without charge, reasonable access to or copies of all documents, records or other information relevant to the determination; and
f.  a statement that "You or your plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local U.S. Department of Labor office and your State insurance regulatory agency."

Notice of the determination may be provided in written or electronic form. Electronic notices will be provided in a form that complies with any applicable legal requirements.

Unless there are special circumstances, this administrative appeal process must be completed before you begin any legal action regarding your claim.

If we do not receive your written appeal within 180 days of the date you receive this letter, our claim determination will be final.

If you have **new, additional** information to support your request for disability benefits, we would be happy to review it. Please send this information to the address below. For example, please make sure that we have:

- All your current medical records (including treatment notes, procedure notes, and test results) from all treating providers from March 18, 2004 to the present.
- A list from your physician indicating the activities you cannot and should not do along with an explanation of the medical reasoning supporting these restrictions and limitations.
- A copy of your treatment plan and return-to-work plan from your physician.

Claimant Name: Ford, Stephanie
Claim Number: 1179384

March 29, 2004
Page 4 of 4

a. the specific reason(s) for the appeal determination;
b. a reference to the specific Plan provision(s) on which the determination is based;
c. a statement disclosing any internal rule, guidelines, protocol or similar criterion relied on in making the adverse determination (or a statement that such information will be provided free of charge upon request);
d. a statement describing your right to bring a civil suit under federal law;
e. a statement that you are entitled to receive upon request, and without charge, reasonable access to or copies of all documents, records or other information relevant to the determination; and
f. a statement that "You or your plan may have other voluntary alternative dispute resolution options, such as mediation.  One way to find out what may be available is to contact your local U.S. Department of Labor office and your State insurance regulatory agency."

Notice of the determination may be provided in written or electronic form.  Electronic notices will be provided in a form that complies with any applicable legal requirements.

Unless there are special circumstances, this administrative appeal process must be completed before you begin any legal action regarding your claim.

If we do not receive your written appeal within 180 days of the date you receive this letter, our claim determination will be final.

If you have *new, additional* information to support your request for disability benefits, we would be happy to review it.  Please send this information to the address below.  For example, please make sure that we have:

- All your current medical records (including treatment notes, procedure notes, and test results) from all treating providers from March 18, 2004 to the present.
- A list from your physician indicating the activities you cannot and should not do along with an explanation of the medical reasoning supporting these restrictions and limitations.
- A copy of your treatment plan and return-to-work plan from your physician.

Please be aware that we have not evaluated your claim with respect to any policy provisions other than those discussed above, and that the Company reserves its right to enforce any and all provisions of the policy.

Ms. Ford, if you have any questions, please feel free to contact me at 1-800-858-6843.

Sincerely,

*Jeffrey Mack*

Jeffrey Mack
Disability Benefits Specialist
Unum Life Insurance Company of America



March 29, 2004

Original Recipient

STEPHANIE FORD
19 ALBANY AVE
NEW CASTLE, DE 19720

DEBRA LEWIS
CHRISTIANA CARE HEALTH
SERVICES
HUMAN RESOURCES -
BENEFITS/RECORDS
PO BOX 1668
501 W 14TH STREET
WILMINGTON, DE 19899

RE:    Ford, Stephanie            DOB: February 16, 1962
       Claim Number:             1179384
       Policy Number:            530503

Dear Ms. Lewis:

We are writing regarding the disability claim for Stephanie Ford.  This letter copy has been amended to remove confidential information.

After completing our review of your disability claim, we regret that we are unable to approve your request for benefits.

As you may know, your employer's policy states:

"*HOW DOES UNUM DEFINE DISABILITY?*

You are disabled when Unum determines that:

- you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and
- you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.

After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience."

"Material and substantial duties means duties that:

- are normally required for the performance of your regular occupation; and

"Regular occupation means the occupation you are routinely performing when your disability begins. Unum will look at your occupation as it is normally performed in the national economy, instead of how the work tasks are performed for a specific employer or at a specific location."

Additionally, the policy in which you are enrolled has an elimination period of 90 days. An elimination period is defined as:

"Elimination Period means a period of continuous disability which must be satisfied before you are eligible to receive benefits from Unum."

Based on the information in our file, we have determined that your claim for disability is not medically supported. Our medical consultants have reviewed the claim including the medical records provided by Dr. Ufberg, the physician that you report having treated your for your condition. We note that you indicate complaints of neck, shoulder, back and rib pain as a result of a motor vehicle accident October 27, 2003.

In office notes dated October 30, 2003 through February 23, 2004, Dr. Ufberg reports monthly follow –up for his initial diagnosis of cervical/thorasic/lumbar strain, right side rib trauma, right hamstring strain and right shoulder/arm strain. Additionally, he reports that you attended physical therapy as well as completed home stretching exercises. A prescription for Motrin 600mg was given to be taken as needed and Flexeril was prescribed to be taken in the evening to aid with sleep.

We note from the available records that physical therapy records include limited functional data. It is understood that the course of treatment included therapeutic exercises, heat therapy, aqua massage, and soft tissue mobilization. Therapy is reported to be well tolerated.

Dr. Ufberg notes on a physical exam that the patient has some tenderness in her cervical, trapezial and lumbar spine. Some reduced cervical ranges of motions are secondary to pain. A normal physiological motor, sensory, and reflex examination are noted.

From the above information, our analysis reveals that you have sustained soft tissue injuries as a result of a motor vehicle accident on October 27, 2003. Conservative treatment consisting of therapeutic exercises and modalities were utilized as means of treatment. Anti-inflammatory and mild muscle relaxors were prescribed for pain management. We note that to date you have not returned to work. The diagnosis by your treating physician, Dr. Ufberg has remained that of strain/sprain injuries. There are no neurological abnormalities noted in your file. There is no data provided which would support restrictions and limitations beyond a 2 to 4 week recovery period typically allowed for an acute strain/sprain injury. The medication being prescribed would not be consistent with the reported level of symptoms which are noted to be in excess of findings.

Our medical consultants are therefore able to conclude that your injuries would be those of a strain/sprain which would allow for a 2 to 4 week recovery period. It is noted that in the presence of incapacitating pain, one would expect a more aggressive work up including additional diagnostic testing and a possible chronic pain management referral. No abnormal neurological findings are noted on exam which would explain the lack of further diagnostic testing. Pain has been primarily managed with mild medications. We therefore would not support the medical necessity of activity restrictions of greater than 4 weeks for the acute soft tissue injuries that are noted.

Claimant Name: Ford, Stephanie
Claim Number: 1179384

March 29, 2004
Page 3 of 4

Based on the above conclusion, your reported disability would be supported November 24, 2003 and you would not satisfy the 90 day elimination period set forth by your policy. We are therefore unable to extend you long term disability benefits and your claim has been closed.

