IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEPHANIE L. FORD | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-CV-00118(KAJ) |
| | : | |
| UNUM LIFE INSURANCE COMPANY OF | : | |
| AMERICA | : | |

## **DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES**

The Defendant, UNUM Life Insurance Company of America ("UNUM") files the

following Answer with Affirmative Defenses to Plaintiff's Complaint:

1. Denied.

2. Denied. UNUM is without knowledge or information sufficient to form a

belief as to the truth of the averments contained in Paragraph 2 and the same are therefore

denied.

3. Denied. UNUM does not have a business or office address located at

1209 Orange Street, Wilmington, Delaware 19801

4. Denied.

5. Denied.

6. Denied.

7. No response required.

8. Admitted in part and denied in part. It is admitted that Plaintiff filed an

appeal of her denial of disability benefits pursuant to the terms of the group long-term disability

policy which was denied. The remaining allegations are denied.

9. Admitted in part and denied in part. It is admitted that Plaintiff was in a car

accident on October 28, 2003. It is denied that Plaintiff's employer denied her disability benefits

because that decision was made by UNUM. With respect to the remaining allegations contained

1

in Paragraph 9 of the Complaint, UNUM is without knowledge or information sufficient to form a belief as to the truth of the averments and the same are therefore denied.   In addition, it is denied that Plaintiff has claims against UNUM under 18 U.S.C. §§ 2301-2318.

10.  Denied.

11.  No response required.

WHEREFORE, UNUM requests that the Complaint be dismissed in its entirety and costs and fees assessed against Plaintiff.

## AFFIRMATIVE DEFENSES

12.  Plaintiff's Complaint must be dismissed for failure to exhaust administrative remedies.

13.  Plaintiff's Complaint must be dismissed because it is untimely.

14.  Plaintiff's Complaint must be dismissed because UNUM did not employ the Plaintiff and is therefore not an employer under Title VII, 42 U.S.C. § 2000e et seq.

15.  UNUM did not discriminate in any manner in deciding that Plaintiff was not entitled to disability benefits.

16.  Plaintiff's Complaint must be dismissed because this Court does not have jurisdiction.

17.  Plaintiff's claim for disability benefits is governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1132 et seq.

18.  Plaintiff's Complaint fails to state a claim upon which relief can be granted.

19.  Plaintiff's claim is barred by the doctrine of waiver, estoppel and/or laches.

20.  Plaintiff's claim, to the extent it arises under state law, is pre-empted by ERISA.

SL1 604822v1/010305.00190

21. To the extent that Plaintiff seeks extra-contractual damages, such claim is prohibited by ERISA.

22. Plaintiff's claim is barred because UNUM's conduct in this case was justified, and/or privileged.

23. Plaintiff is not entitled to the benefits she seeks because, among other things, she is not disabled within the meaning of the Plan.

24. Plaintiff is not entitled to recover in this case because, among other things, the decision to deny Plaintiff's claim was neither arbitrary nor capricious but was, instead, a reasonable, correct and appropriate decision.

25. Plaintiff is not entitled to recover in this case because, among other things, UNUM properly applied the terms of the Plan.

26. Plaintiff is not entitled to recover in this case because, among other things, she failed to comply with her burden under the terms of the Plan to submit sufficient proof of her alleged disability.

27. Any entitlement to benefits (the existence of which is denied) is subject to all the terms, conditions and limitations contained in the Plan.

28. Even if Plaintiff is entitled to benefits at this time, which is denied, such immediate entitlement does not mean that Plaintiff has an entitlement to unlimited future benefits given, inter alia, a possibility for future recovery from any disabling conditions (the existence of which is denied) as well as the effect of different policy requirements, exclusions and/or limitations.

29. Plaintiff's claim may be barred by the applicable statutes of limitations and/or contractual limitation of action provisions.

3

30.  The Plan contains monthly benefit reductions including, but not limited to, reductions for Social Security disability income, estimated or otherwise.

31.  If Plaintiff is entitled to benefits, which is denied, such benefits may have a limited pay period under the terms of the Plan.

32.  Plaintiff is not entitled to benefits if she has the ability to work on a part-time basis, but has chosen not to do so.

Wherefore, UNUM respectfully requests that the Complaint be dismissed in its entirety and costs and fees be awarded to UNUM.

Respectfully submitted,

By

Walter P. McEvilly. Jr.
DSB No. 660
E. Thomas Henefer
PA Attorney I.D. No. 55773
Kirk L. Wolgemuth
PA Attorney I.D. No. 45792
1105 North Market Street, 7th Floor
Wilmington, Delaware  19801
Telephone:  (302) 654-5180
Facsimile:  302-654-5181
E-mail:  wpm@stevenslee.com