IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

STEPHANIE LYNN FORD,              CIVIL ACTION NO. 05-CV-118(KAJ)
          Plaintiff

v.

UNUM LIFE INSURANCE COMPANY OF
AMERICA,
          Defendant

**PROPOSED FINAL PRETRIAL ORDER**

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure.

Plaintiff's counsel: Plaintiff is pro se.

Defendant's counsel is Walter P. McEvilly, Jr. and Kirk L. Wolgemuth of Stevens & Lee, P.C., 1105 North Market Street, 7th Floor, Wilmington, Delaware 19801, Telephone: (302) 654-5180.

## I. NATURE OF THE CASE

UNUM believes that this is a claim for long-term disability benefits under an employee welfare benefit plan regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. Although Plaintiff alleges discrimination in her Complaint, it is believed that the true nature of Plaintiff's claim is a claim under ERISA.

## II. JURISDICTION

This is an action for long-term disability benefits under ERISA. If Plaintiff prevails under her ERISA claim, her claim will be limited to 2.7 months of benefits or $2,231.41.

The jurisdiction of the Court is not disputed. The Court has jurisdiction because ERISA involves a federal question under 28 U.S.C. § 1331.

## III. UNCONTROVERTED FACTS

Plaintiff's complaint involves a claim for discrimination as a result of the denial of her claim for long-term disability benefits under a plan covered by ERISA. Plaintiff is a former employee of Christiana Health Care, who claims she was disabled as a result of an automobile accident on October 27, 2003. Plaintiff suffered a strain to her cervical, thoracic and lumbosacral spine, rib trauma, hamstring strain, and arm, shoulder and forearm strain. Originally, Dr. Ufberg indicated that Plaintiff could return to work by February 1, 2004, but did not release her to return to work until April 13, 2004.

### The Plan

Several provisions of the Christiana Care Health System, Inc. Long Term Disability Plan ("Plan") are particularly relevant. One of the critical issues in this case is whether Unum had sufficient discretionary authority to trigger application of ERISA's arbitrary and capricious standard of review. The Plan provided Unum with the express discretionary authority to determine eligibility for benefits. In addition, the Plan had a 90 day elimination period before Plaintiff could receive disability benefits.

### Plaintiff's Medical Evidence

Plaintiff was involved in an automobile accident on October 27, 2003. At that time, her treating physician diagnosed cervical, thoracic, and lumbar strains along with shoulder, arm and forearm strains. This physician, Ross Ufberg, M.D., did not identify any limitations but stated that Plaintiff was suffering from significant neck and posterior shoulder pain and stiffness along with decreased range of motion. At that time, Dr. Ufberg believed that Plaintiff could return to work on February 1, 2004.

Dr. Ufberg's diagnosis did not change during the course of his treatment of Plaintiff. Although Plaintiff claimed that she was in severe pain and could not work for over five

2

months, Dr. Ufberg did not order any diagnostic testing and did not refer her to chronic pain management.

## Unum's Review of the Medical Records

On March 23, 2004, Sheila Weiss, R.N., thoroughly reviewed the limited medical records submitted by Plaintiff in support of her claim. Weiss concluded that Plaintiff sustained soft tissue injuries as a result of the motor vehicle accident and has received conservative treatment consisting of therapeutic exercises along with anti-inflammatories and mild muscle relaxers. Weiss concluded that the diagnosis remained that of a sprain and strain injuries with no neurological abnormalities and concluded that Plaintiff should recover within two to four weeks of onset with this type of sprain/strain injury. The medical records and Weiss' opinion were then reviewed by Allene Scott, M.D., board certified in occupational medicine, who concluded that there is no basis in the medical records for ongoing total disability as noted by Dr. Ufberg . Dr. Scott concluded that the non-aggressive treatment and infrequent doctor visits do not support Plaintiff's claim of incapacitating injuries.

As a result of the opinions of Shelia Weiss and Dr. Scott, Unum denied Plaintiff's claim for benefits on March 29, 2004. The benefits specialist concluded that the medical records did not support the restrictions imposed by Dr. Ufberg after four weeks for the soft tissue injuries that are identified. Further, because the evidence would support a disability only through November 2003, Plaintiff did not satisfy the 90 day elimination period as set forth in the policy and Plaintiff would not be entitled to benefits. Shortly after the denial of benefits, Dr. Ufberg released Plaintiff to return to work on April 13, 2004.

