IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

STEPHANIE LYNN FORD,

    Plaintiff,

V.

UNUM LIFE INSURANCE COMPANY OF
AMERICA,

    Defendant.

Civil Action No.
05-CV-118 (KAJ)

PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

Dated: November 15, 2006

STEPHANIE LYNN FORD

By: *Stephanie L. Ford*

STEPHANIE LYNN FORD
19 ALBANY AVE.
NEWCASTLE, DELAWARE 19720
(302) 658-6740

I. STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

This case against Unum Life Insurance Company Of America involves a claim for discrimination, and discriminately violating the abuse of discretion standards, by denying plaintiff's long term disability benefits, breach of contract for denying long term disability benefits, termination of $75,000 dollars life insurance policy, and the plan administrator acting arbitrary and capricious in denying plaintiff's eligibility for long term disability benefits, and discriminately violating the pinto standards. Plaintiff is responding to Defendant's motion for summary judgment as a result of Unum's decision to deny plaintiff's long-term disability benefits governed by the Employee Retirement Income Security Act 1974 ( ERISA ). PLAINTIFF, STEPHANIE LYNN FORD AM ASKING THIS HONARABLE COURT TO GRANT PLAINTIFF'S COMPLAINT AND SUMMARY JUDGMENT.

II. SUMMARY OF ARGUMENT

The court should grant plaintiff's motion for summary judgment because the claim being raised against Unum Life Insurance Company Of America is actionable. Unum denied plaintiff's long term disability benefits due to a hit and run automobile accident. Disability benefits govern under the Employee Retirement Income Security Act Of 1974 (ERISA). There are several reasons the court should grant plaintiff's motion. For one, The defendant discriminated against the plaintiff, Stephanie Lynn Ford, secondly, the defendant violated the abuse of discretion standards, by denying the plaintiff's eligibility for long term disability benefits. Another, reason the court should grant plaintiff's motion is breach of contract for denying long term disability benefits, and failing to pay the long term disability claim, termination of $ 75,000 dollar life insurance policy. A third reason, the plan administrator acted arbitrary and capricious in determining plaintiff's eligibility in receiving long term disability benefits,( both decides claims as a insurer and as a administrator), and lastly, unreasonably denied plaintiff's long term disability benefits under pinto standards as well. Lain v. Unum Life Insurance Company Of America, The United States District Court Of Appeals, before Barksdale and Stewart, circuit Judges and Rosenthal, District Judge January 29, 2002.
Unum Life Insurance Company Of America is in violation of breach of contract for denying plaintiff's long term disability benefits and terminating her $75,000 dollar Life Insurance Policy. Where is the Life Insurance Policy?, What happen to the money that plaintiff paid into the policy? Unum and the plan administrator acted arbitrary and capricious in determining plaintiff's eligibility for long term disability by acting both as

the insurer and administrator of the policy. Unum relied upon their physican medical opinion to determine plaintiff's long term disability over plaintiff's treating physican Dr. Ross Ufberg M.D. Purnell v. Unum Life Insurance Company Of America, In the United States District Court For The District Of Delaware, Farnan Jr., United States District Judge, April 17, 2002. When an insurer both decides claims and pays benefits from its own assets because, the fund from which the monies are paid is the same fund from which the insurance company reaps its profits is unlikely to render a reasonable decision in granting the plaintiff's the long term disability benefits. Therefore, plaintiff is asking the court to grant the complaint and summary judgment.

III. STATEMENT OF FACTS

Plaintiff's complaint involves a claim for discrimination, violating the abuse of discretion standards, breach of contract, terminating long term disability and $75,000 dollar life insurance policy, the plan administrator acted arbitrary and capricious in determining plaintiff eligibility in receiving long term disability benefits, unreasonably denied plaintiff's benefits under the pinto standards. I the plaintiff, Stephanie Lynn Ford had been working at the Christiana Care Health Systems for 17 years, from August 1987 to October 27, 2003 as a Radiology clerk from 8:00a.m.To 4:00 p.m. Monday thru Friday and a 2nd job at St. Francis Hospital as a housekeeper from 6:00p.m.To 11:00 p.m. Monday, Wednesday, Friday and every other Saturday and Sunday. Plaintiff's primary duties as a radiology clerk is to maintain the flow of patients x-ray films, cat scans, and process mammography films, answer telephone request from other hospital facilities, from patients, and doctors offices. Prepare patients x-ray films for pick-up and to be sent

to other hospitals and doctors offices. File x-ray films and cat scan films. Plaintiff had been working in the Radiology department clerk position for less than a year, previously she worked as a medical records clerk for 9 years of the 17.

