## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

STEPHANIE LYNN FORD,          :   CIVIL ACTION No. 05-CV-118
:
              Plaintiff,    :
:
          v.            :
:
UNUM LIFE INSURANCE COMPANY OF  :
AMERICA,                   :
:
             Defendant.   :

## DEFENDANT'S ANSWERING BRIEF IN OPPOSITION
## TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Dated: November 21, 2006      STEVENS & LEE

By: _____
      Walter P. McEvilly, Jr.
      Attorney I.D. 0660
      Kirk L. Wolgemuth
      Attorney Pa. I.D. 45792
      1105 North Market Street
      Suite 700
      Wilmington, DE  19801
      (302) 425-3300

      Attorneys for Defendant
      Unum Life Insurance Company of America

# TABLE OF CONTENTS

I.     STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ...........................1

II.    SUMMARY OF ARGUMENT .....................................................................................2

III.   STATEMENT OF FACTS ............................................................................................4

IV.    ARGUMENT.................................................................................................................8

      A. Plaintiff Has No Actionable Claim For Discrimination Against Unum
         Because Plaintiff Was Not An Employee of Unum.........................................................9

      B. Plaintiff's Claim To The Extent It Is A Breach Of Contract For Denial Of
         Disability Benefits, Should Be Dismissed Because It Is Preempted By
         ERISA. ......................................................................................................................10

      C. In the Event That the Court Deems Plaintiff's Claim Is Covered by ERISA,
         the Court Should Review Unum's Decision Under the Arbitrary and
         Capricious Standard of Review. ...............................................................................12

      D. The Court Should Affirm The Denial Of Plaintiff's Claim Because Unum
         Did Not Abuse its Discretion But Instead Rendered a Reasonable Decision.............17

V.     CONCLUSION............................................................................................................21

# TABLE OF AUTHORITIES

**CASES**

Abnathya v. Hoffman-La Roche, Inc.,
  2 F.3d 40 (1993)..................................................................................................9, 13, 14, 18

Anderson v. Liberty Lobby, Inc.,
  477 U.S. 242 (1986)..........................................................................................................8

Boren v. N.L. Industries, Inc.,
  889 F.2d 1463 (5th Cir. 1989), cert. denied, 497 U.S. 1029 (1990)........................................12

Cannon v. Group Health Service of Oklahoma, Inc.,
  77 F.3d 1270 (10th Cir.), cert. denied, 117 S. Ct. 66 (1996)..................................................12

Celotex Corp. v. Catrett,
  477 U.S. 317 (1986)..........................................................................................................8

Cerneskie v. Mellon Bank Long Term Disability Plan,
  142 Fed. Appx. 555 (3d Cir. 2005)....................................................................................18

DeWitt v. Penn-Del Directory Corp.,
  106 F.3d 514 (3d Cir. 1997).............................................................................................13

Donaho v. FMC Corp.,
  74 F.3d 894 (8th Cir. 1996) .............................................................................................13

Etkin v. Merck & Co.,
  No. 00-5476, 2001 U.S. Dist. LEXIS 17692 (E.D. Pa. October 30, 2001) ............................19

Fergus v. Standard Ins. Co.,
  27 F. Supp. 2d 1247 (D. Or. 1998) ....................................................................................18

Firestone Tire and Rubber v. Bruch,
  489 U.S. 101 (1989)..........................................................................................8, 9, 12, 13, 14

FMC Corporation v. Holliday,
  498 U.S. 52 (1990)............................................................................................................10

Forchic v. Lippincott, Jacobs & Gruder,
  No. 98-5423 (JBS), 1999 U.S. Dist. LEXIS 21419 (D. N.J. Nov. 29, 1999), aff'd sub
  nom., Forchic v. Standard Ins. Co., No. 99-6132, 2001 U.S. App. LEXIS 6303 (3d
  Cir. March 27, 2001)........................................................................................................19

SL1 636805v3/010305.00190

Grossman v. Marriott International, Inc.,
 144 Fed. Appx. 233, 2005 U.S.................................................................................17

Hall v. Tribe Construction Co.,
 2001 U.S. Dist. Lexis 11175 (W.D. Pa. March 28, 2001) .......................................9

Holland v. Burlington Industries, Inc.,
 772 F.2d 1140 (4th Cir. 1985), aff'd sub nom., Brooks v. Burlington Industries, Inc.,
 477 U.S. 902 (1986)................................................................................................10

Holmes v. Pension Plan of Bethlehem Steel,
 2000 U.S. Dist. LEXIS 6733 (E.D. Pa, May 4, 2000), aff'd in part and rev'd in part,
 213 F.3d 124 (3d Cir. 2000).....................................................................................14

Holtzman v. World Book Co.,
 174 F. Supp. 2d 251 (E.D. Pa. 2001) ....................................................................9, 10

Hoover v. Metropolitan Life Ins. Co.,
 2006 U.S. Dist. LEXIS 5481 (E.D. Pa Feb. 14, 2006) ...........................13, 14, 17, 18

Kehr Packages, Inc., v. Fidelcor, Inc.,
 926 F.2d 1406 (3d Cir.), cert. denied, 510 U.S. 1222 (1991) .................................10

Kemether v. Pennsylvania Interscholastic Athletic Ass'n,
 15 F. Supp. 2d 740 (E.D. Pa. 1988) .........................................................................9

Knabe v. Boury Corp.,
 114 F.3d 407 (3d Cir. 1997)......................................................................................8

