IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHANIE LYNN FORD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-118 (KAJ) |
| | ) |
| UNUM LIFE INSURANCE COMPANY | ) |
| OF AMERICA | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM ORDER**

The Plaintiff, Stephanie Lynn Ford ("Ford"), is a *pro se* litigant who has filed a Motion to Appoint Counsel. (Docket Item ["D.I."] 40; the "Motion".) Ford previously filed a Motion to Appoint Counsel (D.I. 11), which was denied without prejudice. (D.I. 29.) For reasons similar to those set forth during the teleconference held on May 5, 2006 (the "Teleconference"), I will deny Ford's Motion.

A plaintiff has no constitutional or statutory right to the appointment of counsel in a civil case. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Yet, a court in its discretion may appoint counsel. 28 U.S.C. § 1915(e)(1). In particular, appointment may be appropriate "upon a showing of special circumstances indicating the likelihood of substantial prejudice" to the unrepresented party. *Tabron*, 6 F.3d at 154 (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). Before a court utilizes this discretion, however, it must first determine whether the plaintiff's claim has some arguable merit in fact and law. *Id.* at 155. I conclude that Ford's claims do.

Having met this threshold issue, I next look at the factors delineated in *Tabron* to determine whether appointment of counsel is appropriate. The non-exhaustive list of factors to consider are: (1) the plaintiff's ability to present her own case; (2) the complexity of the legal issues; (3) the extensiveness of the factual investigation necessary to effectively litigate the case and plaintiff's ability to pursue an investigation; (4) the degree to which the case may turn on credibility determinations; (5) whether the testimony of expert witnesses will be necessary; (6) whether the plaintiff can attain and afford counsel on her own behalf. *Id.* at 156-57; *Parham*, 126 F.3d at 457-58.

I do not find any circumstances in this case that make it appropriate for me to appoint counsel for Ford at this time. As I indicated in the Teleconference, Ford has been capable of telling me what she wants as relief, and generally why her claims warrant relief. Moreover, as I stated in the Teleconference, I do not find the allegations or legal issues in this dispute over disability benefits to be of sufficient complexity to warrant the appointment of counsel. Finally, the factual investigations involved are not extensive, and Ford appears to have been able to handle the necessary investigation. Therefore, I decline to appoint counsel.

Accordingly, IT IS HEREBY ORDERED that Ford's Motion to Appoint Counsel (D.I. 40) is DENIED.

*[signature]*
UNITED STATES DISTRICT JUDGE

December 7, 2006
Wilmington, Delaware