IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

STEPHANIE LYNN FORD, )
) 
Plaintiff, )
)
) CIVIL ACTION NO. 05-CV-118 ***
V. )
) JURTY TRAIL
)
UNUM LIFE INSURANCE COMPANY OF AMERICA )
)
)
Defendant. )

PLAINTIFF'S SECOND MOTION TO COMPEL AGAINST UNUM LIFE INSURANCE COMPANY OF AMERICA FOR FAILURE TO PRODUCE $75,000 LIFE INSURANCE POLICY AND THE OTHER FOLLOWING LISTED DOCUMENTS.

I the plaintiff, STEPHANIE LYNN FORD am filing this SECOND MOTION TO COMPEL against UNUM LIFE INSURANCE COMPANY OF AMERICA for failing to produce the $75,000 Life Insurance Policy and the following other listed documents.

1. Document #1 Please provide the $ 75,000 LIFE INSURANCE POLICY.

2. Document #2 Please provide the LONG-TERM DISABILITY INSURANCE BENEFIT CONTRACT.

3. Document #3 In letter form, the date of termination of my $75,000 Life Insurance Policy, the person or persons who authorized the termination of my Life Insurance Policy, and the reason why my Life Insurance Policy was terminated.

4. Document #4 In letter form, the date of termination of my Long-Term Disability Insurance Benefits, the person or persons who authorized the termination of my Long -Term Disability Benefits, and the reason why my Long-Term Disability Insurance Benefits was Terminated.

5. Document #5 Please provide the PERSONAL ACCIDENT INSURANCE BENEFITS CONTRACT.

In response to the defendants opening brief in opposition to plaintiff's motion to compel, production of documents dated filed 12 /15 / 06 DKT. NO. 55 from Unum.

The court granted plaintiff's $75, 000 Life Insurance Policy Claim, Partial Summary Judgement, and dismissed the plaintiff remaining claims against the denfendant, Which , I plan to Appeal IN THE UNITED STATES DISTRICT OF APPEALS FOR THE THIRD CIRCUIT.

I have enclosed copies of what the defendant Unum Life Insurance Company Of America considers the plaintiff's $75,000 Life Insurance Policy , and also, a copy of the benefits form I paid Christiana Care Health Systems for benefits that Unum Insured dated 01-19-2002, For the Courts Records.
No where on any of the paperwork has any information pertaining to the plaintiff.

I asked this Honorable Court to grant plaintiff's Second Motion To Compel against the defendant Unum Life Insurance Company Of America for failing to Produce All Five Documents.

I the plaintiff, want to inform the Court that all the motions that I have been filing against the defendant, and they use as Exhibits, to answer my motions, someone is removing pages from the motions that I send to Unum. First, I will file a motion in the court against Unum , Secondly, Unum will answer the motion, third, When Unum responds to me from any motion, there are pages missing from the motions.

I the plaintiff, Stephanie Lynn Ford DO NOT WANT MR. WALTER P. MCEVILLY JR. /UNUM LIFE INSURANCE OF AMERICA OR ANY OTHERS OF THEIR COUNCEL TEAM TO FORWARD ME ANY INFORMATION UNLESS THEY FORWARD COPIES TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE BEFORE FORWARDING COPIES TO THE PLAINTIFF.

I asked this HONORABLE COURT TO GRANT plaintiff 's second motion to compel to be able to answer the Memoradum Opinion Order in an appropriate manner that's due within thirty days of the December 6, 2006 Order. ENCLOSED ARE 2 PAGES TO THIS MOTION.

12/19/06

Sincerely,
Stephanie L. Ford

STEPHANIE LYNN FORD
19 ACBany Ave
New Castle De 19720

53

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2006 DEC -7 PM 4: 11

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

STEPHANIE LYNN FORD,

Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA

Defendant.

C.A. No. 05-118 (KAJ)

**MEMORANDUM ORDER**

The Plaintiff, Stephanie Lynn Ford ("Ford"), is a *pro se* litigant who has filed a Motion to Appoint Counsel. (Docket Item ["D.I."] 40; the "Motion".) Ford previously filed a Motion to Appoint Counsel (D.I. 11), which was denied without prejudice. (D.I. 29.) For reasons similar to those set forth during the teleconference held on May 5, 2006 (the "Teleconference"), I will deny Ford's Motion.

