# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEPHANIE LYNN FORD, | : | CIVIL ACTION No. 05-CV-118 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S OPENING BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Dated: January _12_, 2007

STEVENS & LEE

By: _____

Walter P. McEvilly, Jr.
Attorney I.D. 0660
Kirk L. Wolgemuth
Attorney Pa. I.D. 45792
1105 North Market Street
Suite 700
Wilmington, DE 19801
(302) 425-3300

Attorneys for Defendant
Unum Life Insurance Company of America

**TABLE OF CONTENTS**

I.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ...........................1

II.   SUMMARY OF ARGUMENT ...........................................................................2

III.  STATEMENT OF FACTS ................................................................................2

IV.   ARGUMENT...................................................................................................2

    A. Plaintiff's Claim, To The Extent It Is A Breach Of Contract For Life
       Insurance Benefits, Should Be Dismissed Because It Is Preempted By
       ERISA. ....................................................................................................3

    B. In The Event That The Court Deems Plaintiff's Claim Is Covered By
       ERISA, The Court Should Grant Unum's Motion for Summary Judgment
       Because Plaintiff Lost Coverage Under the Life Insurance Plan Because
       Her Employment Was Terminated And She Failed To Apply For Portable
       Or Conversion Coverage...........................................................................6

V.    CONCLUSION...............................................................................................6

## TABLE OF AUTHORITIES

CASES

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986)...................................................................................................3

Boren v. N.L. Industries, Inc.,
    889 F.2d 1463 (5th Cir. 1989), cert. denied, 497 U.S. 1029 (1990)...........................5

Cannon v. Group Health Service of Oklahoma, Inc.,
    77 F.3d 1270 (10th Cir.), cert. denied, 117 S. Ct. 66 (1996) ......................................5

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986)...................................................................................................3

FMC Corporation v. Holliday,
    498 U.S. 52 (1990).....................................................................................................4

Holland v. Burlington Industries, Inc.,
    772 F.2d 1140 (4th Cir. 1985), aff'd sub nom., Brooks v. Burlington Industries, Inc.,
    477 U.S. 902 (1986)...................................................................................................4

Kehr Packages, Inc., v. Fidelcor, Inc.,
    926 F.2d 1406 (3d Cir.), cert. denied, 510 U.S. 1222 (1991) .....................................3

Knabe v. Boury Corp.,
    114 F.3d 407 (3d Cir. 1997).......................................................................................3

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
    475 U.S. 574 (1986)...................................................................................................3

Miller v. Aetna Healthcare,
    No. 01-2443, 2001 U.S. Dist. LEXIS 20801 ..............................................................5

Pane v. RCA Corp.,
    868 F.2d 631 (3d Cir. 1989)........................................................................................5

Pilot Life Ins. Co. v. Dedeaux,
    481 U.S. 41 (1987)...............................................................................................4, 5, 6

The 1975 Retirement Plan for Eligible Employees of Crucible, Inc. v. Nobers,
    968 F.2d 401 (3d Cir. 1992), cert. denied, 506 U.S. 1086 (1993) .............................4

## STATUTES, RULES & REGULATIONS

29 U.S.C. § 1144 ..........................................................................................................3, 4

Employee Retirement Income Security Act of 1974 ( ....................................................1

Fed. R. Civ. P. 56(c) .....................................................................................................3

Rule 12(b) ......................................................................................................................4

Section 502(a), 29 U.S.C. § 1132(e) ...........................................................................4, 5

SL1 686221v1/010305.00190

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEPHANIE LYNN FORD, | : | CIVIL ACTION No. 05-CV-118 |
| Plaintiff, | : | |
| v. | : | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | : | |
| Defendant. | : | |

## I.  STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

The remaining claim in this case is a claim for the loss of life insurance benefits under an employee welfare benefit plan regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461.  Defendant, Unum Life Insurance Company of America (Unum), has filed a motion for summary judgment on this issue because Plaintiff has no actionable claim against Unum because Plaintiff's claim is preempted by ERISA. If the Court deems her claim an action under ERISA, Plaintiff has no claim against Unum because Plaintiff's loss of life insurance benefits resulted from her termination of employment and failure to apply for portable or conversion coverage under the policy.  The Court should therefore grant Defendant's motion for summary judgment.

1

## II.  SUMMARY OF ARGUMENT

The Court should grant Defendant's motion for summary judgment because the claim raised by Plaintiff is preempted by ERISA.  If the Court deems Plaintiff's claim as a claim under ERISA, the Court should grant Defendant's motion for summary judgment because Plaintiff's life insurance coverage terminated because she was terminated by her employer and she failed to apply for conversion or portable coverage under the policy.

