IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
STEPHANIE LYNN FORD,            :
                                :
          Plaintiff,            :
                                :
     v.                         : Civil Action No. 05-118-JJF
                                :
UNUM LIFE INSURANCE COMPANY     :
OF AMERICA,                     :
                                :
          Defendant.            :
```

Stephanie Lynn Ford, <u>Pro</u> <u>se</u> Plaintiff, New Castle, Delaware.

Walter P. McEvilly, Jr., Esquire, Stevens & Lee, Wilmington, Delaware.  Attorney for Defendant.

**MEMORANDUM OPINION**

September 19, 2008
Wilmington, Delaware

Joseph J. Farnan Jr.
**Farnan, District Judge**

Plaintiff Stephanie Lynn Ford ("Plaintiff"), filed this lawsuit against Defendant Unum Life Insurance Company of America ("Defendant") alleging discrimination and breach of contract. Plaintiff is a former employee of Christiana Care Health System, Inc. ("Christiana"), where she worked as a radiology clerk for seventeen years. (D.I. 45 at 3.)

Presently before the Court is Defendant's Motion For Summary Judgment and Plaintiff's response thereto. (D.I. 61, 77.) For the reasons set forth below, the Court will grant the Motion.

## I. PROCEDURAL BACKGROUND

Plaintiff filed two actions against Defendant relating to claims for benefits. The first Complaint, filed in the Court of Common Pleas for the State of Delaware, sought damages for lost wages, pain and suffering, mortgage payments, a lost life insurance policy, and lost "eligibility To [sic] be rehired for employment after 17 years of service," allegedly as a result of Defendant's denial of requested benefits. (D.I. 2 at 5.) The case was removed to this Court. (Civ. A. No. 05-105-KAJ, D.I. 1.) Plaintiff filed a second complaint in this Court and sought recovery of long-term disability benefits and alleged discrimination on an unspecified basis, and the cases were consolidated. (D.I. 2 at 1-3.; Civ. A. No. 05-105-KAJ, D.I. 13.) On March 9, 2006, the Court granted Defendant's Motion to Dismiss

-1-

the claims originally filed in the Court of Common Pleas, and found that Plaintiff's state law claims for breach of contract, negligence, and intentional infliction of emotional distress were preempted under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., and that the damages Plaintiff requested were not available under ERISA. (D.I. 51 n.4; Civ. A. No. 05-105-KAJ, D.I. 2, 18.)

Plaintiff then asserted that she was wrongly denied disability benefits under a Long-Term Disability Plan administered by Defendant and regulated by ERISA, and that the denial amounted to discrimination under either Title VII or Section 1981.[1] (D.I. 45 at 9.) She also alleged a breach of contract. (Id.) On December 6, 2006, this Court granted Defendant partial summary judgment noting that the only claim remaining is Plaintiff's breach of contract claim, previously raised in the Court of Common Pleas, that Defendant wrongly terminated her $75,000 life insurance policy on which she had paid premiums. (D.I. 2 at 3, 5; D.I. 51 at 18-19.)

---

[1]The Court construed Plaintiff's Complaint as attempting to raise a discrimination claim under Title VII, 42 U.S.C. § 2000e-2 and 42 U.S.C. § 1981. (D.I. 51 n.2.)

## II.  **FACTUAL BACKGROUND[2]**

On October 28, 2003, Plaintiff was involved in a hit and run automobile accident.  (D.I. 2 at 2; D.I. 3.)  On November 11, 2003, while recovering from the accident, Plaintiff requested leave under the Family and Medical Leave Act ("FMLA").  (D.I. 3, ex. Christiana Care Health Services Request For Leave Of Absence.)  The FMLA form instructed Plaintiff that her job was guaranteed for up to twelve weeks of leave, but no more.  (Id.)  Plaintiff's physician cleared her to work on April 13, 2004, subject to a lifting restriction.  (D.I. 2, ex. Apr. 5, 2004 Ufberg letter.)  By that time her position had been filled and she was ultimately removed from the payroll.  (See Civ. No. 06-301-MPT, D.I. 81.)

Plaintiff was provided insurance coverage through her employer, Christiana.  The group Life Insurance Plan ("Plan") provides that coverage ends the "last day you are in active employment."  (D.I. 61, ex. 1, Employee 4-5.)  The coverage under the group life insurance policy terminated when Plaintiff's employment was terminated.[3]  (D.I. 65, ¶¶ 4-6.)  The Plan

---

[2]The facts in this case have not changed and are largely taken from the Court's Memorandum Opinion dated December 6, 2006. (D.I. 51.)

[3]Plaintiff's Certificate of Group Health Plan Coverage indicates that her insurance coverage, including group life insurance, ended on April 30, 2004.  (D.I. 3, ex. Certificate Of Group Health Plan Coverage.)

contains portability and conversion clauses and when coverage
ends under the Plan, it can be converted to an individual policy.
(D.I. 61, ex. 1, Life-Ben 3; Life-Otr 1.) Application for
conversion to individual life insurance must be made to Defendant
within forty-five days after the date of employment termination.