If you have additional information to support your request for disability benefits, it must be sent to my attention for further review at the address noted on this letterhead, within 180 days of the date you receive this letter.

However, if you disagree with our determination and want to appeal this claim decision, you must submit a written appeal. This appeal must be received by us within 180 days of the date you receive this letter. You should submit your written appeal to the following address:

UnumProvident
The Benefits Center
Quality Performance Support – Appeals Unit
PO Box 9548
Portland, ME  04122-5058

A decision on appeal will be made not later than 45 days after we receive your written request for review of the initial determination. If we determine that special circumstances require an extension of time for a decision on appeal, the review period may be extended by an additional 45 days (90 days in total). We will notify you in writing if an additional 45 day extension is needed.

If an extension is necessary due to your failure to submit the information necessary to decide the appeal, the notice of extension will specifically describe the required information, and you will be afforded at least 45 days from receipt of the notice to provide the specified information. If you deliver the requested information within the time specified, the 45 day extension of the review period will begin after you have provided that information. If you fail to deliver the requested information within the time specified, we may decide your appeal without that information.

You will have the opportunity to submit written comments, documents, or other information in support of your appeal. You will have access to all relevant documents as defined by applicable U.S. Department of Labor regulations. The review will take into account all new information, whether or not presented or available at the initial determination. No deference will be afforded to the initial determination.

The review will be conducted by us and will be made by a person different from the person who made the initial determination and such person will not be the original decision maker's subordinate. In the case of a claim denied on the grounds of a medical judgment, we will consult with a health professional with appropriate training and experience. The health care professional who is consulted on appeal will not be the individual who was consulted during the initial determination or a subordinate. If the advice of a medical or vocational expert was obtained by the Plan in connection with the denial of your claim, we will provide you with the names of each such expert, regardless of whether the advice was relied upon.

If your request on appeal is denied, the notice of our decision will contain the following information:

1242-03

Claimant Name: Ford, Stephanie
Claim Number: 1179384

March 29, 2004
Page 4 of 4

Please be aware that we have not evaluated your claim with respect to any policy provisions other than those discussed above, and that the Company reserves its right to enforce any and all provisions of the policy.

Ms. Ford, if you have any questions, please feel free to contact me at 1-800-858-6843.

Sincerely,

*Jeffrey Mack*

Jeffrey Mack
Disability Benefits Specialist
Unum Life Insurance Company of America

1242-03



February 24, 2004


STEPHANIE FORD
19 ALBANY AVE
NEW CASTLE, DE 19720




RE:    Ford, Stephanie                    DOB: February 16, 1962
       Claim Number:                      1179384
       Policy Number:                     530503


Dear Ms. Ford:

We are writing to let you know that we have received your Long Term Disability claim and have begun our initial review of the information submitted to date.

We know that a disabling illness or injury creates emotional, physical and financial challenges. We want to do whatever we can to help you deal with these challenges. We are committed to serving you well during this time. I am the Disability Benefits Specialist assigned to your claim and am pleased to provide assistance to you throughout the claim review process.

Please take a moment to read the Customer Service Commitment card enclosed with this letter.

As you may be aware, the policy under which you are covered defines disability as follows:

"*HOW DOES UNUM DEFINE DISABILITY?*

You are disabled when Unum determines that:

--    you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and
--    you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.

After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience."

"Material and substantial duties means duties that:

Claimant Name: Ford, Stephanie
Claim Number: 1179384

— are normally required for the performance of your regular occupation; and
— cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week, Unum will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week."

"Regular occupation means the occupation you are routinely performing when your disability begins. Unum will look at your occupation as it is normally performed in the national economy, instead of how the work tasks are performed for a specific employer or at a specific location."

To determine if you meet the policy definition of disability, we need additional information about your restrictions and limitations and the requirements of your occupation. We are contacting Dr. Ufberg to obtain the medical information we need to continue evaluating your claim.

As you may be aware, your policy states:

### *"WHAT INFORMATION IS NEEDED AS PROOF OF YOUR CLAIM?*

Your proof of claim, provided at your expense, must show:
- that you are under the regular care of a doctor;
- the appropriate documentation of your monthly earnings;
- the date your disability began;
- the cause of your disability;
- the extent of your disability, including restrictions and limitations preventing you from performing your regular occupation; and
- the name and address of any hospital or institution where you received treatment, including all attending doctors.

We may request that you send proof of continuing disability indicating that you are under the regular care of a doctor. This proof, provided at your expense, must be received within 45 days of a request by us.

In some cases, you will be required to give Unum authorization to obtain additional medical information, and to provide non-medical information as part of your proof of claim, or proof of continuing disability. Unum will deny your claim, or stop sending you payments, if the appropriate information is not submitted."

To prevent delays, we ask that you encourage your doctor(s) to respond to us quickly. We will provide regular status reports of our review and will notify you once we have determined your eligibility for benefits.

If we do not receive the information we need to fully evaluate your claim for benefits, it may be necessary to extend the time period to make a decision on your claim.

1242-03

Claimant Name: Ford, Stephanie
Claim Number: 1179384

February 24, 2004
Page 3 of 3

Ms. Ford, if you have any questions, please feel free to contact me at 800-858-6843, ext. 51461.

Sincerely,

*Jeffrey Mack*

Jeffrey Mack
Disability Benefits Specialist
Unum Life Insurance Company of America



Claim Questions: 800.858.6843  Fax To: 800.447.2498

## A. ATTENDING PHYSICIAN'S STATEMENT (PLEASE PRINT)

| 1. Name of Patient | Date of Birth | Social Security Number |
|---|---|---|
| STEPHANIE LYNN FORD | 2/16/62 | 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 |

**2. Diagnosis** - Please include the primary diagnosis and list any secondary conditions.

| Date of Last Examination | Diagnosis (including any complications) include ICD9 and/or DSM IV Multi Evaluation Nomenclature and Code Number |
|---|---|
| 12/22/03 | Cervical, thoracic, lumbar strain (846.0/847.0/847.1);R sided |

Objective findings (including current x-rays, EKG's etc) include testing results, range of motion, clinical findings shoulder/arm/forearm strain

Symptoms _____ lumbar sp
significant neck/posterior shulder pain & stiffness; decreased ROM - cervical,

Is this condition due to ☒ an Accident ☐ a Sickness?    Date symptoms first appeared or accident occurred:  10/27/03

Is the accident or sickness related to the patient's employment? ☐ Yes ☒ No ☐ Unknown

| Date restrictions and limitations began.  10/27/03 | Has patient ever been treated for the same or similar condition? ☐ Yes ☒ No If yes, state when and describe. |
|---|---|

**3. Information About the Patient's Ability to Work - this information is critical to understanding your patient's condition**

Has patient been released to work in his/her occupation? ☐ Yes ☒ No  in any ocupation? ☐ Yes ☒ No

If the patient has demonstrated a loss of function, please provide restrictions and limitations and the date they began in the space provided below.