After the denial of benefits, Plaintiff submitted a report of Dr. Ufberg. Dr. Ufberg included in his April 5, 2004 report that Plaintiff had been involved in a significant motor vehicle

accident on October 27, 2003 and sustained over $1,400 in damage to her vehicle. As a result of Unum's receipt of this record, Unum requested a further review of the records by Dr. Scott. Dr. Scott reviewed Dr. Ufberg's report but it did not change her opinion that Plaintiff should have been able to return to work after a four to six week period following the accident.

### Plaintiff's Appeal

On April 26, 2004, Plaintiff appealed the decision denying her claim for benefits. Although Plaintiff appealed the denial of benefits, she was unable to submit further medical evidence to support her claim of disability because Dr. Ufberg had already released her to return to work on April 13, 2004. Once again, the medical records were thoroughly reviewed by Susan Grover, R.N., an employee of Unum. Grover concluded that the usual recovery time for a sprain/strain type of injury would not exceed four to six weeks. After that point, Grover concluded that the medical records did not support an inability to perform a sedentary to light occupation. Grover's conclusions along with the medical records were then reviewed by Dr. Allen Neuren. Dr. Neuren found that Plaintiff sustained mild soft tissue injuries which should have resolved adequately within a four to six week period. Dr. Neuren further found that there were no findings such as soft tissue swelling, ecchymoses, or x-ray reports documenting soft tissue changes consistent with significant sprains. Dr. Neuren concluded that the typical recovery for such soft tissue injury should not exceed four to six weeks and that impairment beyond this timeframe is not supported.

On June 28, 2004, as a result of the further medical review by Dr. Neuren and Nurse Grover, Unum affirmed the denial of Plaintiff's claim for benefits.

## IV. AGREED ISSUES OF LAW

1. ERISA applies to this case.

2. Whether UNUM's decision denying Plaintiff's claim for long-term disability benefits was arbitrary or capricious.

3. Whether Plaintiff's claim for discrimination is pre-empted by ERISA.

4. Whether Plaintiff has an actionable claim for discrimination against UNUM where Plaintiff is not an employee of UNUM and her claim arises under ERISA.

5. Whether Plaintiff's breach of contract claim for denial of long-term disability benefits is pre-empted by ERISA.

## V. WITNESSES

### A. List of Witnesses Plaintiff expects to call, including experts:

1. Expert Witnesses

2. Non-Expert Witnesses

### B. List of Witnesses Defendant expects to call, including experts:

Because this claim arises under ERISA, the Court is limited to the administrative record prepared by the plan administrator. Defendant does not intend to call any witnesses but rather will argue that the administrative record establishes that UNUM's decision to deny Plaintiff's claim for long-term disability benefits was reasonable and not arbitrary and capricious.

### C. Third Parties:

Not applicable.

### D. Rebuttal Witnesses:

Each of the parties may call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

SL1 677420v1/010305.00190

## VI. EXHIBITS

### A. Defendant's Exhibits:

1. A copy of the long-term disability plan issued to Christiana Health Care.

2. The administrative record.

### B. Plaintiff's Exhibits:

## VII. DAMAGES

If Plaintiff prevails in her claim under ERISA, she would be entitled to $2,231.41.

## VIII. BIFURCATED TRIAL

The parties do not desire a bifurcated trial.

## IX. TRIAL BRIEFS

Defendant does not intend to file a trial brief. The issues raised in Defendant's Motion for Summary Judgment are the issues before the Court.

## X. LIMITATIONS, RESERVATIONS AND OTHER MATTERS

### A. Length of Trial

The probable length of trial is one day.

This is a non-jury trial because it is an ERISA case.

### B. Number of Jurors

Not applicable.

### C. Jury Voir Dire

Not applicable.

It is ordered that this final pre-trial order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such

modification may be made either on application of counsel for the parties or on motion of the Court.

Dated: _____
United States District Judge

Approved as to form and substance

_____
Stephanie Lynn Ford

*/s/ Walter P. McEvilly*
Walter P. McEvilly, Jr., Esquire (BAR ID NO. 660)

*/s/ Kirk L. Wolgemuth by WPM*
Kirk L. Wolgemuth, Esquire

Attorneys for Defendant UNUM Life Insurance Company of America