The Radiology department was short handed when the plaintiff began working in the department. Plaintiff's normal work day, at 8:00am to 4:00pm. plaintiff covers the x-ray film dark room on the 2nd floor of the radiology department, in the dark room plaintiff process patients mammogram films and chest x-ray films, until 11:30., lunch from 11:30 to 12:00pm. After lunch, plaintiff reports to the 1st floor x-ray file area, there the plaintiff answer phone request from patients and doctors offices, remove films from the wet room area and place in appropriate film jacket and send films to the basement. At around 2:00 in the afternoon, plaintiff is to report to the basement, there she is to refile all of the x-ray films that were from the 1st and 2nd floor, along with answering the telephone requests from other hospitals, patients and doctors offices.

At 6:00pm, Plaintiff reports to her parttime 2nd job at St. Francis Hospital as a housekeeper from 6:00pm to 11:00pm Monday, Wednesday, Friday and every Saturday and Sunday. Plaintiff's primary duties were to clean patients rooms for a clean environment, such as making the patients beds, cleaning the restrooms , and mopping the floors, assisting the nurses and nursing technicians as needed.

On October 27, 2003 I the plaintiff Stephanie Lynn Ford was in a hit and run automobile accident suffering back and neck pain, right rib pain. There was a witness to the accident and she called the licensed plate number into the Delaware State Police, accident causing $14,000 damages to plaintiff pick-up truck. Plaintiff began to experience back and neck pain, right rib pain. Plaintiff went St. francis Hospital emergency room for treatment,

plaintiff was x-rayed and given medication for pain. Plaintiff was released with referral to family doctor. As time went on, the pain in my rib area had became so severe, plaintiff could barely walk upright. On October 30, 2003, Plaintiff was seen by Dr. Ross Ufberg M.D. and he concluded that plaintiff suffered from a strain to her cervical, thoracic and lumbosacral spine, rib trauma, hamstring strain, and arm shoulder and forearm strain. Plaintiff received treatment from the Wilmington Pain & Rehabilitation Center, out patient therapy, medications, motrin 600mg., flexural 5mg and Tylenol 500mg. Plaintiff was under the doctors care from October 30,2003 To April 13, 2004 from Christiana Care Health Systems and St. Francis Hospital.

## THE PLAN

There are many critical issues in this case, Unum Life Insurance Company Of America's plan administrator acted arbitrary and capricious in determining plaintiff long term disability benefits and as a result, their decision along with my former employer Christiana Care Health Systems, discriminately terminated plaintiff long term disability benefits, $75,000 dollar life insurance policy, pension plan benefits, retirement benefits, medical benefits, job employment, personal accident insurance, plaintiff had to cash in 401k plan to pay mortgage.

## PLAINTIFF'S MEDICAL EVIDENCE

Plaintiff was involved in a automobile accident on October 27, 2003, and suffered back, neck and right rib pain. Treating physician Dr. Ross M. Ufberg M.D.1021 Gilpin Avenue Suite 101 Wilmington, Delaware 19806, (302) 575-1776 and St. Francis Hospital 7th & Clayton Street Wilmington, Delaware 19805. I the plaintiff scheduled the

necessary mangement treatment to get well to be able to go back to her normal work schedule at Christiana Care Health Systems and St. Francis Hospital.

## UNUM'S REVIEW OF THE MEDICAL RECORDS

I the plaintiff provided Unum Life Insurance Of America with all the necessary doctors notes from Dr. Ufberg and provided the disability certificates to Christiana Care Health Systems and St.Francis Hospital while being out on (FMLA). On January 15, 2004, I the plaintiff applied for long term disability with Unum, claim # 1179384, due to the automobile accident, the injuries plaintiff suffered were back,neck and rib pain. Unum physicians concluded that a soft tissue unjuries should recover within two to four weeks. However, I the plaintiff, Stephanie Lynn Ford fully disagee with Unum's doctors opinion, because plaintiff experienced a great deal of pain long after the two to four weeks as Unum doctors concluded. There were some days plaintiff could not walk upright or perform work duties at both of plaintiffs'job Christiana Care Hospital or St. Francis Hospital. I the plaintiff have provided the disability certificates and doctors notes to Unum and plaintiff employer. The plan administrator violated the abuse of discretion standard by without even examing the plaintiff and assuming differently from plaintiff's treating physican. Barnhart v. Unum Life Insurance Company Of America, before McMillian, Morris, Sheppard, Arnold, Circuit Judges, and Nangle, Senior District Judges.