Krawczyk v. Harnischfeger Corp.,
 41 F.3d 286 (7th Cir. 1994) .....................................................................................13

Lasser v. Reliance Standard Life Insurance Co.
 344 F.3d 381 (3d Cir. 2003), cert. den., 158 L. Ed. 2d 963 (2004) ........................17

Luby v. Teamsters Health Welfare and Pen. Trust Funds,
 944 F.2d 1176 (3d Cir. 1991).....................................................................................14

Marx v. Meridian Bancorp,
 2001 U.S. Dist. LEXIS 8655 (June 21, 2001, E. D. Pa.), aff'd, 2002 U.S. App. LEXIS
 5277 (3d. Cir. March 27, 2002), cert. denied, 537 U. S. 885............................13, 14

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
 475 U.S. 574 (1986).....................................................................................................8

Miller v. Aetna Healthcare,
 No. 01-2443, 2001 U.S. Dist. LEXIS 20801 .........................................................12

SL1 636805v3/010305.00190

Mitchell v. Eastman Kodak Co.,
    113 F.3d 433 (3rd Cir. 1997) ........................................................................13

Moats v. United Mine Workers of Am. Health and Retirement Funds,
    981 F.2d 685 (3d Cir. 1992)..........................................................................13

Nichols v. Verizon Communications Inc.,
    78 Fed. Appx. 209 (3d Cir. 2003)..................................................................18

Orvosh v. Program of Group Insurance for Salaried Employees of Volkswagen of
    America, Inc.,
    222 F.3d 123 (3d Cir. 2000)......................................................................14, 19

Pane v. RCA Corp.,
    868 F.2d 631 (3d Cir. 1989)..........................................................................12

Pilot Life Ins. Co. v. Dedeaux,
    481 U.S. 41 (1987)..........................................................................10, 11, 12

Pinto v. Reliance Standard Life Ins. Co.,
    214 F. 3d 377 (3d Cir. 2000)......................................................................15, 16

Russell v. The Paul Revere Life Ins. Co.,
    148 F. Supp. 2d 392 (D. Del. 2001), aff'd, 2002 U.S. App. LEXIS 4732................16

Sapovits v. Fortis Benefits Ins. Co.,
    No. 01-3628, 2002 U.S. Dist. LEXIS 24987 (E.D. Pa. Dec. 30, 2002)...................19

Shiffler v. Equitable Life Assur. Soc'y of the U.S.,
    838 F.2d 78 (3d Cir. 1988)............................................................................13

Sommer v. Prudential Ins. Co.,
    138 Fed. Appx. 426 (3d Cir. 2005)................................................................20

Steele v. The Boeing Company,
    399 F. Supp. 2d 628 (E.D. Pa. 2005) .............................................................18

Steward v. Rutgers University,
    130 F.3d 426 (3d Cir. 1997).........................................................................10

Stratton v. E.I. DuPont De Nemours & Co.,
    363 F.3d 250 (3d Cir. 2004)......................................................................17, 18

Tesche v. Continental Cas. Co.,
    109 Fed. Appx. 495 (3d Cir. 2004)................................................................19

The 1975 Retirement Plan for Eligible Employees of Crucible, Inc. v. Nobers,
    968 F.2d 401 (3d Cir. 1992), cert. denied, 506 U.S. 1086 (1993) ........................11

SL1 636805v3/010305.00190

The Black & Decker Disability Plan v. Nord,
        538 U.S. 822 (2003)........................................................................................................18

Thompson-Harmina v. Reliance Standard Life Insurance Co.,
        2004 U.S. Dist. LEXIS 23797 (Nov. 23, 2004 E.D. Pa.)........................................17

**STATUTES, RULES & REGULATIONS**

18 U.S.C. § 2301-2318 .......................................................................................................9

18 U.S.C. § 2311-2318 .......................................................................................................9

29 U.S.C. § 1132(a) ......................................................................................................12, 13

29 U.S.C. § 1132(e) ..........................................................................................................11

29 U.S.C. § 1144................................................................................................................10

42 U.S.C. § 1981...........................................................................................................2, 10

42 U.S.C. § 2000e-2(a) .......................................................................................................9

42 U.S.C. § 2000e(f)...........................................................................................................9

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461 ...........1

Fed. R. Civ. P. 56(c) ...........................................................................................................8

Rule 12(b) ........................................................................................................................10

Title VII, 42 U.S.C. § 2000e.............................................................................................2, 9

SL1 636805v3/010305.00190

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEPHANIE LYNN FORD, | : | CIVIL ACTION No. 05-CV-118 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

## I.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

This case involves a claim for discrimination as a result of the denial of long-term disability benefits under an employee welfare benefit plan regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. Defendant has filed a motion for summary judgment on Plaintiff's Complaint because Plaintiff has no actionable claims against Unum for discrimination; Plaintiff's claim is preempted by ERISA; and if the Court deems her claim an action for benefits under ERISA, the denial of her claim for benefits was neither arbitrary nor capricious. The Court should therefore grant Defendant's motion for summary judgment and deny Plaintiff's motion.

1

## II.  SUMMARY OF ARGUMENT

The Court should deny Plaintiff's motion for summary judgment and grant Defendant's motion for summary judgment because the claim raised by Plaintiff, discrimination as a result of her denial of disability benefits, is not actionable against Unum under Title VII, 42 U.S.C. § 2000e, or 42 U.S.C. § 1981, because Unum did not employ the Plaintiff nor did Unum act under the color of state law.  Plaintiff's claim under state law is preempted by ERISA.  If the Court deems Plaintiff's claim is a claim under ERISA, the Court should grant Defendant's motion for summary judgment because the denial of Plaintiff's benefits was reasonable and neither arbitrary nor capricious.  The termination of benefits was supported by the administrative record and the opinions of competent independent medical professionals and should be affirmed by this Court.