A plaintiff has no constitutional or statutory right to the appointment of counsel in a civil case. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Yet, a court in its discretion may appoint counsel. 28 U.S.C. § 1915(e)(1). In particular, appointment may be appropriate "upon a showing of special circumstances indicating the likelihood of substantial prejudice" to the unrepresented party. *Tabron*, 6 F.3d at 154 (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). Before a court utilizes this discretion, however, it must first determine whether the plaintiff's claim has some arguable merit in fact and law. *Id.* at 155. I conclude that Ford's claims do.

Having met this threshold issue, I next look at the factors delineated in *Tabron* to determine whether appointment of counsel is appropriate. The non-exhaustive list of factors to consider are: (1) the plaintiff's ability to present her own case; (2) the complexity of the legal issues; (3) the extensiveness of the factual investigation necessary to effectively litigate the case and plaintiff's ability to pursue an investigation; (4) the degree to which the case may turn on credibility determinations; (5) whether the testimony of expert witnesses will be necessary; (6) whether the plaintiff can attain and afford counsel on her own behalf. *Id.* at 156-57; *Parham*, 126 F.3d at 457-58.

I do not find any circumstances in this case that make it appropriate for me to appoint counsel for Ford at this time. As I indicated in the Teleconference, Ford has been capable of telling me what she wants as relief, and generally why her claims warrant relief. Moreover, as I stated in the Teleconference, I do not find the allegations or legal issues in this dispute over disability benefits to be of sufficient complexity to warrant the appointment of counsel. Finally, the factual investigations involved are not extensive, and Ford appears to have been able to handle the necessary investigation. Therefore, I decline to appoint counsel.

Accordingly, IT IS HEREBY ORDERED that Ford's Motion to Appoint Counsel (D.I. 40) is DENIED.

UNITED STATES DISTRICT JUDGE

December 7, 2006
Wilmington, Delaware

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEPHANIE LYNN FORD, | : | |
| Plaintiff, | : | CIVIL ACTION No. 05-CV-118 |
| v. | : | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | : | |
| Defendant. | : | |

**DEFENDANT'S OPENING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

## I. STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

This Court in its Order dated December 6, 2006 granted Unum Life Insurance Company of America's ("Unum") Motion for Summary Judgment with respect to all claims except Plaintiff's claim for the alleged loss of life insurance benefits. This Court ordered that Plaintiff file any supporting documentation to support her claim by January 5, 2007 and that Defendant should file its Motion for Summary Judgment on this issue by January 15, 2007.

On December 13, 2006, Plaintiff filed the within Motion to Compel Production of Documents. Plaintiff moves to compel production of documents because of the alleged failure of Unum to answer previous requests for production of documents served on or about May 16, 2006. Because Unum responded to Plaintiff's request for production of documents on June 27, 2006, Plaintiff's motion should be denied.

## II. SUMMARY OF ARGUMENT

Plaintiff's Motion to Compel Production of Documents should be denied because Unum previously responded to Plaintiff's request for documents on June 27, 2006.



12/15/06/SL1 687890v1/010305.00190

DKT. NO. 55
DT. FILED 12/15/06

## III. ARGUMENT

Plaintiff has filed the within Motion to Compel Production of Documents because of the alleged failure of Unum to respond to her previous discovery requests. Attached as Exhibit A is Plaintiff's Request for Production of Document that was served on or about May 15, 2006. Attached as Exhibit B is Defendant's Response to Plaintiff's Request for Production of Documents which was served on or about June 27, 2006. Because Unum previously responded to these documents and is again serving a copy of its response as an exhibit to this document, Plaintiff's motion should be denied.

## IV. CONCLUSION

Because Unum previously responded to Plaintiff's Request for Production of Documents, Plaintiff's motion must be denied.

STEVENS & LEE

Walter P. McEvilly, Jr.
Delaware ID No. 0660
Kirk L. Wolgemuth
Pennsylvania ID No. 45792
1105 North Market Street
Wilmington, Delaware 19801
302-425-3300

Attorneys for Defendant
Unum Life Insurance Company of America



12/15/06/SL1 687890v1/010305.00190



01-15-2002

S L FORD

19 ALBANY AVENUE
NEW CASTLE DE 19720

This statement confirms the choices you made for 2002 under the Christiana Care Flex Plus Program.