## III.  STATEMENT OF FACTS

Plaintiff's complaint involves a claim for the loss of life insurance coverage under a group life insurance policy covered by ERISA.  Plaintiff is a former employee of Christiana Care Health System, Inc., who claims she lost a life insurance policy as a result of actions taken by Unum.  However, Plaintiff lost her coverage under the plan because she was terminated from employment by Christiana, therefore she was no longer an eligible participant under the plan, and she failed to convert the policy or apply for portable coverage.

### The Plan

Several provisions of the Christiana Care Health System, Inc. Life Insurance Plan ("Plan") are particularly relevant to this motion.  First, coverage under the Plan ends "the last day you are in active employment." (See Affidavit, Ex. 1, pp. EMPLOYEE-3-4, attached hereto). After coverage ends, an individual can convert the policy or obtain portable coverage if she applies for the coverage within 45 days from the last day of employment and pays the first premium. (Affidavit, Ex. 1 pp. LIFE-BEN-3, LIFE-OTR-1). Applications to convert the coverage into an individual policy are submitted to Unum. (Affidavit, Ex. 1, p. LIFE-BEN-4).

## IV.  ARGUMENT

The Court should grant Defendant's motion for summary judgment because Plaintiff's breach of contract claim is preempted; and Plaintiff lost coverage under the plan

2

because her employment terminated and she failed to apply for portable coverage or to convert the policy.

Summary judgment is appropriate in this case because there is no genuine issue of material fact and Unum is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); See also Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986); Knabe v. Boury Corp., 114 F.3d 407, 410 n. 4 (3d Cir. 1997).

The Supreme Court has emphasized the judicial policy favoring use of summary judgment for the prompt and efficient resolution of claims without factual issues or legal bases. Celotex Corp., 477 U.S. at 327 (summary judgment is not a "disfavored procedural shortcut"; rather, it is an integral part of the judicial process "designed 'to serve the just, speedy and inexpensive determination of every action").

Here, the summary judgment process is an especially appropriate mechanism because, as explained below, this Court is limited to determining whether Plaintiff's claim against Unum is preempted by ERISA and, even if deemed a claim under ERISA, whether Plaintiff lost coverage under the plan because she was terminated from employment and failed to apply for conversion or portable coverage.

**A.  Plaintiff's Claim, To The Extent It Is A Breach Of Contract For Life Insurance Benefits, Should Be Dismissed Because It Is Preempted By ERISA.**

Plaintiff's state-law claim for life insurance benefits is directly related to the administration of benefits allegedly due under an employee welfare benefit plan regulated by ERISA. Accordingly, her state-law claim is preempted and the complaint should be dismissed because the facts alleged, even if true, would not support a claim for relief under the state law claim asserted. 29 U.S.C. § 1144; Kehr Packages, Inc., v. Fidelcor, Inc., 926 F.2d 1406

3

(3d Cir.), cert. denied, 510 U.S. 1222 (1991) (affirming dismissal of complaint under Rule 12(b)
(6)). Indeed, Plaintiff concedes that ERISA applies in this case (Plaintiff's Brief, p.3).

### 1.   Plaintiff's State Law Claim Is Preempted.

One of ERISA's primary goals is to create uniformity in employee benefit plans.
See Holland v. Burlington Industries, Inc., 772 F.2d 1140, 1147 (4th Cir. 1985), aff'd sub nom.,
Brooks v. Burlington Industries, Inc., 477 U.S. 902 (1986).  This goal is achieved primarily
through a comprehensive preemption provision that ousts all state law applicable to ERISA
plans.  Id.; 29 U.S.C. § 1144.

The Supreme Court has repeatedly emphasized that ERISA's preemption
provision is extremely broad, FMC Corporation v. Holliday, 498 U.S. 52 (1990), and
"deliberately expansive," Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45-46 (1987).  Because
Congress used the words "relate to" in their broadest sense, the Supreme Court has "emphasized
that the preemption clause is not limited to state laws specifically designed to affect employee
benefit plans." Pilot Life, 481 U.S. at 47-48.  As the Third Circuit explained in The 1975
Retirement Plan for Eligible Employees of Crucible, Inc. v. Nobers, 968 F.2d 401, 406 (3d Cir.
1992), cert. denied, 506 U.S. 1086 (1993), a state-law claim "relates to" an ERISA plan if "the
existence of an ERISA plan was a crucial factor in establishing liability, and the trial court's
inquiry would be directed to the plan...."