(Id. at Life-Ben 3-4; Life-Otr 1.) Defendant's portability unit
has no record that Plaintiff applied for conversion or portable
life insurance coverage. (Id. at Shields aff. ¶ 4.)

### III. STANDARD OF REVIEW

The Court shall grant summary judgment only if "the
pleadings, depositions, answers to interrogatories, and
admissions on file, together with the affidavits, if any, show
that there is no genuine issue as to any material fact and that
the moving party is entitled to judgment as a matter of law."
Fed. R. Civ. P. 56(c). The moving party bears the burden of
proving that no genuine issue of material fact exists. See
Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,
586 n.10 (1986).

When determining whether a genuine issue of material fact
exists, the Court must view the evidence in the light most
favorable to the nonmoving party and draw all reasonable
inferences in that party's favor. Wishkin v. Potter, 476 F.3d
180, 184 (3d Cir. 2007). "Facts that could alter the outcome are
'material,' and disputes are 'genuine' if evidence exists from

-4-

which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Federal Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted).

If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Defendant moves for summary judgment on the grounds that Plaintiff's claim is preempted by ERISA or, in the alternative, that if the claim is covered by ERISA, Plaintiff's life insurance coverage was terminated because she failed to apply for conversion or portable coverage under the policy. (D.I. 61.)

## IV. DISCUSSION

Initially, the Court notes that Plaintiff contends that the Court erred in its December 6, 2006 Order granting Defendants partial summary judgment. (D.I. 51.) She argues that the Court should dismiss the "Portable Or Conversion Portion" under the life insurance policy because "how [can] [Plaintiff] apply and

-5-

purchase portable or conversion insurance, when, in fact, [Defendant] had denied [her] Long Term Disability Benefits and [Christiana] had refused to hire [her] for employment." (D.I. 77.) The Court will only discuss the remaining claim and will not revisit the issues ruled upon in the December 6, 2006 Order.

Before the Court can determine whether ERISA preempts Plaintiff's state law claims, it must first decide whether the life insurance policy at issue is governed by ERISA. Actions to recover benefits from an ERISA plan are considered "federal in character," under the notion that, with respect to some areas of the law, "Congress may so completely pre-empt a particular area" that even civil complaints purporting only to raise state law claims would be preempted. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987); see also Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 271-72 (3d Cir. 2001) (claims falling within the scope of ERISA's civil enforcement provisions, including actions to recover benefits or enforce rights under a plan, are completely preempted).

"ERISA comprehensively regulates . . . employee welfare benefits plans that, through the purchase of insurance or otherwise, provide . . . benefits in the event of sickness, accident, disability, or death." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 44 (1987) (citing 29 U.S.C. § 1002(1)). In order for a document to be considered an employee welfare benefits plan

-6-

within the meaning of ERISA, the Court "must determine whether
from the surrounding circumstances a reasonable person could
ascertain the intended benefits, a class of beneficiaries, the
source of financing, and procedures for receiving benefits."
Smith v. Hartford Ins. Group, 6 F.3d 131, 136 (3d Cir. 1993).

After viewing the exhibits submitted, it is evident that the
Plan meets the above test. The policy sets forth the intended
benefits, payable upon the death of a covered employee or
dependent, permits a covered employee to name beneficiaries,
explains that the source of financing is paid for either by the
employer, or the participant in the plan, depending on his
employment status, and outlines procedures for claiming and
receiving benefits. (D.I. 61, ex. 1.)

Plaintiff's breach of contract claim relates to benefits
offered as part of her employment. It is well-settled that,
subject to narrow exceptions not applicable here, state laws are
preempted by ERISA if they "relate to any employee benefit plan."
29 U.S.C. 1144(a). See Pilot Life, 481 U.S. at 45-46 ("We have
observed . . . that the express pre-emption provisions of ERISA
are deliberately expansive . . . ."). Indeed, "claims
challenging the quantum of benefits due under an ERISA-regulated
plan are completely preempted . . . ." Pryzbowski, 245 F.3d at
272. More specifically, common law causes of action for breach
of contract that have a connection to a benefit plan are

-7-

preempted.  Pilot Life, 481 U.S. at 43-44, 47-48, 57; Pane v. RCA
Corp., 868 F.2d 631, 635 (3d Cir. 1989).

Plaintiff's breach of contract claim is a challenge to the
termination of life insurance benefits.  Therefore, the Court
finds that the claim relates to an employee benefit plan governed
by ERISA and is preempted by ERISA.

In the alternative, even if Plaintiff's claim was not
preempted by ERISA, the terms of the policy provide that coverage
ends upon termination of employment unless the terminated
employee takes steps to apply for conversion or portable
coverage.  It is undisputed that Plaintiff took no action to
continue her life insurance following termination of her
employment by Christiana.  For the foregoing reasons, the Court
will grant Defendant's Motion For Summary Judgment.

## V.   CONCLUSION

The Court will grant Defendant's Motion For Summary
Judgment.  (D.I. 61.)  An appropriate Order will be entered.