Fully describe restrictions and limitations.
RESTRICTIONS (What the patient should not do)

PATIENT CURRENTLY ON TEMPORARY TOTAL DISABILITY

LIMITATIONS (What the patient cannot do)

| When should the patient be able to return to work?  Full Time: | Part Time: 2/1/04 (tentative date) | | | |
|---|---|---|---|---|

| Height/Weight | Blood Pressure Last Visit | If Pregnancy, Expected Delivery Date | If Delivered, Actual Delivery Date | Delivery Type ☐ Normal  ☐ C-Section |
|---|---|---|---|---|

| Date of first visit for this illness or injury 10/30/03 | Date of next visit 1/20/04 | Date of last visit 12/22/03 | Frequency of visits 4-6 weeks |
|---|---|---|---|

| Is patient: ☒ Ambulatory  ☐ House Confined  ☐ Bed Confined  ☐ Hospital Confined | Has patient been admitted to hospital? ☐ Yes ☐ No  Confined From:          To: |
|---|---|

If Hospital Confined, give name and address of hospital

Have you completed claim forms regarding this patient for other insurance carriers? ☐ Yes ☐ No  If yes, state date and name of insurance company:

## 4. Names and Addresses of Other Treating Physicians

Referring physician or other treating physicians (names, address, phone #'s):

**REQUIRED ATTACHMENTS AND SIGNATURES**
Please make sure that office notes, test results, and discharge summaries are attached. This will help reduce additional requests.
**FRAUD NOTICE:** Any person who knowingly files a statement of claim containing false or misleading information is subject to criminal and civil penalties. This includes Employer and Attending Physician portions of the claim form.
The above statements are true and complete to the best of my knowledge and belief.

| Print or Type Name Ross M. Ufberg, M.D. | Degree | Medical Specialty Physical Medicin |
|---|---|---|
| Street Address 1021 Gilpin Ave; Suite 101 | | Phone Number ( 302 ) 575-177 |
| City Wilmington, | State DE | Zip Code 19806 | Fax ( 302 ) 575-1780 |
| Signature of Physician | | Date 1/19/04 |
| SSN or Employer's ID Number: 51-0302307 | | |

1402-99 (11/01)

## CHRISTIANA CARE HEALTH SERVICES
## REQUEST FOR LEAVE OF ABSENCE

Date _____11/13/03_____       Last day worked: _____

Name/SS# _Stephanie J. Joul  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_    Paid Leave Start: _____

Address _14 ALBANY Ave_       Unpaid Leave Start: _____

_New Castle De 19720_       Projected Return: _____

_____       Dept/Cost Center: _____

Telephone _(302) 658-6740_

I request leave: ___✓__ Medical       _____ Personal

____ for the birth or adoption of a child or for the placement of a child for foster care.

____ to care for an immediate family member (circle one: spouse, child or parent) with one of the following serious health conditions (certificate required):

_✓_ because I am unable to work due to one of the following serious health conditions (certificate required):

     ____ period of incapacity or treatment connected with inpatient care in a hospital, hospice or residential medical care facility.

     _✓_ period of incapacity requiring absence of more than three (3) calendar days from work, school or other regular daily activities or any subsequent treatment/period of incapacity that also involves either continuing treatment by (or under the supervision of) a healthcare provider or treatment two or more times.

     ____ any period of incapacity due to pregnancy or for prenatal care.

     ____ any period of treatment for incapacity due to a chronic serious healthcare condition.

     ____ any period of incapacity which is permanent or long term due to a condition for which treatment may not be effective and for which I am under continuing supervision of a healthcare provider.

     ____ any period of absence to receive multiple treatments by a healthcare provider for surgery after an accident or injury or for a condition that

A "**Serious Health Condition**" means an illness, injury, impairment, or physical or mental condition that involves one of the following:

1.  Hospital Care

    **Inpatient care** (i.e., an overnight stay) in a hospital, hospice, or residential medical care facility, including any period of incapacity or subsequent treatment in connection with or consequent to such inpatient care.

2.  Absence Plus Treatment

    (a)  A period of incapacity of **more than three consecutive calendar days** (including any subsequent treatment or period of incapacity relating to the same condition), that also involves:

        (1)  **Treatment two or more times** by a health care provider, by a nurse or physician's assistant under direct supervision of a health care provider, or by a provider of health care services (e.g., physical therapist) under orders of, or on referral by, a health care provider; or

        (2)  **Treatment** by a health care provider on **at least one occasion** which results in a **regimen** of continuing **treatment** under the supervision of the health care provider.

3.  Pregnancy

    Any period of incapacity due to **pregnancy**, or for **prenatal care**

4.  Chronic Conditions Requiring Treatments

    A chronic condition which:

        (1)  Requires **periodic visits** for treatment by a health care provider, or by a nurse or physician's assistant under direct supervision of a health care provider;

        (2)  Continues over an **extended period of time** (including recurring episodes of a single underlying condition); and

        (3)  May cause **episodic** rather than a continuing period of incapacity (e.g., asthma, diabetes, epilepsy, etc.)

5.    <u>Permanent/Long-Term Conditions Requiring Supervision</u>

A period of **incapacity** which is **permanent or long-term** due to a condition for which treatment may not be effective.  The employee or family member must be **under the continuing supervision of, but need not be receiving active treatment by, a health care provider.**  Examples include Alzheimer's, a severe stroke, or the terminal stages of a disease.

6.    <u>Multiple Treatments (Non-Chronic Conditions)</u>

Any period of absence to receive **multiple treatments** (including any period of recovery therefrom) by a health care provider or by **a provider of health care services under orders of, or on the referral by,** a health care provider, either for **restorative surgery** after an accident or other injury, **or for a condition that would likely result in a period of incapacity of more than three consecutive calendar days in the absence of medical intervention or treatment,** such as cancer (chemotherapy, radiation, etc.), severe arthritis (physical therapy), kidney disease (dialysis).

would likely result in a period of incapacity of more than three consecutive calendar days if not treated.

Requested length of leave:  _____

Please provide the specifics regarding the reason for leave:

Medical Leave, car accident.

I understand that when my requested leave of absence is for birth or placement for adoption or foster care, it must conclude within 12 months of the birth or placement. Also, use of intermittent leave in such cases is subject to my employer's approval.