## PLAINTIFF'S APPEAL

On April 20, 2004, The Defendant Unum denied plaintiff's request for long term disability benefits, base on Unum's physicians medical opinion that a two to four week

recovery time for soft tissue injury. On April 24,2004 I the plaintiff appealed Unum's decision of denying the long term disability benefits. I the plaintiff believe that Unum's decision to deny plaintiff's benefits was arbitrary and capricious. I the plaintiff am asking this Honorable Court to apply the law this case.

IV. ARGUMENT

The Court should grant plaintiff's motion for summary judgment because the plaintiff has a actionable claim against Unum for discrimination, discriminately violating the abuse of discretion standards, breach of contract, the plan administrator acted arbitrary and capricious in determining plaintiff's benefits, and unreasonable denied plaintiff long term disability benefits under the pinto standards. I the plaintiff asked this HORABLE COURT TO GRANT PLAINTIFF'S COMPLAINT AND SUMMARY JUDGMENT.

> A. Plaintiff Has An Actionable Claim For Discrimination Against Unum, Because, The Plaintiff Was Employed By Christiana Care Health Systems An Employer Who Pays Unum For Employee Benefits. I the Plaintiff had been working at Christiana Care Health Systems for 17 years and had plan to retire from the company.
>
> B. Unum Life Insurance Of America breach contact by denying plaintiff's long term disability benefits, failed to pay the long term disability claim, and terminating plaintiff' $75,000 dollar Life Insurance Policy.

1. The Plan Is Governed By ERISA

I THE PLAINTIFF, STEPHANIE LYNN FORD ASKED THIS HONORABLE COURT TO APPLY THE LAW TO THIS CASE.

2. Plaintiff's State Law Claim Is Preempted.

I THE STEPHANIE LYNN FORD ASKED THIS HONORABLE COURT TO APPLY THE LAW TO THIS CASE.

Breach of Contract Claim

Among other violations, the defendant Unum Life Insurance Company Of America, breach of contract for denying plaintiff's long term disability benefits, failing to pay disability claim, and terminating plaintiff's $75,000 dollar Life Insurance Policy.

C. I THE PLAINTIFF, STEPHANIE LYNN FORD ASKED THIS HONORABLE COURT TO GRANT PLAINTIFF'S COMPLAINT AND SUMMARY JUDGMENT.

1. The Plan administrator acted arbitrary and capricious in determining plaintiff's eligibility for Long Term Disability Benefits.

2. The Defendant, Unum unreasonable denied plaintiff's Long Term Disability

under the Pinto Standards.

Conclusion:

I THE PLAINTIFF'S STEHANIE LYNN FORD HAVE A ACTIONABLE CLAIM AGAINST UNUM LIFE INSURANCE COMPANY OF AMERICA, FOR DISCRIMINATION, VIOLATING THE ABUSE OF DISCRETION STANDARDS, BY DENYING PLAINTIFF'S LONG TERM DISABILITY BENEFITS, BREACH OF CONTRACT, FOR FAILING TO PAY CLAIM AND TERMINATING PLAINTIFF'S $75,000 DOLLAR LIFE INSURANCE POLICY, AND THE PLAN ADMINISTRATOR ACTED ARBITRARY AND CAPRICIOUS IN DETERMINING PLAINTIFF'S ELIGIBILITY FOR LONG TERM DISABILITY BENEFITS.

I THE PLAINTIFF ASKED THIS HONORABLE COURT TO GRANT PLAINTIFF'S COMPLAINT AND SUMMARY JUDGMENT.

CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES

THAT COPIES OF THE FOREGOING

WERE CAUSED TO BE SERVED THIS

NOVEMBER 15, 2006 , UPON THE

FOLLOWING IN THE MANNER INDICATED:

U.S. CERTIFIED MAIL
STEVEN & LEE
WALTER P. MCEVILLY, JR.
ATTORNEY I.D. 0660
KIRK L. WOLGEMUTH
ATTORNEY PA. I.D.45792
1105 NORTH MARKET STREET 7TH FLOOR
WILMINGTON, DELAWARE 19801

STEPHANIE LYNN FORD
19 ALBANY AVE.
NEWCASTLE, DELAWARE 19720