If the Court deems her complaint to raise a claim for benefits under ERISA, the arbitrary and capricious standard of review applies because Unum had the discretion to determine whether plaintiff was eligible for benefits under the plan.  Unum's physicians reviewed all the medical evidence and determined that the plaintiff was capable of sedentary to light work and her injuries should have limited her ability to work for only a 4-6 week period.  A vocational consultant reviewed her position as a clerk and determined that Plaintiff's job duties and responsibilities included matching x-ray films with folders, listing patient information in a file folder, filing x-ray reports, processing calls from patients, and mailing films.  Her position as a clerk required lifting 10 pounds frequently and 20 pounds occasionally.

Thus, Unum determined that the Plaintiff could perform sedentary or light work and could return to her job as a clerk within 4-6 weeks of her accident.  A thorough review of the medical records by Unum's experts confirmed that there was not any evidence to support

2

restrictions or limitations that would prevent her from performing the duties of her own occupation after a 4-6 week period following the accident. Moreover, her treating physician, Ross Ufberg, M.D., opined that the Plaintiff was capable of returning to work on April 13, 2004. Thus, even if Plaintiff prevailed in an ERISA claim, her claim would be limited to a claim for 2.7 months of benefits, or $2,231.41. Accordingly, Unum's decision was reasonable and its motion for summary judgment must be granted and Plaintiff's motion must be denied.

3

## III. STATEMENT OF FACTS

Plaintiff's complaint involves a claim for discrimination as a result of the denial of her claim for long-term disability benefits under a plan covered by ERISA. Plaintiff is a former employee of Christiana Health Care, who claims she was disabled as a result of an automobile accident on October 27, 2003. Plaintiff suffered a strain to her cervical, thoracic and lumbosacral spine, rib trauma, hamstring strain, and arm, shoulder and forearm strain. [Appendix[1] ("App.") Exhibit B, Bates pp. 39-42, 107-109. Originally, Dr. Ufberg indicated that Plaintiff could return to work by February 1, 2004 (App. Ex. B, p. 21), but did not release her to return to work until April 13, 2004. (App. Ex. B, pp 183-184.]

### The Plan

Several provisions of the Christiana Care Health System, Inc. Long Term Disability Plan ("Plan") are particularly relevant to this motion. One of the critical issues in this case is whether Unum had sufficient discretionary authority to trigger application of ERISA's arbitrary and capricious standard of review. The Plan provided Unum with the express discretionary authority to determine eligibility for benefits. [App. Ex. B at 59]. In addition, the Plan had a 90 day elimination period before Plaintiff could receive disability benefits. (App. Ex. B at 52).

### Plaintiff's Medical Evidence

Plaintiff was involved in an automobile accident on October 27, 2003 (App. Ex. B, p. 19). At that time, her treating physician diagnosed cervical, thoracic, and lumbar

---

[1] Defendant has previously filed an appendix to its Motion to Dismiss containing a full and complete Bates numbered copy of the administrative record (or claim file) at issue, the relevant plan document and an affidavit authenticating the documents. Because the appendix is part of the docket a second appendix will not be filed.

4

strains along with shoulder, arm and forearm strains (App. Ex. B, p. 21). This physician, Ross

Ufberg, M.D., did not identify any limitations but stated that Plaintiff was suffering from

significant neck and posterior shoulder pain and stiffness along with decreased range of motion

(App. Ex. B, p. 21). At that time, Dr. Ufberg believed that Plaintiff could return to work on

February 1, 2004 (id.).

   Dr. Ufberg's diagnosis did not change during the course of his treatment of

Plaintiff (App. Ex. B, pp. 29-30, 32-35, 36-38, 39-42, 107-109). Although Plaintiff claimed that

she was in severe pain and could not work for over five months, Dr. Ufberg did not order any

diagnostic testing and did not refer her to chronic pain management (App. Ex. B, p. 157).

### Unum's Review of the Medical Records

   On March 23, 2004, Sheila Weiss, R.N., thoroughly reviewed the limited medical

records submitted by Plaintiff in support of her claim. Weiss concluded that Plaintiff sustained

soft tissue injuries as a result of the motor vehicle accident and has received conservative

treatment consisting of therapeutic exercises along with anti-inflammatories and mild muscle

relaxers (App. Ex. B, p. 157). Weiss concluded that the diagnosis remained that of a sprain and

strain injuries with no neurological abnormalities and concluded that Plaintiff should recover

within two to four weeks of onset with this type of sprain/strain injury (App. Ex. B, p. 157). The

medical records and Weiss' opinion were then reviewed by Allene Scott, M.D., board certified in

occupational medicine, who concluded that there is no basis in the medical records for ongoing

total disability as noted by Dr. Ufberg (App. Ex. B, p. 158). Dr. Scott concluded that the

non-aggressive treatment and infrequent doctor visits do not support Plaintiff's claim of

incapacitating injuries (Id.).