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

We will only accept changes that are typographical errors. Make corrections directly on this form and return it to the BENEFITS/RECORDS SECTION, WILM HOSPITAL. VNA employees return form to HUMAN RESOURCES, NEW CASTLE.

| Benefit Plan | Option | Family Code | Cost Per Pay |
|---|---|---|---|
| Long Term Disability | A | | $2.37 |
| Life Insurance (Emp) | C | E | $3.26 |
| Personal Accident Ins. | B | E | $0.55 |
| Health Care: Medical | ADVANTAGE: | YOU ONLY | $129.87 |
| Dental | B | E | $13.80 |
| Health Care Account | | | $0.00 |
| Dependent Care Account | | | $0.00 |
| Total Cost: | | | $149.85 |
| Total Benefit Dollars: | | | $144.59 |
| | Flex Amount: | | $5.26- |

| Medical Dependent Name | Soc. Sec. # | Birth Date |
|---|---|---|
| S. | | |
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |

Please compare this confirmation to your flex enrollment form. If we do not hear from you within ten days, we will assume these selections are correct. This statement confirms that we have your permission to add/deduct the flex amount to/from your pay.

You may obtain any of the medical plan booklets by calling Benefits. For CCHS call 428-5794. For VNA call 325-7406.

Form:C1



**GROUP INSURANCE**
**SUMMARY OF BENEFITS**
**NON-PARTICIPATING**

**IDENTIFICATION NUMBER:** 530503 001

**EFFECTIVE DATE OF COVERAGE:** January 1, 1999

**ANNIVERSARY DATE:** January 1

**GOVERNING JURISDICTION:** Maine

**Unum Life Insurance Company of America insures the lives of**

**Christiana Care Health System, Inc.**

**under the**
**Select Group Insurance Trust**
**Policy No. 292000**

Unum Life Insurance Company of America (referred to as Unum) will provide benefits under this Summary of Benefits. Unum makes this promise subject to all of this Summary of Benefits' provisions.

The Employer should read this Summary of Benefits carefully and contact Unum promptly with any questions. This Summary of Benefits is delivered in and is governed by the laws of the governing jurisdiction and to the extent applicable by the Employee Retirement Income Security Act of 1974 (ERISA) and any amendments.

Signed for Unum at Portland, Maine on the Effective Date of Coverage.

President Secretary

Unum Life Insurance Company of America
2211 Congress Street
Portland, Maine 04122

Copyright 1993, Unum Life Insurance Company of America

## TABLE OF CONTENTS

BENEFITS AT A GLANCE ........ B@G-LIFE-1
LIFE INSURANCE PLAN ........ B@G-LIFE-1
CLAIM INFORMATION ........ LIFE-CLM-1
LIFE INSURANCE ........ LIFE-CLM-1
EMPLOYER PROVISIONS ........ EMPLOYER-1
CERTIFICATE SECTION ........ CC.FP-1
GENERAL PROVISIONS ........ EMPLOYEE-1
LIFE INSURANCE ........ LIFE-BEN-1
BENEFIT INFORMATION ........ LIFE-BEN-1
OTHER BENEFIT FEATURES ........ LIFE-OTR-1
OTHER SERVICES ........ SERVICES-1
ERISA ........ ERISA-1
GLOSSARY ........ GLOSSARY-1

# BENEFITS AT A GLANCE

## LIFE INSURANCE PLAN

This life insurance plan provides financial protection for your beneficiary(ies) by paying a benefit in the event of your death. The amount your beneficiary(ies) receive(s) is based on the amount of coverage in effect just prior to the date of your death according to the terms and provisions of the plan.