The Supreme Court explained ERISA preemption in Pilot Life where it
considered whether ERISA's preemption provision limited a Plaintiff's contract remedies to
those provided by ERISA.  The Pilot Life Court concluded that the remedies afforded under
Section 502(a), 29 U.S.C. § 1132(e), were exclusive.  In reaching this conclusion, the Supreme
Court stressed the expansive reach of ERISA's preemption provision:

4

> In sum, the detailed provisions of §502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA. . . . The deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing of policies embodied in its choice of remedies argue strongly for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive.

481 U.S. at 54.

For these reasons, and the precedent addressing ERISA preemption of specific state-law claims set forth below, Plaintiff's complaint should be dismissed.

### Breach of Contract Claim

Courts have long rejected efforts by plan participants to use state-law remedies for breach of contract to obtain ERISA plan benefits, including the <u>Pilot Life</u> Court which held that a state-law breach-of-contract claim was preempted by ERISA. 481 U.S. at 43 (describing Plaintiff's claim as one for tortious breach of contract). Other courts, including the Third Circuit, have followed the <u>Pilot Life</u> Court's lead. <u>Cannon v. Group Health Service of Oklahoma, Inc.,</u> 77 F.3d 1270, 1273-74 (10th Cir.), <u>cert. denied,</u> 117 S. Ct. 66 (1996) (ERISA preempts breach of contract claim relating to denial of benefits under ERISA plan); <u>Boren v. N.L. Industries, Inc.,</u> 889 F.2d 1463 (5th Cir. 1989), <u>cert. denied,</u> 497 U.S. 1029 (1990) (same); <u>Pane v. RCA Corp.,</u> 868 F.2d 631, 635 (3d Cir. 1989) (ERISA preempts state law contract claim which has "connection with or reference to" an ERISA plan); <u>Miller v. Aetna Healthcare,</u> No. 01-2443, 2001 U.S. Dist. LEXIS 20801 at * 4 (E.D. Pa. Dec. 12, 2001) ("Plaintiffs' contract claim is for benefits allegedly due under decedent's employee benefit plan and is thus clearly preempted by ERISA.").

5

Here, the complaint plainly establishes that Plaintiff is attempting to use a

state-law claim to recover benefits, in lieu of the "exclusive" remedies provided by ERISA. Pilot

Life, 481 U.S. at 54. However, as the cases above demonstrate, such claims cannot escape the

broad preemptive sweep of ERISA.

**B.  In The Event That The Court Deems Plaintiff's Claim Is Covered By ERISA, The Court Should Grant Unum's Motion for Summary Judgment Because Plaintiff Lost Coverage Under the Life Insurance Plan Because Her Employment Was Terminated And She Failed To Apply For Portable Or Conversion Coverage.**

Under the life insurance policy, coverage ends "on the earliest of: . . . the last day

you are in active employment . . ." (Affidavit, Ex. 1, pp. Employee-3-4). Plaintiff was not

employed by Unum and Unum had no role in the termination of her employment. Plaintiff was

employed by Christiana Care Health System, Inc., and her employment was terminated by

Christiana. Under the terms of the policy, her coverage under the life insurance policy

terminated when her employment terminated.

Under the policy, the Plaintiff could have applied for conversion or portable

coverage. (Affidavit, Ex. 1 pp. LIFE-BEN-3, LIFE-OTR-1). However, under either provision,

Plaintiff would have had to apply for this coverage and pay the first premium within 45 days of

the end of her employment. (Id.). Plaintiff did not apply for either coverage within 45 days and

did not remit any premium for either type of coverage. (Affidavit, ¶ 4). Accordingly, Unum had

no involvement whatsoever in the termination of her coverage, and it was Plaintiff's own failure

to apply for conversion or portable coverage that resulted in her loss of coverage.

**V.  CONCLUSION**

Because any state-law claim asserted in Plaintiff's complaint is preempted by

ERISA, and because Plaintiff lost coverage under the Plan because her employment was

terminated and she failed to apply for portable or conversion coverage, the Court should grant

Unum's motion for summary judgment.

Dated: January 12, 2007                    STEVENS & LEE

                                           By: _____
                                              Walter P. McEvilly, Jr.
                                              Attorney I.D. 0660
                                              Kirk L. Wolgemuth
                                              Attorney Pa. I.D. 45792
                                              1105 North Market Street
                                              Seventh Floor
                                              Wilmington, DE 19801
                                              (302) 425-3300

                                           Attorneys for Defendant
                                           Unum Life Insurance Company of America

7