I understand that the following terms apply to my FMLA leave of absence:

- I have the option to use accrued paid leave and disability leave for my illness and paid leave only for personal leave.

- My employer will continue to maintain my group health insurance coverage if such coverage was provided before.

- Upon my return I will be restored to my original job or to an equivalent job with equivalent pay, benefits and other employment terms and conditions provided I do not exceed 12 weeks leave in a 12 month period measured backward from the current leave. I will not be entitled to any more rights, benefits, or employment beyond that to which I would have been entitled had I not taken FMLA leave.

- If I am a "key" employee, my employer may refuse to reinstate me upon my return, according to the specified and limited circumstances provided in FMLA of 1993.

I understand that I must request a leave of absence as far in advance as reasonably and practically possible. I must give 30 days notice of my need to use FMLA leave when the need is foreseeable. I understand that I will be required to provide medical certification to support my need for leave due to a serious health condition affecting me or an immediate family member. I also understand that my employer may require second and third medical opinions and period recertifications and I may be required to provide periodic reports during FMLA leave regarding my status and intent to return to work.

I understand that if FMLA leave is needed to care for my immediate family member or for my own illness, and it is for planned medical treatment, I must schedule treatment so that it will not unduly disrupt my employer's operation.

_____
Employee's Signature

_____
Date

_____
Employer's Approval

_____
Date



**Wilmington
Pain & Rehabilitation
Center**

Physical Medicine & Rehabilitation
Electromyography
Sports Medicine

30 October 2003

RE:    Ford, Stephanie
           Initial Evaluation

The patient presents with chief complaints of neck, upper back, and right sided rib pain. The patient is a 41 year old, right handed, black female injured in a motor vehicle accident on 10/27/03. She was the driver of a pick-up truck, wearing a seatbelt, which was making a left hand turn into the Shoprite on Route 4, when a car coming from the opposite direction made a right hand turn into the patient's lane striking her on the passenger side of her pick-up truck. She recalls being thrown forward being grabbed by the seatbelt. She denied striking her head or any loss of consciousness. That night she noted neck, back, and rib pain. She sought attention at St. Francis Hospital Emergency Room where she was evaluated with X-rays performed.

The patient describes her neck pain as stiffness and tightness across her neck and shoulder slopes. She describes occasional numbness in both forearms and finger tips, left side worse than the right. She denies any weakness in her upper extremities.

The patient describes her back pain as tightness and stiffness across her upper back and shoulder blades. She denies any weakness or numbness in her lower extremities. She denies any bowel or bladder symptoms. She states she has noted some soreness over the back of her thighs.

The patient describes her right sided rib pain as an aching over her lower ribs on the front on the right side.

She has noted good relief with the Motrin 600 mg. which she has been taking daily for pain and resting well with Flexeril 5 mg. at bed time. She has had difficulty getting her neck comfortable at night with her pillows.

Past Medical History:

No previous neck, back, or rib injuries or problems. No previous surgical illnesses. No known drug allergies.

Ford, Stephanie
30 October 2003
Page 2

Social and Functional History:

> The patient is single and lives with her 9 year old daughter. She was working two jobs at the time of the accident. Her full time position is as an X-ray clerk at Christiana Care in the mammography department. This requires frequent bending and lifting with occasional heavy lifting of X-ray films. Her second job is a part time job in environmental services at St. Francis Hospital approximately 25 hours per week performing custodial services which involves bending, lifting and pushing carts. She has been unable to return to either job since 10/27/03 due to her injuries in the motor vehicle accident.

Physical Examination:

> Reveals a thin black female in moderate distress. Her posture included her shoulders being in a shrugged up position.

Range of Motion:

> Cervical spine - decreased extension, right rotation 55°, left rotation 60° with decreased lateral flexion bilaterally. Pain reported on rotation and lateral flexion bilaterally.

> Lumbosacral spine - decreased forward flexion limited to 50°, extension 5°, rotation 50° bilaterally.

Muscle Examination:

> Spasm noted over the trapezius and thoracic paraspinal muscles bilaterally with tenderness noted over the trapezius, cervical, thoracic, and lumbosacral paraspinal muscles bilaterally.

Extremity Examination:

> Right shoulder - active abduction 120°. Tenderness noted over the infraspinatus, deltoid, biceps, and extensor forearm musculature.

> Left shoulder - active abduction 120°. No tenderness noted.

> Right lower extremity - tenderness noted over the hamstring muscles.

> Left lower extremity - tenderness noted over the hamstring muscles.

Ford, Stephanie
30 October 2003
Page 3

Chest Examination:

Tenderness noted over the right sided lower anterior ribs.

Motor Examination:

Upper extremity strength - deltoids, biceps, triceps, wrist flexors, extensors, hand intrinsics, 5/5 bilaterally.

Lower extremity strength - iliopsoas, quadriceps, hamstrings, hip abductors and adductors, ankle dorsi and plantar flexors, 5/5 bilaterally.

Sensory Examination:

Intact to light touch and pinprick.

Reflexes:

Biceps, triceps, brachioradialis, patellar, ankle jerks, +2 bilaterally.

Impression:

1.    Cervical, thoracic, lumbosacral strain.

2.    Status-post right sided rib trauma.

3.    Bilateral hamstring strain.

4.    Right shoulder, arm and forearm strain.

Recommendations:

1.    Will obtain records and X-ray reports from St. Francis Hospital Emergency Room.

2.    Temporary total disability.

3.    Continue Motrin 600 mg. p.o. q6hrs, prn pain with food and Flexeril 5 mg. p.o. hs., prn muscle spasm.

4.    Cervical pillow.

30 October 2003
Page 4

Recommendations (Cont'd):

5. Begin outpatient therapy to reduce pain symptoms, increase range of motion and tolerance for activity.

6. Re-evaluation in 1 week (11/10/03 @ 8:30).

Ross M. Ufberg, M.D.

RMU/slm
cc:     PMC

## CERTIFICATION OF HEALTH CARE PROVIDER
### (Family and Medical Leave Act of 1993)

1.  Employee's Name: Stephanie L. Ford

2.  Patient's Name (if different from employee):

3.  The attached sheet describes what is meant by a **"serious health condition"** under
    the Family and Medical Leave Act.  Does the patient's condition qualify under
    any of the categories described?  If so, please check the applicable category.