SL1 636805v3/010305.00190

As a result of the opinions of Shelia Weiss and Dr. Scott, Unum denied Plaintiff's claim for benefits on March 29, 2004. The benefits specialist concluded that the medical records did not support the restrictions imposed by Dr. Ufberg after four weeks for the soft tissue injuries that are identified (App. Ex. B, pp. 167-169). Further, because the evidence would support a disability only through November 2003, Plaintiff did not satisfy the 90 day elimination period as set forth in the policy and Plaintiff would not be entitled to benefits (Id.). Shortly after the denial of benefits, Dr. Ufberg released Plaintiff to return to work on April 13, 2004 (App. Ex. B, pp. 183-184).

After the denial of benefits, Plaintiff submitted a report of Dr. Ufberg (App. Ex. B, pp. 183-184). Dr. Ufberg included in his April 5, 2004 report that Plaintiff had been involved in a significant motor vehicle accident on October 27, 2003 and sustained over $1,400 in damage to her vehicle (App. Ex. B, p. 183). As a result of Unum's receipt of this record, Unum requested a further review of the records by Dr. Scott. Dr. Scott reviewed Dr. Ufberg's report but it did not change her opinion that Plaintiff should have been able to return to work after a four to six week period following the accident (App. Ex. B, pp. 187, 193-194, 199-201).

### Plaintiff's Appeal

On April 26, 2004, Plaintiff appealed the decision denying her claim for benefits (App. Ex. B, p. 206). Although Plaintiff appealed the denial of benefits, she was unable to submit further medical evidence to support her claim of disability because Dr. Ufberg had already released her to return to work on April 13, 2004. Once again, the medical records were thoroughly reviewed by Susan Grover, R.N., an employee of Unum. Grover concluded that the usual recovery time for a sprain/strain type of injury would not exceed four to six weeks. After that point, Grover concluded that the medical records did not support an inability to perform a

sedentary to light occupation (App. Ex. B, pp. 222-224). Grover's conclusions along with the medical records were then reviewed by Dr. Allen Neuren (App. Ex. B, p. 235). Dr. Neuren found that Plaintiff sustained mild soft tissue injuries which should have resolved adequately within a four to six week period (Id.). Dr. Neuren further found that there were no findings such as soft tissue swelling, ecchymoses, or x-ray reports documenting soft tissue changes consistent with significant sprains (Id.). Dr. Neuren concluded that the typical recovery for such soft tissue injury should not exceed four to six weeks and that impairment beyond this timeframe is not supported (App. Ex. B, p. 235).

    On June 28, 2004, as a result of the further medical review by Dr. Neuren and Nurse Grover, Unum affirmed the denial of Plaintiff's claim for benefits (App. Ex. B, pp. 237-239).

7

## IV. ARGUMENT

The Court should deny Plaintiff's motion for summary judgment and grant Defendant's motion for summary judgment because Plaintiff has no claim against Unum for discrimination; any state law claim is preempted; and the denial of plaintiff's benefits was reasonable and neither arbitrary nor capricious. The denial of benefits was supported by the administrative record and the opinions of competent medical professionals and should be affirmed by this Court.

Summary judgment is appropriate in this case because there is no genuine issue of material fact and Unum is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); See also Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986); Knabe v. Boury Corp., 114 F.3d 407, 410 n. 4 (3d Cir. 1997).

The Supreme Court has emphasized the judicial policy favoring use of summary judgment for the prompt and efficient resolution of claims without factual issues or legal bases. Celotex Corp., 477 U.S. at 327 (summary judgment is not a "disfavored procedural shortcut"; rather, it is an integral part of the judicial process "designed 'to serve the just, speedy and inexpensive determination of every action").

The determination of whether an administrator acted in an arbitrary and capricious manner in determining eligibility for benefits under the terms and provisions of an ERISA-regulated plan may properly be decided by the court as a matter of law. See Firestone Tire and Rubber v. Bruch, 489 U.S. 101 (1989). Here, the summary judgment process is an especially appropriate mechanism because, as explained below, this Court is limited to determining whether Plaintiff has a claim against Unum for discrimination, whether any state

8

law claim is preempted, and whether or not Unum acted arbitrarily and capriciously. Thus, one of the questions before this Court is whether Unum's decision to deny plaintiff's claim was reasonable. As long as the decision was reasonable, the Court must uphold Unum's decision. See Firestone at 111; Abnathya v. Hoffman-La Roche, Inc., 2 F.3d 40, 45 (1993).

### A. Plaintiff Has No Actionable Claim For Discrimination Against Unum Because Plaintiff Was Not An Employee of Unum.

Plaintiff alleges in her complaint that Unum discriminated against Plaintiff under 18 U.S.C. § 2301-2318. (Complaint ¶ 1). Plaintiff refers to statues under the Criminal Code pertaining to stolen property. 18 U.S.C. § 2311-2318. These provisions do not extend jurisdiction to the Court as claimed by Plaintiff. However, this Court does have jurisdiction of claims raised under Title VII, 42 U.S.C. § 2000e et seq. However, since Unum is not the employer of Plaintiff, Plaintiff has no claim against Unum.