**EMPLOYER'S ORIGINAL PLAN EFFECTIVE DATE:** January 1, 1999

**PLAN YEAR:**

January 1, 1999 to January 1, 2000 and each following January 1 to January 1

**IDENTIFICATION NUMBER:** 530503 001

**ELIGIBLE GROUP(S):**

Group 1
All Full-Time Employees whose title is Vice President, Department Chair, Senior Vice President, Legal Counsel, President of the Corporate Administrative Staff and All Affiliates in active employment

Group 2
All Other Full-Time Employees and Weekend Incentive Program (WIP) Employees in active employment

Group 3
All Part-Time Employees in active employment

**MINIMUM HOURS REQUIREMENT:**

**All Full-Time Employees**
Employees must be working at least 80 hours per two week pay period.

**All Weekend Incentive Program Employees**
Employees must be working at least 70 hours per month.

**All Part-Time Employees**
Employees must be working at least 8 hours per two week pay period.

**WAITING PERIOD:**

For employees in an eligible group on or before January 1, 1999: First of the month following 90 days of continuous active employment

For employees entering an eligible group after January 1, 1999: First of the month following 90 days of continuous active employment

**REHIRE:**

If your employment ends and you are rehired within 6 months, your previous work while in an eligible group will apply toward the waiting period. Your coverage will begin on the first of the month following the date of rehire. All other Summary of Benefits' provisions apply.

**WHO PAYS FOR THE COVERAGE:**

*Basic Benefit:*

Your Employer pays the cost of your coverage.

*Additional Benefit:*

**All Other Full-Time Employees and WIP Employees, All Full-Time Employees whose title is Vice President, Department Chair, Senior Vice President, Legal Counsel, President of the Corporate Administrative Staff and All Affiliates**

Your Employer pays for the cost of 1 x your annual earnings; you pay the cost of any amount over 1 x your annual earnings.

**ELIMINATION PERIOD:**

Premium Waiver: 180 days

Disability-based benefits begin the day after Unum approves your claim and the elimination period is completed.

**LIFE INSURANCE BENEFIT:**

**AMOUNT OF LIFE INSURANCE FOR YOU**

**BASIC BENEFIT**

**All Other Full-Time Employees and WIP Employees, All Full-Time Employees whose title is Vice President, Department Chair, Senior Vice President, Legal Counsel, President of the Corporate Administrative Staff and All Affiliates**

*Option A*

$7,500

**All Part-Time Employees**

1 x annual earnings to a maximum of $1,000,000

**All Part-Time Employees**

All amounts are rounded to the next higher multiple of $1,000, if not already an exact multiple thereof.

**ADDITIONAL BENEFIT OPTIONS:**

**All Other Full-Time Employees and WIP Employees, All Full-Time Employees whose title is Vice President, Department Chair, Senior Vice President, Legal Counsel, President of the Corporate Administrative Staff and All Affiliates**

*Option B*

Annual earnings rounded to the next higher multiple of $1,000, x 1, minus $7,500

*Option C*

Annual earnings rounded to the next higher multiple of $1,000, x 2, minus $7,500

*Option D*

Annual earnings rounded to the next higher multiple of $1,000, x 3, minus $7,500

*Option E*

Annual earnings rounded to the next higher multiple of $1,000, x 4, minus $7,500

*Option F*

$50,000 minus $7,500

AMOUNT OF LIFE INSURANCE AVAILABLE IF YOU BECOME INSURED AT CERTAIN AGES OR HAVE REACHED CERTAIN AGES WHILE INSURED

If you have reached age 70, but not age 75, your amount of life insurance will be:
- 65% of the amount of life insurance you had prior to age 70; or
- 65% of the amount of life insurance shown above if you become insured on or after age 70 but before age 75.

There will be no further increases in your amount of life insurance.

If you have reached age 75 or more, your amount of life insurance will be:
- 50% of the amount of life insurance you had prior to your first reduction; or
- 50% of the amount of life insurance shown above if you become insured on or after age 75.

There will be no further increases in your amount of life insurance.