    (1)___ (2)_✓_ (3)___ (4)___ (5)___ (6)___    **or**

    None of the above ___

4.  Describe the **medical facts** which support your certification, including a brief
    statement as to how the medical facts meet the criteria of one of these categories:

    decreased range of motion - cervical spine; pain and tenderness in
    cervical, thoracic, and lumbosacral paraspinal muscles bilaterally;
    decreased range of motion lumbar spine

c. If the patient will need care only **intermittently** or on a part-time basis, please indicate the probable duration of this need:



_____
(Signature of Health Care Provider)

_Physical Medicine_
(Type of Practice)


_1021 Gilpin Ave; Suite 101_
(Address) Wilmington, DE 19806

_302-575-1776_
(Telephone number)


**To be completed by the employee needing the family leave to care for a family member:**

State the care you will provide and an estimate of the period during which care will be provided, including a schedule if leave is to be taken intermittently or if it will be necessary for you to work less than a full schedule:








_____
(Employee Signature)

_____
(Date)

ROSS M. UFBERG, M.D.
WILMINGTON PAIN & REHABILITATION CENTER, P.A.
1021 GILPIN AVENUE, SUITE 101
WILMINGTON, DELAWARE 19806
TELEPHONE (302) 575-1776

DISABILITY CERTIFICATE

Date: _10/30/03_

To Whom It May Concern:

This is to certify that:

_Stephanie Ford_

has been under my professional care and was

☑ Totally incapacitated

☐ Partially incapacitated

from _10/27/03_ to _11/16/03_ *

secondary to a:

☑ motor vehicle accident on _10/27/03_

☐ work accident on _____

☐ illness

☐ other

Remarks:_____

_____

_____

Signed:_____

*patient to be re-evaluated prior to any change in disability status.



# Wilmington
## Pain & Rehabilitation
### Center

Physical Medicine & Rehabilitation
Electromyography
Sports Medicine

10 November 2003

RE:  Ford, Stephanie
WPRC# 8530

The patient reports some overall improvement in her neck, back and rib pain. She continues to note tightness over her shoulder slopes and occasionally in her posterior thighs.   She has been out of the Flexeril 5 mg. due to being unable to afford the medication. She has been using Motrin 600 mg. daily for pain using her cervical pillow at night.  She notes relief with the outpatient therapy.

Physical Examination:

Reveals a thin black female in mild distress.

Range of Motion:

Cervical spine - decreased extension, right rotation 50°, left rotation 60° with decreased lateral flexion bilaterally.  Pain reported on rotation and lateral flexion bilaterally.

Lumbosacral spine - decreased forward flexion limited to 60°.

Muscle Examination:

Tenderness noted over the trapezius, cervical, thoracic, and lumbosacral paraspinal muscles bilaterally.

Extremity Examination:

Right shoulder - active abduction full.  Tenderness noted over the infraspinatus, deltoid, and biceps muscle.

Right and left  lower extremities - no tenderness noted.

Wilmington Pain & Rehabilitation Center, P.A.
302 • 375 • 1776
1021 Gilpin Avenue • Suite 101 • Wilmington, DE • 19806 • 3263
FAX: 302 • 575 • 1780

Ford, Stephanie
10 November 2003
Page 2

Chest Examination:

Mild tenderness noted over the right sided lower anterior ribs.

Reflexes:

Biceps, triceps, brachioradialis, patellar, ankle jerks, +2 bilaterally.

Impression:

1.    Cervical, thoracic, lumbosacral strain.

2.    Status-post right sided rib trauma.

3.    Bilateral hamstring strain.

4.    Right shoulder, arm and forearm strain.

Recommendations:

1.    Records and X-ray reports pending from St. Francis Hospital Emergency
      Room.

2.    Continue temporary total disability.

3.    Samples of Flexeril 5 mg. 1-2 tablets p.o. hs., prn muscle spasm given to
      the patient today. Continue Motrin 600 mg. p.o. q6hrs, prn pain with food.

4.    Continue outpatient therapy to reduce pain symptoms, increase range of
      motion and tolerance for activity.

5.    Continue home program of stretching exercises.

6.    Re-evaluation in 3 weeks (12/4/03 @ 8:30).

Ross M. Ufberg, M.D.

RMU/slm
cc:   PMC

ROSS M. UFBERG, M.D.
WILMINGTON PAIN & REHABILITATION CENTER, P.A.
1021 GILPIN AVENUE, SUITE 101
WILMINGTON, DELAWARE 19806
TELEPHONE (302) 575-1776

## DISABILITY CERTIFICATE

Date: _11/10/03_

To Whom It May Concern:

This is to certify that:

_Stffanie Ford_

has been under my professional care and was

☑ Totally incapacitated

☐ Partially incapacitated

from _11/10/03_ to _12/5/03_ . *

secondary to a:

☑ motor vehicle accident on _10/27/03_

☐ work accident on _____

☐ illness

☐ other

Remarks:_____

_____

Signed:_____

*patient to be re-evaluated prior to any change in disability status.



Wilmington
Pain & Rehabilitation
Center

Physical Medicine & Rehabilitatio
Electromyography
Sports Medicine

4 December 2003

RE:     Ford, Stephanie
         WPRC# 8530

The patient continues to note significant neck, back, and posterior shoulder pain. She has had less problems with rib discomfort. She is using Motrin 600 mg. daily for pain and Flexeril 5 mg. nightly for muscle stiffness. She states she has been unable to attend therapy the past three weeks due to other medical problems.

Physical Examination:

Reveals a thin black female in moderate distress; postured with her shoulders shrugged up around her neck.

Range of Motion:

Cervical spine - decreased extension, right rotation 40°, left rotation 50° with decreased lateral flexion bilaterally. Pain reported on rotation and lateral flexion bilaterally.

Lumbosacral spine - decreased forward flexion limited to 70°.

Muscle Examination:

Spasm noted over the trapezius and lumbar paraspinal muscles bilaterally with tenderness noted over the trapezius, cervical, thoracic, and lumbosacral paraspinal muscles bilaterally.

Extremity Examination:

Right shoulder - no tenderness noted.

Ford, Stephanie
4 December 2003
Page 2

Chest Examination:

No tenderness noted over the right sided ribs.

Reflexes:

Biceps, triceps, brachioradialis, patellar, ankle jerks, +2 bilaterally.

Impression:

1.    Cervical, thoracic, lumbosacral strain.

2.    Status-post right sided rib trauma.

3.    Bilateral hamstring strain.

4.    Right shoulder, arm and forearm strain.

Recommendations:

1.    Records and X-ray reports pending from St. Francis Hospital Emergency Room.

2.    Restart outpatient therapy to reduce pain symptoms, increase range of motion and tolerance for activity.

3.    Continue temporary total disability.

4.     Continue Motrin 600 mg. p.o. q6hrs, prn pain with food and Flexeril 5 mg. 1-2 tablets  p.o. hs., prn muscle spasm.