Title VII defines employee as "an individual employed by an employer." 42 U.S.C. § 2000e(f). Title VII prohibits, among other things, unlawful employment practices by an employer against an employee or applicant for hire. 42 U.S.C. § 2000e-2(a). In this case, Plaintiff has not, and cannot allege that she was employed by Unum. In fact, she alleges that it was her "employer['s] insurance [who] denied my disability benefits." (Complaint, ¶ 9). Because she is not an employee of Unum, she has no claim against Unum for discrimination. Holtzman v. World Book Co., 174 F. Supp. 2d 251, 253, 258 (E.D. Pa. 2001). Unum's status as an "employer" of the Plaintiff is a threshold jurisdictional question to be resolved by the Court before considering the points of Plaintiff's case. Hall v. Tribe Construction Co., 2001 U.S. Dist. Lexis 11175, *11-12 (W.D. Pa. March 28, 2001); citing, Kemether v. Pennsylvania Interscholastic Athletic Ass'n, 15 F. Supp. 2d 740, 764 (E.D. Pa. 1988).

9

Accordingly, since Unum did not employ the Plaintiff, this Court is without jurisdiction to hear Plaintiff's claim. In addition, any claim that Plaintiff may have under 42 U.S.C. § 1981 (although not raised in the complaint) must be dismissed for the same reasons set forth above. Steward v. Rutgers University, 130 F.3d 426, 432 (3d Cir. 1997). Holtzman, 174 F. Supp. 2d at 258.

**B.    Plaintiff's Claim To The Extent It Is A Breach Of Contract For Denial Of Disability Benefits, Should Be Dismissed Because It Is Preempted By ERISA.**

Plaintiff's state-law claim for disability benefits is directly related to the administration of benefits allegedly due under an employee welfare benefit plan regulated by ERISA. Accordingly, her state-law claim is preempted and the complaint should be dismissed because the facts alleged, even if true, would not support a claim for relief under the state law claim asserted. 29 U.S.C. § 1144; Kehr Packages, Inc., v. Fidelcor, Inc., 926 F.2d 1406 (3d Cir.), cert. denied, 510 U.S. 1222 (1991) (affirming dismissal of complaint under Rule 12(b) (6)). Indeed, Plaintiff concedes that ERISA applies in this case (Plaintiff's Brief, p.3).

**1.    Plaintiff's State Law Claim Is Preempted.**

One of ERISA's primary goals is to create uniformity in employee benefit plans. See Holland v. Burlington Industries, Inc., 772 F.2d 1140, 1147 (4th Cir. 1985), aff'd sub nom., Brooks v. Burlington Industries, Inc., 477 U.S. 902 (1986). This goal is achieved primarily through a comprehensive preemption provision that ousts all state law applicable to ERISA plans. Id.; 29 U.S.C. § 1144.

The Supreme Court has repeatedly emphasized that ERISA's preemption provision is extremely broad, FMC Corporation v. Holliday, 498 U.S. 52 (1990), and "deliberately expansive," Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45-46 (1987). Because Congress used the words "relate to" in their broadest sense, the Supreme Court has "emphasized

10

that the preemption clause is not limited to state laws specifically designed to affect employee

benefit plans." Pilot Life, 481 U.S. at 47-48. As the Third Circuit explained in The 1975

Retirement Plan for Eligible Employees of Crucible, Inc. v. Nobers, 968 F.2d 401, 406 (3d Cir.

1992), cert. denied, 506 U.S. 1086 (1993), a state-law claim "relates to" an ERISA plan if "the

existence of an ERISA plan was a crucial factor in establishing liability, and the trial court's

inquiry would be directed to the plan...."

   The Supreme Court explained ERISA preemption in Pilot Life where it

considered whether ERISA's preemption provision limited a Plaintiff's contract remedies to those

provided by ERISA. The Pilot Life Court concluded that the remedies afforded under

Section 502(a), 29 U.S.C. § 1132(e), were exclusive. In reaching this conclusion, the Supreme

Court stressed the expansive reach of ERISA's preemption provision:

> In sum, the detailed provisions of §502(a) set forth a
> comprehensive civil enforcement scheme that represents a careful
> balancing of the need for prompt and fair claims settlement
> procedures against the public interest in encouraging the formation
> of employee benefit plans. The policy choices reflected in the
> inclusion of certain remedies and the exclusion of others under the
> federal scheme would be completely undermined if ERISA-plan
> participants and beneficiaries were free to obtain remedies under
> state law that Congress rejected in ERISA. . . . The deliberate care
> with which ERISA's civil enforcement remedies were drafted and
> the balancing of policies embodied in its choice of remedies argue
> strongly for the conclusion that ERISA's civil enforcement
> remedies were intended to be exclusive.

481 U.S. at 54.

   For these reasons, and the precedent addressing ERISA preemption of specific

state-law claims set forth below, Plaintiff's complaint should be dismissed.

### Breach of Contract Claim

   Courts have long rejected efforts by plan participants to use state-law remedies for

breach of contract to obtain ERISA plan benefits, including the Pilot Life Court which held that a

11

state-law breach-of-contract claim was preempted by ERISA. 481 U.S. at 43 (describing

Plaintiff's claim as one for tortious breach of contract). Other courts, including the Third Circuit,

have followed the Pilot Life Court's lead. Cannon v. Group Health Service of Oklahoma, Inc.,

77 F.3d 1270, 1273-74 (10th Cir.), cert. denied, 117 S. Ct. 66 (1996) (ERISA preempts breach of

contract claim relating to denial of benefits under ERISA plan); Boren v. N.L. Industries, Inc.,

889 F.2d 1463 (5th Cir. 1989), cert. denied, 497 U.S. 1029 (1990) (same); Pane v. RCA Corp.,

868 F.2d 631, 635 (3d Cir. 1989) (ERISA preempts state law contract claim which has

"connection with or reference to" an ERISA plan); Miller v. Aetna Healthcare, No. 01-2443,

2001 U.S. Dist. LEXIS 20801 at * 4 (E.D. Pa. Dec. 12, 2001) ("Plaintiffs' contract claim is for

benefits allegedly due under decedent's employee benefit plan and is thus clearly preempted by

ERISA.").