EVIDENCE OF INSURABILITY IS REQUIRED FOR THE AMOUNT OF YOUR INSURANCE (BASIC AND ADDITIONAL BENEFITS COMBINED) OVER:

**All Other Full-Time Employees and WIP Employees, All Full-Time Employees whose title is Vice President, Department Chair, Senior Vice President, Legal Counsel, President of the Corporate Administrative Staff and All Affiliates**
$500,000 or over 4 x annual earnings

**All Part-Time Employees**
$500,000

OVERALL MAXIMUM BENEFIT OF LIFE INSURANCE FOR YOU (BASIC AND ADDITIONAL BENEFITS COMBINED):

**All Other Full-Time Employees and WIP Employees**
$1,000,000

**All Full-Time Employees whose title is Vice President, Department Chair, Senior Vice President, Legal Counsel, President of the Corporate Administrative Staff and All Affiliates**
$1,500,000

**SOME LOSSES MAY NOT BE COVERED UNDER THIS PLAN.**

**OTHER FEATURES:**

Accelerated Benefit

Conversion

Portability

Work Life Assistance Program

**The above items are only highlights of this plan. For a full description of your coverage, continue reading your certificate of coverage section.**

## CLAIM INFORMATION

## LIFE INSURANCE

***WHEN DO YOU OR YOUR AUTHORIZED REPRESENTATIVE NOTIFY UNUM OF A CLAIM?***

We encourage you or your authorized representative to notify us as soon as possible, so that a claim decision can be made in a timely manner.

If a claim is based on your disability, written notice and proof of claim must be sent no later than 90 days after the end of the elimination period.

If a claim is based on death, written notice and proof of claim must be sent no later than 90 days after the date of death.

If it is not possible to give proof within these time limits, it must be given no later than 1 year after the proof is required as specified above. These time limits will not apply during any period you or your authorized representative lacks the legal capacity to give us proof of claim.

The claim form is available from your Employer, or you or your authorized representative can request a claim form from us. If you or your authorized representative does not receive the form from Unum within 15 days of the request, send Unum written proof of claim without waiting for the form.

If you have a disability, you must notify us immediately when you return to work in any capacity, regardless of whether you are working for your Employer.

***HOW DO YOU FILE A CLAIM FOR A DISABILITY?***

You or your authorized representative, and your Employer must fill out your own sections of the claim form and then give it to your attending physician. Your physician should fill out his or her section of the form and send it directly to Unum.

***WHAT INFORMATION IS NEEDED AS PROOF OF YOUR CLAIM?***

If your claim is based on your disability, your proof of claim, provided at your expense, must show:

- that you are under the **regular care** of a **physician**;
- the date your disability began;
- the cause of your disability;
- the extent of your disability, including restrictions and limitations preventing you from performing your regular occupation or any gainful occupation; and
- the name and address of any **hospital or institution** where you received treatment, including all attending physicians.

We may request that you send proof of continuing disability indicating that you are under the regular care of a physician. This proof, provided at your expense, must be received within 45 days of a request by us.

If claim is based on death, proof of claim, provided at your or your authorized representative's expense, must show the cause of death. Also a certified copy of the death certificate must be given to us.

In some cases, you will be required to give Unum authorization to obtain additional medical and non-medical information as part of your proof of claim or proof of continuing disability. Unum will deny your claim if the appropriate information is not submitted.

***HOW DO YOU DESIGNATE OR CHANGE A BENEFICIARY? (Beneficiary Designation)***

At the time you become insured, you should name a beneficiary on your enrollment form for your death benefits under your life insurance. You may change your beneficiary at any time by filing a form approved by Unum with your Employer. The new beneficiary designation will be effective as of the date you sign that form. However, if we have taken any action or made any payment before your Employer receives that form, that change will not go into effect.

It is important that you name a beneficiary and keep your designation current. If more than one beneficiary is named and you do not designate their order or share of payments, the beneficiaries will share equally. The share of a beneficiary who dies before you, or the share of a beneficiary who is disqualified, will pass to any surviving beneficiaries in the order you designated.

If you do not name a beneficiary, or if all named beneficiaries do not survive you, or if your named beneficiary is disqualified, your death benefit will be paid to your estate.

Instead of making a death payment to your estate, Unum has the right to make payment to the first surviving family members of the family members in the order listed below:

- spouse;
- child or children;
- mother or father; or
- sisters or brothers.

If we are to make payments to a beneficiary who lacks the legal capacity to give us a release, Unum may pay up to $2,000 to the person or institution that appears to have assumed the custody and main support of the beneficiary. This payment made in good faith satisfies Unum's legal duty to the extent of that payment and Unum will not have to make payment again.