5.    Continue home program of stretching exercises.

6.    Re-evaluation in 3 weeks (12/22/03 @ 11:30).

Ross M. Ufberg, M.D.

RMU/slm
cc:    PMC

ROSS M. G. BERG, M.D.

**WILMINGTON PAIN & REHABILITATION CENTER, P.A.**
1021 GILPIN AVENUE, SUITE 101
WILMINGTON, DELAWARE 19806
TELEPHONE (302) 575-1776

---

DISABILITY CERTIFICATE

Date: 12/4/03

To Whom It May Concern:

This is to certify that:

_Stephanie Ford_

has been under my professional care and was

☑ Totally incapacitated

☐ Partially incapacitated

from _12/4/03_ to _1/4/04_ *

secondary to a:

☑ motor vehicle accident on _10/27/03_

☐ work accident on _____

☐ illness

☐ other

Remarks:_____

_____

Signed: _____

*patient to be re-evaluated prior to any change in disability status.

M.D.
lical Director

**Wilmington
Pain & Rehabilitation
Center**

Physical Medicine & Rehabilitation
Electromyography
Sports Medicine

22 December 2003

RE:   Ford, Stephanie
WPRC# 8530

The patient continues to note significant neck and posterior shoulder pain and stiffness and pulling sensations. Overall, she has noted some improvement in her back discomfort. She is using Motrin 600 mg. during the day for pain and Flexeril 5 mg. ½ to one tablet nightly which does help her rest. She notes improvement with the outpatient therapy. She is attempting her home program of stretching exercises.

Physical Examination:

Reveals a thin black female in moderate distress; postured with her shoulders partially shrugged up around her neck.

Range of Motion:

Cervical spine - decreased left rotation 65°, right rotation 50° with decreased lateral flexion bilaterally. Pain noted on rotation and lateral flexion.

Lumbosacral spine - decreased forward flexion limited to 60°.

Muscle Examination:

Mild spasm noted over the upper trapezius muscles with tenderness noted over the trapezius, cervical, thoracic, and lumbosacral paraspinal muscles bilaterally.

Reflexes:

Biceps, triceps, brachioradialis, patellar, ankle jerks, +2 bilaterally.

Impression:

1.    Cervical, thoracic, lumbosacral strain.

Roel, Sandra
22 December 2003
Page 2

Impression (Cont'd):

2. Status-post right sided rib trauma.

3. Bilateral hamstring strain.

4. Right shoulder, arm and forearm strain.

Recommendations:

1. Records and X-ray reports pending from St. Francis Hospital Emergency Room.

2. Continue outpatient therapy to reduce pain symptoms, increase range of motion and tolerance for activity.

3. Continue temporary total disability.

4. Continue Motrin 600 mg. p.o. q6hrs, prn pain with food and Flexeril 5 mg. ½ - 1 tablet p.o. hs., prn muscle spasm.

5. Continue home program of stretching exercises.

6. Re-evaluation in 4 weeks (1/20/04 @ 10:30).

Ross M. Ufberg, M.D.

RMU/slm
cc:    PMC

5. a.  State the approximate **date** the condition commenced, and the probable **duration** of the condition (and also the probable duration of the patient's present **incapacity** if different):

                            `10/27/03`
                            `duration undetermined at this time, tentatively`
                                  `through 12/31/03`

   b.  Will it be necessary for the employee to take work only **intermittently or to work on a less than a full schedule** as a result of the condition (including for treatment described in Item 6 below)?  `yes - patient currently on temporary`
                                         `total disability`

If yes, give the probable duration:

                    `through 12/31/03 (tentative)`

   c.  If the condition is **a chronic condition** (condition #4) or **pregnancy**, state whether the patient is presently incapacitated and the likely duration and frequency of **episodes if incapacity**:

                    `patient on temporary total disability`

6. a.  If additional **treatments** will be required for the condition, provide an estimate of the probable number of such treatments.

        `2-3 weekly for therapy (at least six to eight weeks)`

If the patient will be absent from work or other daily activities because of **treatment** or on an **intermittent** or **part-time** basis, also provide an estimate of the probable number and interval between such treatments, actual or estimated dates of treatment if known, and period required for recovery, if any:

              `patietn currently on temporary total disability`

   b.  If any of these treatments will be provided by **another provider of health services** (e.g., physical therapist), please state the nature of the treatments.

c.  If a **regimen of continuing treatment** by the patient is required under your supervision, provide a general description of such regimen (e.g., prescription drugs, physical therapy requiring special equipment):

> follow-up evaltuation; medications (Flexeril, Motrin); outpatient therapy; home program; temporary total disability

7. a.  If medical leave is required for the employee's **absence from work** because of the **employee's own condition** (including absences due to pregnancy or a chronic condition), is the employee **unable to perform work** of any kind?  ____yes____

b.  If able to perform some work, is the employee **unable to perform any one or more of the essential functions of the employee's job** (please see the attached list of essential job functions)?  _____  If yes, please list the essential functions the employee is unable to perform:

c.  If neither a. or b. applies, is it necessary for the employee to be **absent from work for treatment?**  _____

8. a.  If leave is required to **care for a family member** of the employee with a serious health condition, **does the patient require assistance** for basic medical or personal needs or safety, or for transportation?  _____

b.  If no, would the employee's presence to provide **psychological comfort** be beneficial to the patient or assist in the patient's recovery?  _____

ROSS M. UFBERG, M.D.
WILMINGTON PAIN & REHABILITATION CENTER, P.A.
1021 GILPIN AVENUE, SUITE 101
WILMINGTON, DELAWARE 19806.
TELEPHONE (302) 575-1776

## DISABILITY CERTIFICATE

Date: __12/22/03__

To Whom It May Concern:

This is to certify that:

__Stephanie Ford__

has been under my professional care and was

☑ Totally incapacitated

☐ Partially incapacitated

from __12/22/03__ to __1/20/04__

secondary to a:

☑ motor vehicle accident on __10/27/03__

☐ work accident on _____

☐ illness

☐ other

Remarks:_____

Signed:_____

*patient to be re-evaluated prior to any change in disability status.

 **CHRISTIANA CARE**

01-15-2002

S L FORD

19 ALBANY AVENUE
NEW CASTLE        DE 19720

This statement confirms the
choices you made for 2002 under
the Christiana Care Flex Plus
Program.