     Here, the complaint plainly establishes that Plaintiff is attempting to use a

state-law claim to recover benefits, in lieu of the "exclusive" remedies provided by ERISA. Pilot

Life, 481 U.S. at 54. However, as the cases above demonstrate, such claims cannot escape the

broad preemptive sweep of ERISA.

    **C.  In the Event That the Court Deems Plaintiff's Claim Is Covered by ERISA, the Court Should Review Unum's Decision Under the Arbitrary and Capricious Standard of Review.**

        **1.  The Plan Administrator Had The Necessary Discretion To Require Deferential Review.**

     In the seminal Firestone case, the Supreme Court held that an action to recover

plan benefits under ERISA, 29 U.S.C. § 1132(a) (1) (B), should be judicially reviewed under an

abuse of discretion standard if "the benefit Plan gives the administrator or fiduciary discretionary

authority to determine eligibility for benefits or to construe the terms of the Plan." Id. at 115.

12

In determining the appropriate standard of review for ERISA actions under § 1132(a) (1) (B), the Supreme Court in <u>Firestone</u> was guided by principles of trust law, which apply a deferential standard of review to determinations that a trustee has discretionary power to make. <u>Id.</u> at 115. Under those principles, the discretionary exercise of power by an ERISA plan administrator or fiduciary is not subject to court control, absent an abuse of discretion. Furthermore, an ERISA plan administrator or fiduciary, like a trustee, may be given power to construe doubtful or disputed terms, the interpretations of which will not be disturbed if reasonable. <u>Id.</u>

"[T]he abuse of discretion standard of review is narrow, and the 'court is not free to substitute its judgment for that of the [administrator] in determining eligibility for plan benefits.'" <u>Mitchell v. Eastman Kodak Co.</u>, 113 F.3d 433, 439 (3rd Cir. 1997) (<u>citing</u> <u>Abnathya</u>, 2 F.3d at 45); <u>Hoover v. Metropolitan Life Ins. Co.</u>, 2006 U.S. Dist. LEXIS 5481,*29 (E.D. Pa Feb. 14, 2006). The decision of a plan fiduciary should be upheld even if the court disagrees with it provided that the decision is rationally based and consistent with the applicable plan provisions. <u>Abnathya</u>, 2 F.3d at 45; <u>Moats v. United Mine Workers of Am. Health and Retirement Funds</u>, 981 F.2d 685, 688 (3d Cir. 1992); <u>Shiffler v. Equitable Life Assur. Soc'y of the U.S.</u>, 838 F.2d 78 (3d Cir. 1988); <u>Marx v. Meridian Bancorp</u>, 2001 U.S. Dist. LEXIS 8655,*12 (June 21, 2001, E. D. Pa.)(J. Buckwalter), <u>aff'd</u>, 2002 U.S. App. LEXIS 5277 (3d. Cir. March 27, 2002), <u>cert</u>. <u>denied</u>, 537 U. S. 885 (200).

If the fiduciary offers a reasonable explanation, its decision "should not be disturbed even if another reasonable, but different, interpretation may be made." <u>Donaho v. FMC Corp.</u>, 74 F.3d 894, 899 (8th Cir. 1996) (citing <u>Krawczyk v. Harnischfeger Corp.</u>, 41 F.3d 286, 279 (7th Cir. 1994)). <u>See</u> <u>also</u> <u>DeWitt v. Penn-Del Directory Corp.</u>, 106

13

F.3d 514, 520 (3d Cir. 1997); Hoover, 2006 U.S. Dist. LEXIS 5481,*16. Thus, as the Third

Circuit recently noted under this standard, the "court is not free to substitute its own judgment

for that of the defendants in determining eligibility for plan benefits." Orvosh v. Program of

Group Insurance for Salaried Employees of Volkswagen of America, Inc., 222 F.3d 123, 129

(3d Cir. 2000). See also, Holmes v. Pension Plan of Bethlehem Steel, 2000 U.S. Dist. LEXIS

6733, *29 (E.D. Pa, May 4, 2000), aff'd in part and rev'd in part, 213 F.3d 124 (3d Cir. 2000);

Hoover, 2006 U.S. Dist. LEXIS 5481,*29.

   The discretion required to trigger the deferential arbitrary and capricious standard

can be stated expressly in the plan or implied from its terms. Luby v. Teamsters Health Welfare

and Pen. Trust Funds, 944 F.2d 1176, 1180 (3d Cir. 1991). As the Court noted in Luby, the

search for discretion is not a search for "magic words." 944 F.2d at 1180. Rather, the Luby

Court explained that the analysis is rooted in trust law principles governing the interpretation of

trust instruments. The Luby Court cited Firestone, which held:

> The terms of trusts created by written instruments are "determined
> by the provisions of the instrument as interpreted in light of all the
> circumstances and such other evidence of the intention of the
> settlor with respect to the trust is not inadmissible."

944 F.2d at 1180 (citations omitted, emphasis added). See also, Marx v. Meridian Bancorp, Inc.

LTD Plan, Id. at 2001 U.S. Dist. LEXIS 8655,*7 fn. 2.