Also, at Unum's option, we may pay up to $1,000 to the person or persons who, in our opinion, have incurred expenses for your last sickness and death.

***HOW WILL UNUM MAKE PAYMENTS?***

Unless otherwise elected, payment for loss of life will be made in one lump sum.

If your life claim is at least $10,000, you or your beneficiary may elect to have the benefit for loss of life paid through a **retained asset account** (the Unum Security Account).

Payment for the life claim may be accessed by writing a draft in a single sum or drafts in smaller sums. The funds for the draft or drafts are fully guaranteed by Unum.

If the life claim is less than $10,000, Unum will pay it in one lump sum to your beneficiary.

***WHAT HAPPENS IF UNUM OVERPAYS YOUR CLAIM?***

Unum has the right to recover any overpayments due to:

- fraud; and
- any error Unum makes in processing a claim.

You must reimburse us in full. We will determine the method by which the repayment is to be made.

Unum will not recover more money than the amount we paid you.

***WHAT ARE YOUR ASSIGNABILITY RIGHTS FOR THE DEATH BENEFITS UNDER YOUR LIFE INSURANCE? (Assignability Rights)***

The rights provided to you by the plan for life insurance are owned by you, unless:

- you have previously assigned these rights to someone else (known as an "assignee"); or
- you assign your rights under the plan(s) to an assignee.

We will recognize an assignee as the owner of the rights assigned only if:

- the assignment is in writing, signed by you, and acceptable to us in form; and
- a signed or certified copy of the written assignment has been received and registered by us at our home office.

We will not be responsible for the legal, tax or other effects of any assignment, or for any action taken under the plan(s') provisions before receiving and registering an assignment.

## EMPLOYER PROVISIONS

### *WHAT DOES THIS SUMMARY OF BENEFITS CONSIST OF FOR THE EMPLOYER?*

This Summary of Benefits consists of:

- all Summary of Benefits' provisions and any amendments and/or attachments issued;
- the Employer's Participation Agreement;
- each employee's application for insurance (employee retains his own copy); and
- the certificate of coverage issued for each employee of the Employer.

This Summary of Benefits may be changed in whole or in part. Only an officer or a registrar of Unum can approve a change. The approval must be in writing and endorsed on or attached to this Summary of Benefits. No other person, including an agent, may change this Summary of Benefits or waive any part of it.

### *WHAT IS THE COST OF THIS INSURANCE?*

## LIFE INSURANCE

Premium payments are *required* for an insured while he or she is disabled under this plan.

The initial premium for each **plan** is based on the initial rate(s) shown in the Rate Information Amendment(s).

#### *PREMIUM WAIVER*

Unum does not require premium payments for an insured employee's life coverage if he or she is under age 60 and disabled for 180 days. Proof of disability, provided at the insured employee's expense, must be filed by the insured employee and approved by Unum.

#### *INITIAL RATE GUARANTEE*

Refer to the Rate Information Amendment(s).

### *WHEN IS PREMIUM DUE FOR THIS SUMMARY OF BENEFITS?*

Premium Due Dates: Premium due dates are based on the Premium Due Dates shown in the Rate Information Amendment(s).

The **Employer** must send all premiums to Unum on or before their respective due date. The premium must be paid in United States dollars.

### *WHEN ARE INCREASES OR DECREASES IN PREMIUM DUE?*

Premium increases or decreases which take effect during an insurance month are adjusted and due on the next premium due date following the change. Changes will not be pro-rated daily.

CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES

THAT COPIES OF THE FOREGOING

WERE CAUSED TO BE SERVED THIS

December 19, 2006 , UPON THE

FOLLOWING IN THE MANNER INDICATED:

U.S. CERTIFEID MAIL
STEVEN & LEE
WALTER P. MCEVILLY, JR.
ATTORNEY I.D. 0660
KIRK L. WOLGEMUTH
ATTORNEY PA. I.D.45792
1105 NORTH MARKET STREET 7TH FLOOR
WILMINGTON, DELAWARE 19801

STEPHANIE LYNN FORD
19 ALBANY AVE.
NEWCASTLE, DELAWARE 19720