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

We will only accept changes that
are typographical errors.
Make corrections directly on this form
and return it to the BENEFITS/RE-
CORDS SECTION, WILM HOSPITAL.
VNA employees return form to
HUMAN RESOURCES, NEW CASTLE.

| Benefit Plan | Option | Family Code | Cost Per Pay |
|---|---|---|---|
| Long Term Disability | A | | $2.37 |
| Life Insurance (Emp) | C | E | $3.26 |
| Personal Accident Ins. | B | E | $0.55 |
| Health Care: Medical | ADVANTAGE: YOU ONLY | | $129.87 |
| Dental | B | E | $13.80 |
| Health Care Account | | | $0.00 |
| Dependent Care Account | | | $0.00 |

| | |
|---|---|
| Total Cost: | $149.85 |
| Total Benefit Dollars: | $144.59 |
| Flex Amount: | $5.26- |

| Medical Dependent Name | Soc. Sec. # | Birth Date |
|---|---|---|
| S. | | |
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |

Please compare this confirmation to your flex enrollment form.  If
we do not hear from you within ten days, we will assume these
selections are correct. This statement confirms that we have your
permission to add/deduct the flex amount to/from your pay.

You may obtain any of the medical plan booklets by calling Benefits.
For CCHS call 428-5794.  For VNA call 325-7406.

Form:C1

CERTIFICATE OF GROUP HEALTH PLAN COVERAGE

 **CHRISTIANA CARE**

IMPORTANT - This Certificate provides evidence of your prior health
coverage.  You may need to furnish this Certificate if you become
eligible under a group health plan that excludes coverage for
certain medical conditions that you had before you enrolled.  This
Certificate may need to be provided if medical advice, diagnosis,
care, or treatment was recommended or received for the condition
within the six-month period prior to your enrollment in the new plan.
If you become covered under another group health plan, check with the
plan administrator to see if you need to provide this Certificate.
You may also need this Certificate to buy, for yourself or your
family, an insurance policy that excludes coverage for medical
conditions that are present before you enroll.

1.      Date of this Certificate:  05-04-2004

2.      Name of Group Health Plan:  Christiana Care Health System

3.      Name of Participant:         S L FORD

4.      Identification Number of Participant:  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

5.      Name of any dependents to whom this Certificate applies:

6.      Plan Administrator for Information:
                        William E. MacDonald, Benefits Manager
                        Christiana Care Health System
                        P. O. Box 1668
                        Wilmington, DE  19899
                        (302) 428-5794

7.      Employee covered for 18 months or longer    _X_ YES ____ NO

8.      Date of hire:         08/24/1987

9.      Date coverage began:  12/01/1987

10.     Date coverage ended/will end:   04/30/2004

Note:  Separate Certificates will be furnished if information is not
identical for the participant and each beneficary.

FORM: BA

Week _____

ame _____ Stephanie Ford

tes 6/28/02 to 7/1/02

## INTENSIVE JOB SEARCH LOG

ease provide & submit proof of your job search efforts to your Case Manager weekly. Acceptable documentation will be fax trans mittal
m, copy of newspaper ad, email address of job listing, copy of website posting, etc. Minimum of 5 job searches per week.

| Date | Job Title | Telephone # /Fax # | Company/Contact Name | Results |
|------|-----------|---------------------|----------------------|---------|
| tes | interview - 7/2/02 | Clerk position / Christiana Hospital Career Center | | |
| tes | | | | |
| tes | | | | |
| tes | | | | |
| tes | | | | |
| tes | | | | |

Search results verified by : _____                                Date: _____

**Additional Comments:**

Name _Stephanie Ford_

Dates _7/5/04_ to _7/9/04_

Week ___ of 4

## INTENSIVE JOB SEARCH LOG

Please provide & submit proof of your job search efforts to your Case Manager weekly. Acceptable documentation will be fax transmittal form, copy of newspaper ad, email address of job listing, copy of website posting, etc.  Minimum of 5 job searches per week.

| | Date | Job Title | Telephone # /Fax # | Company/Contact Name | Results |
|---|---|---|---|---|---|
| 1 | 7/7/04 | Clerk | (302) 395-0400 | Stratus Services Group | completed application |
| Notes | | | | | |
| 2 | 7/7/04 | Security Officer | | Bennetts Security Service | completed application |
| Notes | | | | | |
| 3 | 7/8/04 | Security Officer | | Allied Security | completed application |
| Notes | | | | | |
| 4 | 7/8/04 | Westaff Temp Service — Security Officer | | | |
| Notes | | | | | |
| 5 | | | | | |
| Notes | | | | | |
| 6 | | | | | |
| Notes | | | | | |

Job Search results verified by : _____    Date: _____

**Additional Comments:**

Job-Search-Log.Doc

Name ___Stephanie Ford___

Dates ___6/21/04___ to ___6/25/04___

Week ___

## INTENSIVE JOB SEARCH LOG

Please provide & submit proof of your job search efforts to your Case Manager weekly. Acceptable documentation will be fax trans- mittal form, copy of newspaper ad, email address of job listing, copy of website posting, etc.  Minimum of 5 job searches per week.

| Date | Job Title | Telephone #/Fax # | Company/Contact Name | Results |
|------|-----------|-------------------|----------------------|---------|
| 6/24/04 | Residency Program Assistant / | | Christiana Care Hospital / | Completed application |
| Notes | | | | |
| 6/24/04 | Collections Specialist | Home Health/ | Christiana Care Hospital / | Completed application |
| Notes | | | | |
| 6/24/04 | Operations Support Specialist / | | Delaware Psychiatric Center / | Completed application |
| Notes | | | | |
| 6/25/04 | Home Health Assistant / | | Christiana Care Hospital | Completed application |
| Notes | | | | |
| 6/25/04 | Eperia Technician / | | Christiana Care Hospital / | Completed application |
| Notes | | | | |
| Notes | received phone call - Mrs. John Judy 428-3765 about Home Health Position 7/1/04 Christiana Care Hospital | | | |

Job Search results verified by : _____    Date: _____

Additional Comments:

Name _Stephanie Ford_

Dates _6/14/04_ to _6/18/04_

Week _____ of 4

## INTENSIVE JOB SEARCH LOG

Please provide & submit proof of your job search efforts to your Case Manager weekly. Acceptable documentation will be by fax transmittal form, copy of newspaper ad, email address of job listing, copy of website posting, etc. Minimum of 5 job searches per week.

| | Date | Job Title | Telephone # / Fax # | Company/Contact Name | Results |
|---|---|---|---|---|---|
| 1 | 6/15/04 | Medical Records Clerk | (302) 651-4400 | A.I. Dupont Hospital | Completed Application |
| Notes | | | | | |
| 2 | 6/15/04 | Laundry Aide & Environmental Service | | St. Francis Hospital | Completed Application |
| Notes | | | | | |
| 3 | 6/18/04 | Home Health Training Program | (302) 428-5746 | Christiana Care Hospital | Completed Application |
| Notes | | | | | |
| 4 | 6/18/04 | Assistant Program | (302) 428-5746 | Christiana Care Hospital | Completed Application |
| Notes | | | | | |
| 5 | 6/18/04 | Security Officer | (302) 428-5746 | Christiana Care Hospital | Completed Application |
| Notes | | | | | |
| 6 | | | | | |
| Notes | | | | | |