   Here, the arbitrary and capricious standard of review applies. Significantly, the

Plan contains a provision that expressly grants discretionary authority. This provision states that

the plan administrator shall have the sole discretionary authority to determine eligibility for

benefits and to interpret the terms and provisions of the plan. [App. Ex. B, p. 59]. Where there

is an express grant of discretionary authority, the arbitrary and capricious standard applies.

Abnathya, 2 F.3d at 45.

14

2. **Pinto v. Reliance Does Not Justify A Significant Departure From Deferential Review Here.**

The Court may consider modifying the arbitrary and capricious standard of review under Pinto v. Reliance Standard Life Ins. Co., 214 F. 3d 377 (3d Cir. 2000). The Pinto Court addressed the apparent conflict of interest arising when an insurer both decides claims and pays benefits from its own assets because "the fund from which the monies are paid is the same fund from which the insurance company reaps its profits . . ." Id. at 378. Accordingly, for cases where an insurance company determines claims and pays benefits from its own assets, the Pinto court adopted a "sliding scale" method under which less deference applies if the conflict of interest impacted the claim determination.

The Pinto Court focused on a number of "procedural anomalies" in the insurer's claims handling process which are not present here. Id. at 394. The "anomalies" in Pinto included:

- Reliance reversed a decision to grant benefits without receiving any additional medical evidence after it had previously decided that Pinto was disabled. Id. at 393.

- Reliance evaluated evidence selectively by (a) starting an investigation into the claim when Pinto was denied Social Security benefits but failing to reinstate benefits when Pinto was later awarded SSDI benefits; and (b) accepting parts of the opinion of Pinto's attending physician while rejecting (without adequate explanation) his ultimate opinion of total disability. Id. at 393-94.

- Reliance rejected a recommendation by one of its employees to reinstate Pinto's benefits pending further testing. Id. at 394.

- Reliance pressed one of its consulting physicians to render an opinion that Pinto was not disabled even though he had previously concluded that this determination could not be made without Pinto first receiving physical therapy, which was never accomplished. Id.

In contrast to Pinto, the administrative record reveals that Unum carefully reviewed all of the evidence including the medical evidence provided by Plaintiff's physician.

15

This evidence established that Plaintiff had soft tissue injuries, pain, muscle spasms but no restrictions. [App. Ex. B, p. 21]. Unum's physicians determined that the accident, which caused $1,400 to Plaintiff's vehicle, did cause soft tissue injuries, but that she should have been able to return to her job (lifting a maximum of 20 pounds) within 4-6 weeks. (App. Ex. B, pp. 156-158, 231-235).

Further, Unum did not pressure any of its physicians to render a particular opinion that was favorable to a denial of claim. Rather the records were reviewed by physician consultants and the consensus was that the records did not support a finding of total disability after 4-6 weeks and that Plaintiff could perform sedentary to light work.

In short, the record does not contain evidence of procedural anomalies like those found in Pinto. Instead, the record shows that Unum gave Plaintiff every opportunity to support her claim and objectively reviewed the evidence provided by Plaintiff and her physicians.

Because there is no evidence that a conflict of interest impacted the claim decision here, any modification to the "extremely deferential" arbitrary and capricious standard of review should be modest. Pinto, 214 F.3d at 393. Among other things, the Pinto court held, "the arbitrary and capricious standard may be a range, not a point...[it is] more penetrating the greater the suspicion of partiality, less penetrating the smaller the suspicion is." Id. at 392, 393.

As one court recently noted in circumstances similar to those found here, where there is no evidence of the sort of procedural anomalies found in Pinto, "the court will apply an arbitrary and capricious standard of review with a high level of deference to the administrator, yet modified to the extent that our deference is not absolute." Russell v. The Paul Revere Life Ins. Co., 148 F. Supp. 2d 392, 406 (D. Del. 2001), aff'd, 2002 U.S. App. LEXIS 4732 at * 12-13 (3d Cir. March 25, 2002).

16

Further, the Third Circuit has stressed that even under the heightened standard, the Court's review should still afford considerable deference. E.g., Grossman v. Marriott International, Inc., 144 Fed. Appx. 233, 2005 U.S. App. 14685 at *4-5 (3d Cir. July 15, 2005) (holding that the heightened standard does "not leave the court free to simply substitute its judgment for that of the administrator."); see also, Stratton v. E.I. DuPont De Nemours & Co., 363 F.3d 250, 256 (3d Cir. 2004) ; Hoover, 2006 U.S. Dist. LEXIS 5481,*12.

As explained above, Unum's decision was based on a thorough and impartial review of the records by qualified medical professionals. Further, the decision process afforded Plaintiff ample opportunity to support her claims. Thus, only a modest adjustment to the standard of review is warranted. And such a modest adjustment to the standard would not undermine Unum's motion for summary judgment.

### D. The Court Should Affirm The Denial Of Plaintiff's Claim Because Unum Did Not Abuse its Discretion But Instead Rendered a Reasonable Decision.

Plaintiff has a heavy burden of proving that Unum's decision was arbitrary and capricious. She also has a heavy burden of establishing a disabling condition where her own doctor indicated that she had no restrictions. Because of this, she cannot establish a prima facie showing of disability. Lasser v. Reliance Standard Life Insurance Co. 344 F.3d 381, 391 (3d Cir. 2003), cert. den., 158 L. Ed. 2d 963 (2004).

Further, the burden of proving her case remains with the Plaintiff because Unum did not question the scientific basis of her physicians' reports. Thompson-Harmina v. Reliance Standard Life Insurance Co., 2004 U.S. Dist. LEXIS 23797, *9 (Nov. 23, 2004 E.D. Pa.) (J. Newcomer). Instead, Unum justifiably questioned the extent of her alleged impairment and the severity of her condition.