Job Search results verified by : _____   Date: _____

Additional Comments:

Job-Search-Log.Doc

Name _Stephanie York_

Dates _6/7/04_ to _6/11/04_

Week ____ of 4

## INTENSIVE JOB SEARCH LOG

Please provide & submit proof of your job search efforts to your Case Manager weekly. Acceptable documentation will be fax transmittal form, copy of newspaper ad, email address of job listing, copy of website posting, etc. Minimum of 5 job searches per week.

| Date | Job Title | Telephone #/Fax # | Company/Contact Name | Results |
|------|-----------|-------------------|----------------------|---------|
| 1 6/11/04 | Home Health Assistant | (302) 428-5746 | Christiana Care Hospital | completed application |
| Notes | Interview - 6/8/04 Clerk position / Christiana Care Hospital / 5C 5th floor | | | |
| 2 6/11/04 | Clerk - | (302) 428-5746 | Christiana Care Hospital - | completed application |
| Notes | | | | |
| 3 6/11/04 | Consignment Assistant - | (302) 428-5746 | Christiana Care Hospital / completed appl. | |
| Notes | | | | |
| 4 6/11/04 | Service Assistant - | (302) 428-5746 | Christiana Care Hospital / completed appl. | |
| Notes | | | | |
| 5 6/11/04 | Scheduler | - 302 428-5746 | - Christiana Care Hospital / completed appl. | |
| Notes | | | | |
| 6 6/12/04 | Correctional Officer | (302) 739-5458 | The Employer Relation Center / completed application | |
| Notes | | | | |

Job Search results verified by:

Call Delaware Tech College
Mrs. Greeley
Job Search by me: reference (302) 830-5209
in reference to Phlebotomy and Medical Coding Program

Date: _____

<u>Additional Comments:</u>

Have appointment Phlebotomy 6/15/04
Information Session at Delaware Tech Community College
August 5, 2004
10:00 to 12:00

Name _Stephanie Ford_

Dates _5/31/04_ to _6/4/04_

Week ____ of 4

## INTENSIVE JOB SEARCH LOG

Please provide & submit proof of your job search efforts to your Case Manager weekly. Acceptable documentation will be fax trans mittal form, copy of newspaper ad, email address of job listing, copy of website posting, etc. Minimum of 5 job searches per week.

| Date | Job Title | Telephone #/Fax # | Company/Contact Name | Results |
|------|-----------|-------------------|----------------------|---------|
| 1 6/4/04 | OR TECH | (302)428-5744 | Christiana Care Hospital /Burton | mr/ completed application |
| Notes | | | | |
| 2 6/4/04 | Admin. Asst. III | (302) 428-5744 | Christiana Care Hospital / Burton | completed application |
| Notes | | | | |
| 3 6/4/04 | Clerk III | (302) 428-5744 | Christiana Care Hospital / Burton | mr/ completed application |
| Notes | | | | |
| 4 6/4/04 | Clerk II | (302) 428-5744 | Christiana Care Hospital / Burton | mr/ completed application |
| Notes | | | | |
| 5 6/4/04 | Career Development | (302) 428-5744 | Christiana Care Hospital / Burton | mr/ completed application |
| Notes | | | | |
| 6 | | | | |
| Notes | | | | |

Job Search results verified by : _____   Date: _____

<u>Additional Comments:</u>

Job-Search-Log.Doc

Name Stephanie Funk

Dates 5/24/04 to 5/28/04

Week _____ of 4

## INTENSIVE JOB SEARCH LOG

Please provide & submit proof of your job search efforts to your Case Manager weekly. Acceptable documentation will be fax transmittal form, copy of newspaper ad, email address of job listing, copy of website posting, etc. Minimum of 5 job searches per week.

| Date | Job Title | Telephone # / Fax # | Company/Contact Name | Results |
|---|---|---|---|---|
| 1 5/28/04 | Clerk | (302) 428-5744 | Christiana Care Hospital / Mr. Burton | Completed application |
| Notes | My Job Recruiter is Mr. Rich Burton (302) 428-5744 | | | |
| 2 5/28/04 | Unit Clerk | (302) 428-5744 | Christiana Care Hospital / Mr. Burton | Completed application |
| Notes | | | | |
| 3 5/28/04 | Clerk | (302) 428-5744 | Christiana Care Hospital / Mr. Burton | Completed application |
| Notes | | | (Mr. Burton) | |
| 4 5/28/04 | Duplicator Operator | (302) 428-5744 | Christiana Care Hospital / Mr. Burton | Completed application |
| Notes | | | (Mr. Burton) | |
| 5 5/28/04 | Health Records Clerk | (302) 428-5744 | Christiana Care Hospital / Mr. Burton | Completed application |
| Notes | | | | |
| 6 | | | | |
| Notes | | | | |

Additional Comments:

Job Search results verified by : _____ Date: _____

Job Search Log.doc

Name Stephanie Irb

Dates 5/18/04 to 5/21/04

Week ____ of 4

## INTENSIVE JOB SEARCH LOG

Please provide & submit proof of your job search efforts to your Case Manager weekly. Acceptable documentation will be fax transmittal form, copy of newspaper ad, email address of job listing, copy of website posting, etc. Minimum of 5 job searches per week.

| | Date | Job Title | Telephone #/Fax # | Company/Contact Name | Results |
|---|---|---|---|---|---|
| 1 | 5/21/04 | Team Coordinator | (302) /job recruiter mrs. Burton 428-5746 | Christiana Care Hospital | Completed application |
| 2 | 5/21/04 | Unit Clerk VZ | (302) 428-5746 | Christiana Care Hospital | Completed application |
| 3 | 5/21/04 | Patient Information Rep. | (302) 428-5746 | Christiana Care Hospital | Completed application |
| 4 | 5/21/04 | Patient Care Technician | (302) 428-5746 | Christiana Care Hospital | Completed application |
| 5 | 5/21/04 | Lab Receiving Clerk | (302) 428-5746 | Christiana Care Hospital | Completed application |
| 6 | | | | | |
| | Notes | | | | |
| 7 | | | | | |
| | Notes | | | | |

Job Search results verified by : _____    Date: _____

**Additional Comments:**

Job Search log.Doc