17

Plaintiff argues that Unum was required to simply accept at face value her physicians' opinions in support of her claim. Yet Dr. Ufberg 's opinion (that Plaintiff had no restrictions), provides little support for Plaintiff's claim that she was totally disabled. In any event, Unum did not have to give greater weight or any special deference to Plaintiff's doctor's opinions. In fact, the Supreme Court has rejected the notion that a treating physician's opinions must be accorded any special weight. Specifically, in The Black & Decker Disability Plan v. Nord, 538 U.S. 822 (2003), the Court held that the "treating physician rule" used in Social Security Disability proceedings was inapplicable to ERISA benefit determinations.

Next, Plaintiff attacks how Unum evaluated or weighed the medical evidence and argues that there is some evidence to support her claim. However, the issue is not whether there was some evidence in the administrative record that might support Plaintiff's claim. Instead, the issue is whether Unum's decision to accept contrary medical or other evidence was reasonable. Abnathya, 2 F.3d at 45; Fergus v. Standard Ins. Co., 27 F. Supp. 2d 1247 (D. Or. 1998).

Indeed, the mere existence of conflicting medical evidence in an administrative record does not render a denial of benefits arbitrary and capricious. Cerneskie v. Mellon Bank Long Term Disability Plan, 142 Fed. Appx. 555, 557 n.2 (3d Cir. 2005) (where attending physician's office notes had notations suggesting work capacity, plan administrator could rely on those notes despite some conflicting reports from same physician); Stratton v. E.I. DuPont De Nemours & Co., 363 F.3d 250, 258 (3d Cir. 2004) (rejecting argument that administrator failed to credit opinions of treating physician holding that "[a] professional disagreement does not amount to an arbitrary refusal to credit."); Nichols v. Verizon Communications Inc., 78 Fed. Appx. 209 (3d Cir. 2003) (conflicting medical evidence does not render denial of benefits arbitrary); Steele v. The Boeing Company, 399 F. Supp. 2d 628 (E.D. Pa. 2005) (same); Hoover,

18

2006 U.S. Dist. LEXIS 5481,*16(same); Cf. Tesche v. Continental Cas. Co., 109 Fed. Appx. 495, 497-498 (3d Cir. 2004) (conflicting vocational evidence did not render denial of benefits arbitrary).

These cases confirm a long-standing approach employed in the Third Circuit allowing administrators the discretion to resolve conflicts in opinions provided by medical professionals. Orvosh, 222 F.3d at 129-130 (affirming denial of benefits despite conflicting medical opinions from the plaintiff's physician who "constantly and continually expressed his disagreement" with the conclusion that the plaintiff could work).

Here, Unum resolved the conflict reasonably. First, it had the benefit of four medical records reviews which concluded that while Plaintiff may have soft tissue injuries, she is not so restricted that she should be considered totally disabled after a 4-6 week period. This conclusion was supported by the fact that the soft tissue injuries did not evidence swelling or other serious conditions. It was certainly reasonable for Unum to rely on these opinions. Sapovits v. Fortis Benefits Ins. Co., No. 01-3628, 2002 U.S. Dist. LEXIS 24987 at *42-43, (E.D. Pa. Dec. 30, 2002) (affirming decision based on medical records review); Etkin v. Merck & Co., No. 00-5476, 2001 U.S. Dist. LEXIS 17692 at *15-16, (E.D. Pa. October 30, 2001)(affirming decision based on medical records review). Unum relied on advice and opinions from its in-house medical professionals. Forchic v. Lippincott, Jacobs & Gruder, No. 98-5423 (JBS), 1999 U.S. Dist. LEXIS 21419 at *43-44, (D. N.J. Nov. 29, 1999)(noting that there is no prohibition on relying on an in-house physician to perform a record review of the medical evidence), aff'd sub nom., Forchic v. Standard Ins. Co., No. 99-6132, 2001 U.S. App. LEXIS 6303 (3d Cir. March 27, 2001).

19

In short, the case law confirms that where, as here, there are conflicting opinions in the medical records, it is the administrator's role to evaluate the evidence and determine which of the competing views has greater merit. As the Third Circuit recently noted in <u>Sommer v. Prudential Ins. Co.</u>, 138 Fed. Appx. 426 (3d Cir. 2005): "what Sommer argues was a selective evaluation of her medical history is more accurately characterized as the Committee's weighing of the evidence which it was entitled to do under the Plan." 138 Fed. Appx. at 428. Thus, because Unum resolved the conflict reasonably, its decision should be affirmed.

SL1 636805v3/010305.00190

## V.  CONCLUSION

Because Plaintiff has no actionable claim against Unum for discrimination,

because any state-law claim asserted in Plaintiff's complaint is preempted by ERISA, and

because Unum acted reasonably in denying Plaintiff's claim for benefits, the Court should grant

Unum's motion for summary judgment and deny Plaintiff's motion.

Dated: November 21, 2006          STEVENS & LEE

By: _____

      Walter P. McEvilly, Jr.
      Attorney I.D. 0660
      Kirk L. Wolgemuth
      Attorney Pa. I.D. 45792
      1105 North Market Street
      Seventh Floor
      Wilmington, DE  19801
      (302) 425-3300

      Attorneys for Defendant
      Unum Life Insurance Company of America

21